# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**　　　　**2. PLEASE TYPE OR PRINT**　　　　**3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Josiah Galloway,Plaintiff-Appellee, -against- Nassau County, Defendant-Appellant, -and- The Incorporated Village of Hempstead, Police Officer Steven Horowitz, Shield No. 144, Defendants, -and- Detective Matthew Ross, Shield No. 834; | EDNY | Donnelly, A., M., U.S.D.J. |

| | District Court Docket No.: |
|---|---|
| Date the Order or Judgment Appealed from was Entered on the Docket: 03/29/2024 | 2:19-cv-05026(AMD) (JMW) |

| Date the Notice of Appeal was Filed: 06/21/2024 | Is this a Cross Appeal? ☐ Yes  ☑ No |
|---|---|

| **Attorney(s) for Appellant(s):** ☐ Plaintiff ☑ Defendant | Counsel's Name:　　Address:　　Telephone No.:　　Fax No.:　　E-mail: Judy C. Selmeci/ Wilson Elser 150 E. 42nd Street, NY NY 10017 212.915.5159 (phone), 212.490.3000 (fax) Judy.Selmeci@wilsonelser.com |
|---|---|
| **Attorney(s) for Appellee(s):** ☑ Plaintiff ☐ Defendant | Counsel's Name:　　Address:　　Telephone No.:　　Fax No.:　　E-mail: Gabriel P. Harvis/ Elefterakis, Elefterakis & Panek 80 Pine Street, 38th fl., New York, NY  10005 212.532.1116 (phone), 212.532-1176 (fax), gharvis@elefterakislaw.com |

| Has Transcript Been Prepared? yes | Approx. Number of Transcript Pages: 36 | Number of Exhibits Appended to Transcript: 0 | Has this matter been before this Circuit previously? ☐ Yes  ☑ No  If Yes, provide the following:  Case Name:  2d Cir. Docket No.:　　　Reporter Citation: (i.e., F.3d or Fed. App.) |
|---|---|---|---|

***ADDENDUM "A":*** **COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.**

***ADDENDUM "B":*** **COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.**

## PART A:  JURISDICTION

| 1. Federal Jurisdiction | 2. Appellate Jurisdiction |
|---|---|
| ☐ U.S. a party ☑ Federal question (U.S. not a party) | ☐ Diversity ☐ Other (specify): _____ |
| | ☐ Final Decision ☑ Interlocutory Decision Appealable As of Right | ☐ Order Certified by District Judge (i.e., Fed . R. Civ. P. 54(b)) ☑ Other (specify): Pendent appellate jurisdiction |

**IMPORTANT.  COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October  2016)

## PART B: DISTRICT COURT DISPOSITION (Check as many as apply)

**1. Stage of Proceedings**

- [✔] Pre-trial
- [ ] During trial
- [ ] After trial

**2. Type of Judgment/Order Appealed**

- [ ] Default judgment
- [ ] Dismissal/FRCP 12(b)(1) lack of subject matter juris.
- [ ] Dismissal/FRCP 12(b)(6) failure to state a claim
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint
- [ ] Dismissal/28 U.S.C. § 1915(e)(2) other dismissal

- [ ] Dismissal/other jurisdiction
- [ ] Dismissal/merit
- [ ] Judgment / Decision of the Court
- [✔] Summary judgment
- [ ] Declaratory judgment
- [ ] Jury verdict
- [ ] Judgment NOV
- [ ] Directed verdict
- [ ] Other (specify):

**3. R...**

- [✔] Damages:
  - [ ] Sought: $ _____
  - [ ] Granted: $ _____
  - [ ] Denied: $ _____

## PART C: NATURE OF SUIT (Check as many as apply)

**1. Federal Statutes**

- [ ] Antitrust
- [ ] Bankruptcy
- [ ] Banks/Banking
- [✔] Civil Rights
- [ ] Commerce
- [ ] Energy
- [ ] Commodities
- [ ] Other (specify): _____

- [ ] Communications
- [ ] Consumer Protection
- [ ] Copyright □ Patent
- [ ] Trademark
- [ ] Election
- [ ] Soc. Security
- [ ] Environmental

- [ ] Freedom of Information Act
- [ ] Immigration
- [ ] Labor
- [ ] OSHA
- [ ] Securities
- [ ] Tax

**2. Torts**

- [ ] Admiralty/ Maritime
- [ ] Assault / Defamation
- [ ] FELA
- [ ] Products Liability
- [ ] Other (Specify):

**3. Contracts**

- [ ] Admiralty/ Maritime
- [ ] Arbitration
- [ ] Commercial
- [ ] Employment
- [ ] Insurance
- [ ] Negotiable Instruments
- [ ] Other Specify

**5. Other**

- [ ] Hague Int'l Child Custody Conv.
- [ ] Forfeiture/Penalty
- [ ] Real Property
- [ ] Treaty (specify): _____
- [ ] Other (specify): _____

**6. General**

- [ ] Arbitration
- [ ] Attorney Disqualification
- [ ] Class Action
- [ ] Counsel Fees
- [ ] Shareholder Derivative
- [ ] Transfer

**7. Will appeal raise con...**

- [✔] Yes [ ]

Will appeal raise a m... impression?

- [ ] Yes [✔]

---

1. Is any matter relative to this appeal still pending below? [✔] Yes, specify: Case is ongoing/ interlocutory appeal

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or adr... which:

   (A) Arises from substantially the same case or controversy as this appeal? [ ] Yes

   (B) Involves an issue that is substantially similar or related to an issue in this appeal? [ ] Yes

If yes, state whether □ "A," or □ "B," or □ both are applicable, and provide in the spaces below the following information

| Case Name: | Docket No. | Citation: | Court or Ag... |
|---|---|---|---|
| Name of Appellant: | | | |
| Date: 07/05/2024 | Signature of Counsel of Record: | | |

# Exhibit A

Form C – Additional information

Addendum A

1. Nature of the action

This civil rights suit concerns malicious prosecution and related claims brought against Nassau County and several of its police officers. The core conduct at issue, as is relevant to the appeal, concerns allegations of a coerced statement by a non-party, post-identification confirmatory statements allegedly made and an allegedly unduly suggestive line-up.

The plaintiff-appellee is Josiah Galloway whose conviction for the underlying attempted murder had been vacated. The remaining defendants, appellants here, are Nassau County, Detective Charles Decaro, Detective Thomas Dluginski, Detective George Darienzo, retired Detective Matthew Ross and retired Detective Ronald Lipson.

Summary judgment motions were made, decided and reconsidered in the District Court resulting in dismissal of some claims and some defendants from the case. Among the issues that remain in the case is the remaining officers' claim of entitlement to qualified immunity. Due to the District Court's denial of their motion for summary judgment on that issue (and because some of the arguments that mandate their dismissal on immunity grounds sound in pure law), this appeal now follows on an interlocutory basis.

2. Result below

The motion for summary judgment seeking dismissal on immunity and other grounds by Detective Charles DeCaro, Detective Thomas D'Luginski, Detective George Darienzo, retired Detective Matthew Ross and retired Detective Ronald Lipson was denied. Nassau County's motion was denied to the extent that the vicarious liability claims against it remain in the case.

3. NOA and order on appeal

The notice of appeal, together with the summary judgment order on appeal, is attached as exhibit B.

4. District Court docket

The District court's docket is attached as exhibit C.

5. Other relevant orders

This court reconsideration order (which followed the summary judgment decision but, substantively, did not supersede it in any respect as it concerns the appellants), is attached as exhibit D.

Form C – Addendum B

1. Standard of review and jurisdiction

The underlying order is the denial of summary judgment. These orders are reviewed de novo. *Lenox v. Miller*, 968 F.3d 150, 155 (2d Cir. 2020).

Denial of a summary judgment motion on qualified immunity grounds is also reviewed de novo. *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003).

The denial of a summary judgment motion on qualified immunity is immediately appealable where it concerns an issue of pure law. *Reyes v. Fischer*, 934 F.3d 97, 102-103 (2d Cir. 2019).

Issues pendent to the denial of summary judgment based on qualified immunity may be heard on the same interlocutory appeal where "(1) they are inextricably intertwined with the determination of qualified immunity or (2) their resolution is necessary to ensure meaningful review of the district court's ruling on qualified immunity. *Savino v. City of NY*, 331 F.3d 63, 71 (2d Cir. 2003).

2. Issues to be raised on appeal

(a) Whether the District Court erred as a matter of law in denying the summary judgment motion by Detective Charles DeCaro, Detective Thomas D'Luginski, Detective George Darienzo, retired Detective Matthew Ross and retired Detective Ronald Lipson ("the individual defendants") on the grounds of qualified immunity on each of the plaintiff's claims, including malicious prosecution, fair trial and failure-to-intervene.

(b) Whether the District Court erred in denying the summary judgment motion by the individual defendants on the substance of each of the plaintiff's claims, to the extent that such issues are inextricably intertwined with the qualified immunity issues.

(c) Whether the District Court erred in denying Nassau County's motion for summary judgment on the vicarious liability claims, to the extent that such issues are inextricably intertwined with the qualified immunity issues.

(d) Such other and further issues as may become evident on review of the record.

# Exhibit B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Josiah Galloway, | ) |
| | ) |
| *Plaintiff,* | ) Case Number 2:19-cv-05026 |
| | ) (AMD)(JMW) |
| -against- | ) |
| | ) |
| Nassau County; The Incorporated Village | ) |
| of Hempstead; Police Officer Steven | ) **Notice of Appeal** |
| Horowitz, Shield No. 144; Detective | ) |
| Matthew Ross, Shield No. 834; Detective | ) |
| Charles DeCaro, Shield No. 1047; | ) |
| Detective Ronald Lipson, Shield No. 1296; | ) |
| Detective Thomas Dluginski, Shield No. | ) |
| 7900; Detective George Darienzo, Shield | ) |
| No. 1038, | ) |
| | ) |
| *Defendants.* | ) |

Notice is hereby given that defendants Nassau County, Detectives Charles

Decaro, Thomas Dluginski and George Darienzo, and retired Detectives Matthew

Ross and Ronald Lipson, hereby appeal to the United States Court of Appeals for

the Second Circuit from the portion of the trial court's March 29, 2024 order that

[continued on next page]

denied their motion for summary judgment.

Dated: New York, New York
      June 21, 2024

By:_____

    Judy C. Selmeci
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER
Attorneys for defendants
Nassau County, Detective Charles
Decaro, Detective Thomas
Dluginski, Detective George
Darienzo, retired Detective
Matthew Ross and retired Detective
Ronald Lipson
150 East 42nd Street
New York, NY  10017
(212) 490-3000
File No.: 12473.00047

To:    All counsel of record via PACER

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                                                 :
**JOSIAH GALLOWAY**,                                             :
                                                                 :
                                        Plaintiff,               :
                                                                 :       **MEMORANDUM DECISION AND**
                        – against –                              :       **ORDER**
                                                                 :
                                                                 :       19-CV-5026 (AMD) (JMW)
**COUNTY OF NASSAU**, *et al.*,                                  :
                                                                 :
                                        Defendant.               :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiff, wrongfully convicted of attempting to murder a taxi driver named Jorge

Anyosa, brings this case against Nassau County, the Village of Hempstead, and individual law

enforcement officers from each entity, alleging malicious prosecution, fabrication of evidence,

*Brady* violations, false imprisonment, conspiracy, unlawful pre-trial detention, failure to

intervene, and a *Monell* claim.

      Before the Court are the defendants' motions for summary judgment. For the reasons

explained below, the motions are granted in part and denied in part.

## BACKGROUND

      The following facts are taken from the parties' Rule 56.1 statements[1] and relevant

portions of the record and are undisputed unless otherwise noted.

---

[1] Citations to the defendants' joint Rule 56.1 statement are to ECF No. 200, which contains the plaintiff's
responses to each paragraph. Likewise, citations to the plaintiffs' Rule 56.1 statement are to ECF No.
209, which contains the defendants' joint responses.

I.      **Factual Background**

        a.      **Jorge Anyosa Is Shot**

In the early morning hours of May 15, 2008, Jorge Anyosa was in his parked taxi near

Hempstead Train Station, talking to Wilmer Hernandez, who was double-parked in his own taxi

cab. (Def. 56.1 ¶¶ 13–15.) At one point, someone drove up behind them and started honking

"like crazy." (*Id.* ¶ 16.) The driver got out of his car, argued with Anyosa and Hernandez, and

drove away after a few minutes. (*Id.* ¶¶ 17, 22, 24.) Shortly thereafter, Anyosa and Hernandez

were dispatched to pick up clients. (*Id.* ¶¶ 25–26.) When Anyosa's passenger did not show up,

he returned to the Hempstead Train Station and parked in the lot, about twenty minutes after the

argument with the other driver. (*Id.* ¶¶ 27–28.) Anyosa then heard someone say, "What you

going to do now, mother fucker?" (*Id.* ¶¶ 29–31.) He saw the driver from the earlier argument

in his car with the window rolled down. (*Id.* ¶ 30.) He pointed a gun at Anyosa, shot him in the

face, and fled. (*Id.* ¶¶ 32–34.) A bystander heard the gunshot, saw Anyosa bleeding from his

face, and called the police. (*Id.* ¶ 37.) Anyosa survived the shooting. (*Id.* ¶ 43.) He was

transported to Winthrop Hospital, where he had surgery, but suffered permanent nerve damage

and scarring to his face. (*Id.* ¶¶ 43–44.)

Nassau County Police Department ("NCPD") Detective Thomas D'Luginski was

assigned to investigate the shooting and arrived at the scene just before 2:00 a.m. on May 15,

2008. (*Id.* ¶¶ 48–50.) He viewed footage taken by the MTA Bus Terminal in Hempstead of the

vicinity of the shooting, which showed both cars but did not show the shooter clearly. (*Id.*

¶¶ 54–56.)

On May 19, 2008, Detective D'Luginski asked Detective Thomas Bischoff, a sketch

artist, to meet Anyosa at Winthrop Hospital and prepare a composite sketch of the shooter. (*Id.*

¶¶ 64, 67–68.) Detective Bischoff interviewed Anyosa and completed a composite sketch, which

was circulated to several police agencies and precincts. (*Id.* ¶¶ 73–74.) The composite sketch included a description of the shooter: a 25 to 30 year old man, 5'10" tall, with short black hair and a medium complexion who spoke with an accent. (Pl. 56.1 ¶¶ 196–97.)

### b. The Plaintiff Is Arrested for an Unrelated Robbery

On May 27, 2008, Marky Fouse reported to officers of the Village of Hempstead Police Department ("HPD") that "he was a victim of a robbery by [the] plaintiff that took place on Fulton Avenue in the Village of Hempstead." (Def. 56.1 ¶ 78.) On June 5, 2008, at approximately 11:00 p.m., HPD Detective Kevin Cunningham and Police Officer Steven Horowitz arrested the plaintiff and his friend, Robert Ogletree. (*Id.* ¶¶ 76–83.)[2] They drove the plaintiff and Ogletree to the Hempstead Police Armory and contacted the NCPD to take over the investigation. (*Id.* ¶¶ 86–87, 89–93.) NCPD Detectives George Darienzo and Charles DeCaro arrived at the Armory shortly after midnight. (*Id.* ¶ 93.)

Detective DeCaro spoke with the plaintiff, who was 21 years old, 5'5" tall, had braided hair, and no accent. (*Id.* ¶¶ 98–100; Pl. 56.1 ¶¶ 287, 379, 517, 633, 663.) Detective DeCaro thought that the plaintiff resembled the Anyosa shooting suspect depicted in the composite sketch, which had been posted near DeCaro's desk for several weeks. (Def. 56.1 ¶¶ 100–103.)

Detective Darienzo went back to the NCPD Third Squad and got a copy of the composite sketch. (*Id.* ¶ 107.) Detective DeCaro asked NCPD Detective Ronald Lipson to put together two photo arrays with the plaintiff's photograph. (*Id.* ¶ 110.) Detective Lipson created two arrays at around 2:00 a.m. on June 6, 2008; he used the plaintiff's arrest photograph from

---

[2] The parties' 56.1 statements do not identify where the plaintiff was when he was arrested or who called notifying law enforcement of his location.

September 2007, and photographs of five fillers.  (*Id.* ¶¶ 113–19.)  He then brought the photo arrays to the Armory.  (*Id.* ¶ 125.)

### c.    Robert Ogletree's Written Statement

At approximately 3:00 a.m., Detective DeCaro interviewed Robert Ogletree "about multiple different incidents."  (*Id.* ¶ 130.)[3]  Ogletree signed a written statement in which he said that the plaintiff told him that the plaintiff "had to . . . shoot a cab driver over by the chicken place on Jackson."  (*Id.* ¶ 133.)[4]

### d.    Photo Arrays and Interview of the Plaintiff

#### i.    *Hernandez*

In the "early morning" of June 6, 2008, Wilmer Hernandez, the driver who saw the argument that preceded the shooting, went to the Armory to view a photo array.  (*Id.* ¶ 136.)  He met with Detective Lipson, who created the array, and Officer Horowitz, who arrested the plaintiff the night before.  (*Id.* ¶ 138.)

The defendants assert that Hernandez did not know anyone was in custody when he was at the Armory (*id.* ¶ 137), citing his trial testimony:

> **Q:** Okay.  Can you tell us, sir, at the time you did come in and that they had you in the precinct, at that time, did you notice anybody in custody? . . .
>
> **A:** No.

(ECF No. 194-5 at 478.)  The plaintiff disputes this assertion, citing Hernandez's deposition testimony:

---

[3] The parties dispute the extent to which Detective Darienzo was involved in questioning Ogletree.  (*Id.* ¶ 131.)

[4] At that time, "there was a chicken restaurant located . . . [one] block from where [Anyosa] was shot on May 15, 2008."  (*Id.* ¶ 135.)

> **Q:** When you arrived at the . . . armory, what happened?
>
> **A:** They told me they had the person who was the cause of the incident, but they wanted to show me pictures . . . .

(ECF No. 194-29 at 31.)

At approximately 3:20 a.m., Hernandez looked at the photo array, and circled the plaintiff's photograph, in position #2. (Def. 56.1 ¶¶ 142–44.) Detective Lipson wrote "a supporting deposition" for the photo array, which Hernandez signed. (*Id.* ¶ 145.)

The plaintiff asserts, citing Hernandez's deposition testimony, that "[a]t some point in the procedure, Lipson revealed [the] plaintiff's identity to Hernandez."

> **Q:** Were you told that the person that you selected in the photograph was named Josiah Galloway?
>
> **A:** I think so. Honestly, I'm not sure. It might have been possible.
>
> **Q:** Do you remember anything about the circumstances in which you were told that the person's name was Josiah Galloway? . . .
>
> **A:** I don't remember, no.
>
> **Q:** Do you know who told you that; [] which of the officers or who it was that told you that? . . .
>
> **A:** No. I don't remember, no.
>
> . . .
>
> **Q:** And then it says "The police told you the name of the person in number two[.]" And then the answer was "Yes," did you say that?
>
> **A:** Yes, that's correct. . . .
>
> **Q:** And sitting here today in the year 2020, do you remember when the police told you that?
>
> **A:** I think it was the day that I went to identify the pictures.

(ECF No. 194-29 at 38, 72.) The defendants do not dispute that Hernandez learned the plaintiff's name; they assert, however, that the plaintiff's name was "provided on the supporting deposition form that was completed *after* Hernandez identified the plaintiff from the photo array." (Pl. 56.1 ¶ 356 (the defendants' response) (emphasis added).)

ii.     *Detectives DeCaro and D'Luginski Interview the Plaintiff*

At around 4:30 a.m. on June 6, 2008, Detectives DeCaro and D'Luginski questioned the

plaintiff, including about the Anyosa shooting.  (Def. 56.1 ¶¶ 149–50.)  The plaintiff said that he

"didn't know anything about" the shooting.  (ECF No. 194-19 at 193.)

iii.    *Anyosa Views the Photographic Array*[5]

At around 5:00 a.m. on June 6, 2008, Detective Lipson drove to Anyosa's home to show

him the photograpic array.  (Def. 56.1 ¶ 156.)

According to the plaintiff, Detective Lipson "told Anyosa that Wilmer Hernandez had

already selected the 'right person,'" before he showed Anyosa the array.  (ECF No. 202 at 12.)

The plaintiff cites Anyosa's deposition testimony.

> **Q:** Now, you see how it says that "he knew Wilmer had ID'd
> him." . . . How did you know that?
>
> **A:** I think so went to the police station, they told me Wilmer ID'd
> him before me.
>
> . . .
>
> **Q:** [B]efore you looked at the photo array, did you know that
> Wilmer had already picked someone? . . .
>
> **A:** Yes
>
> **Q:** Okay.  And did you know . . . that Wilmer had picked Josiah
> Galloway?
>
> **A:** No, I don't think so.  They only told me he—he got it.  I think
> so.  He picked the right person.

(ECF No. 194-67 at 30–31.)  The plaintiff also maintains that Lipson showed Anyosa two or

three arrays that included the plaintiff's photograph, and that Anyosa did not identify the plaintiff

---

[5] In the responses to the defendants' 56.1 statement, the plaintiff disputed whether any defendants visited
Anyosa early in the morning on June 6, 2008.  (*See* Def. 56.1 ¶¶ 158–59 (the plaintiff's responses).)
However, in his opposition, the plaintiff agrees that officers did visit Anyosa early that morning to
conduct the photo array.  (*See* ECF No. 202 at 12.)  Accordingly, the Court concludes that there is no
dispute about this issue.

in one or two of the arrays; the plaintiff cites Anyosa's trial testimony that he was shown "two or three" sheets of paper with "six pictures" at a time, and that he did not identify the plaintiff when he viewed at least one of the arrays. (ECF No. 202 at 12–13; ECF No. 194-5 at 456.) The defendants dispute that Lipson showed Anyosa more than one array. (*See* Pl. 56.1 ¶ 703 (the defendants' response).)

### e.      The Plaintiff Is Charged With Shooting Anyosa

At some point on June 6, 2008, Detective DeCaro faxed paperwork to the Early Case Assessment Bureau ("ECAB") of the Nassau County District Attorney's Office ("NCDA"). (Def. 56.1 ¶¶ 170–72; ECF No. 194-68 (ECAB Paperwork).) Detective DeCaro[6] spoke with a prosecutor on the telephone about "information related to the investigation of the . . . incident with Marky Fouse . . . and the May 15, 2008 shooting of Anyosa." (Def. 56.1 ¶ 172.) Detective DeCaro signed the felony complaint charging the plaintiff with attempted murder, assault, and criminal use and possession of a firearm for the May 15, 2008 shooting of Anyosa. (*Id.* ¶ 174; *see also* ECF No. 194-37 (Felony Complaint.))

In the felony complaint for the shooting, Detective DeCaro stated that he "secured a statement of admission from [the plaintiff] regarding the Anyosa shooting." (Pl. 56.1 ¶ 147.) Detective DeCaro testified at his deposition that the plaintiff made no such admission:

> **Q:** Did the [plaintiff] make a Statement of Admission in this case with respect to this crime?
>
> **A:** In this case, no.
>
> **Q:** Why does it say that [in the Felony Complaint]?
>
> **A:** I don't know. . . .
>
> **Q:** Would you agree that the reference to the defendant's Statement of Admission in this document is an error? . . .

---

[6] The parties dispute whether Detective D'Luginski also spoke to the assistant district attorney in ECAB. (*See* Def. 56.1 ¶ 172.)

**A:** That is possible.

**Q:** And did you read this document before you signed it?

**A:** I should have.

(ECF No. 194-17 at 196–97 (DeCaro Deposition).)

      **f.**    **Grand Jury Proceedings**

NCDA Assistant District Attorney ("ADA") Joseph Larocca was assigned to prosecute the plaintiff for shooting Anyosa. (Def. 56.1 ¶ 184.) He presented the case to a Nassau County Grand Jury on June 10, 2008. (*Id.* ¶ 185; Pl. 56.1 ¶ 393.) The grand jury heard testimony from Detectives Horowitz and Lipson, Anyosa, and Hernandez. (Def. 56.1 ¶ 195.) They also heard testimony about the photo array identifications. (*Id.* ¶ 196.)

On June 16, 2008, the grand jury indicted the plaintiff for the following crimes: (1) attempted murder in the second degree; (2) assault in the first degree; (3) criminal use of a firearm in the first degree, and (4) criminal possession of a weapon in the second degree. (*Id.* ¶ 195.)

      **g.**    **Lineup Procedures**

On June 30, 2008, Judge Alan Honorof signed an order requiring the plaintiff to appear in a line-up. (*Id.* ¶ 201.) The judge also ordered the plaintiff not to "alter or remove any scalp or facial hair." (*Id.* ¶ 203.)

On August 5, 2008, the NCPD tried but could not run the line-up because of the change in the plaintiff's hairstyle. (*Id.* ¶ 204.) Although the plaintiff's hair was braided tightly and close to his head on June 6, 2008, he wore his hair in an afro style on August 5, 2008. (*See* Pl. 56.1 ¶ 426.) At his deposition, the plaintiff testified that he took the braids out and washed his hair because his "hair was starting to stink." (ECF No. 194-19 at 82.) When he arrived for the line-up, a detective, whom the parties do not identify, pointed to the plaintiff's hair and said, "your

hair isn't the way it was when you were arrested[,] [s]o we either going to have to cut your hair or you're going to have to go and come back and redo the lineup." (*Id.*)  Another officer gestured to a pair of hair clippers. (*Id.* at 82–83.)  The plaintiff refused to have his hair cut so the line-up was rescheduled. (*Id.*; Def. 56.1 ¶ 204.)

On August 14, 2008, NCPD Detective Matthew Ross conducted the line-up at the NCPD Third Squad with the plaintiff and five fillers. (*Id.* ¶¶ 208, 231.)  Before the line-up, the plaintiff was placed inside an area called the "fishbowl." (Pl. 56.1 ¶ 545.)  Detectives had the plaintiff and the fillers wear hats "because nobody else in the lineup ha[d] braids." (ECF No. 194-19 at 83; Def. 56.1 ¶ 225.)[7]  The participants were covered with a white sheet from their necks down. (Def. 56.1 ¶ 219.)  The plaintiff sat on two phone books. (*Id.* ¶ 221.)  The plaintiff's lawyer was present at the line-up and made no objections. (*Id.*¶ 229.)

The plaintiff claimed at his deposition that while he was in the fishbowl a secretary led a "gentleman"[8] whom the plaintiff could not see, past the conference room; she was "trying to block him from looking in the room" but she was "not really doing a good job because he looks anyway." (ECF No. 194-19 at 89.)  The plaintiff then put his "head down." (*Id.*)

### i. *Anyosa Views the Line-up*

Anyosa arrived at the precinct that afternoon. (*Id.* ¶ 232.)  He viewed the line-up, identified the plaintiff, and signed a statement. (*Id.* ¶¶ 239, 244.)  Citing Anyosa's deposition testimony, the plaintiff asserts that detectives, whom he does not name, told Anyosa that he "did a good job" and "got the right person." (ECF No. 194-67 at 23–24.)  The defendants dispute

---

[7] Detective Richard Dorsi, Detective D'Luginski, and Detective Ross made this decision jointly. (*Id.* ¶ 225.)  The parties dispute whether ADA LaRocca was also involved in this decision. (*Id.*)

[8] The plaintiff did not identify this man as either Anyosa or Hernandez.

this.  Anyosa did not remember whether officers made this statement after the photo array or the lineup.  (*Id.*)

> ii.  *Hernandez Views the Line-up*

Hernandez viewed the line-up separately, and also identified the plaintiff.  (Def. 56.1 ¶¶ 249, 257.)  Hernandez testified that he recognized the plaintiff from the photo array.  (ECF No. 194-29 at 56 (Hernandez Deposition).)

> iii.  *Lori Magliaro's Testimony About the Line-Up*

The plaintiff asserts that Detective Ross later admitted to his then-fiancé, Lori Magliaro, that he "rigged [the] plaintiff's lineup to conceal his height and cause his misidentification."  (Pl. 56.1 ¶ 476.)  The plaintiff relies on Magliaro's affidavit:

> Mr. Ross told me that Josiah Galloway did not match the description given to them by the victim of the assailant.  He told me that his hair was different and they (the police) used clippers on his hair in order to make him look more like the assailant. They contrived a line-up where Josiah wore a baseball cap to conceal the difference in hair and since his height was not the same as the assailants, they made adjustments on that as well to make Josiah look taller.  I was present for Mr. Ross' [deposition] and after it, I told him that he lied under oath, that we could no longer live together and I then moved out.

(ECF No. 208-51 ¶¶ 8–9.)  The defendants cite Magliaro's deposition testimony, in which she admitted that not all of the statements in the affidavit were true, said that the plaintiff's attorney prepared the affidavit, and that Detective Ross did not give her "specifics" about any lineups. (ECF No. 206-26 at 8, 27–29.)

> **Q:**  So did Matthew Ross ever tell you that he participated in a lineup back when he was a detective, in which the suspect had different hair from the fillers in the lineup?  Did he ever tell you that?
>
> **A:**  He told me he's participated in many lineups but nothing specifics about anything.

10

**Q:** So he never told you that he tried to change or did change the hairstyle of a suspect in order to participate in a lineup?

**A:** No.

**Q:** So how did that end up getting into the affidavit that you signed?

**A:** Well, I heard it while he was doing the EBT.

**Q:** Then you went to Mr. Liotti and you told Mr. Liotti that that was a lie?

**A:** I didn't specifically say it was a lie. I just said I wasn't sure that, you know -- I wasn't sure and that's why I wanted to speak to someone. That's all. I didn't really know if I was going to go forward with anything because I was unsure.

**Q:** I understand. I get it. That's fine. I am wondering, what were you unsure about? Were you unsure about whether he had testified truthfully? Is that what you're unsure about?

**A:** Yes.

(*Id.*)

### h.     Pre-Trial Suppression Hearing

Prior to trial, the plaintiff moved to suppress the photo array and lineup identifications. On November 5 and 7, 2008, Judge Philip Grella held a pre-trial suppression hearing at which Detectives Lipson, DeCaro, Cunningham, and Ross testified. (Def. 56.1 ¶ 276.) Judge Grella denied the motion, holding that the pre-trial identification procedures were not unduly suggestive or violative of the plaintiff's rights. (*Id.* ¶¶ 278–89.)

### i.     Trial, Verdict, and Sentencing[9]

The plaintiff went to trial before Judge Alan Honorof and a jury on February 17, 2009. (*Id.* ¶ 302.) The jury heard testimony from Anyosa, Hernandez, Ogletree, detectives, police officers, and the plaintiff. (*Id.* ¶¶ 309–324.)

---

[9] ADA Robert Schalk took over the plaintiff's case from Larocca. (*Id.* ¶ 290.)

Ogletree testified that he did not make the statement attributed to him, and that detectives "made [] up" the story about "some chicken spot." (ECF No. 194-5 at 307–08.) He was "coerced" to "sign the [statement]" because he "was weak" after the officers "kept [him] in there for hours," and "threatened [him] with all kind of charges." (*Id.* at 306–07.)

After approximately four days of deliberations, during which the jury told the judge that they were deadlocked, necessitating an *Allen* charge, the jury convicted the plaintiff of all charges on March 9, 2009. (Pl. 56.1 ¶¶ 700–07; Def. 56.1 ¶ 326.)

On November 23, 2009, the plaintiff was sentenced as a second felony offender to a determinate prison term of 25 years, and five years of post-release supervision. (Def. 56.1 ¶ 327; ECF No. 194-52 at 17.)

**j.    The Plaintiff's Conviction Is Vacated in 2018**

In early July 2018, nine years into the plaintiff's sentence, Nadine Johnson called the NCDA and told them that the plaintiff did not shoot Anyosa and was wrongly convicted. (*Id.* ¶¶ 351–52.) A prosecutor in the NCDA Conviction Integrity Unit, Sheryl Anania, investigated the circumstances of the plaintiff's conviction. (ECF No. 208-25 at 18 (Anania Deposition).) As part of that investigation, Anania interviewed Johnson, who told her that Kenton Sherwood was "the actual perpetrator." (*Id.* at 27.) Johnson explained that her friend, Natasha Chaney, was Kenton Sherwood's girlfriend, and that Chaney drove a car that matched the description of the vehicle that Anyosa's assailant drove. (*Id.* at 34–35.) Johnson suspected that Chaney was in the car when Sherwood shot Anyosa, and she said that Chaney cleaned blood out of her car after the Anyosa shooting. (*Id.* at 41–42.) Anania could not corroborate everything Johnson told her. (*Id.* at 27, 39, 42.) Anania also interviewed Anyosa, and showed him a photograph of Kenton Sherwood. (*Id.* at 53, 57.) Anyosa identified Sherwood as the shooter; Anania told him that the

person in the photograph was not the plaintiff. (*Id.* at 58.) Anyosa replied that "the officers had

told him that he had the right person" after he "identified the photograph in the array." (*Id.* at

59.) Anyosa thought that the plaintiff "was about 5 foot 10 or 5-11 maybe" because "the person

that committed this crime was about his height." (*Id.*) Anyosa said that if "police had told him

[the plaintiff] was 5 foot 6[,] [h]e would have told them that Josiah didn't do it." (*Id.* at 59, 61.)

On September 13, 2018, Judge Teresa Corrigan granted the NCDA's application to

vacate the plaintiff's convictions and dismiss the indictment with prejudice. (Def. 56.1 ¶ 355.)

The plaintiff was released from prison. (*Id.*)

## II.   Procedural History

The plaintiff filed this suit on September 4, 2019. (ECF No. 1.) The operative pleading

in this case is the fourth amended complaint. (ECF No. 114.) The plaintiff brings (1) a 42

U.S.C. § 1983 malicious prosecution claim against Police Officer Horowitz, Detectives DeCaro,

Darienzo, Lipson, and D'Luginski (*id.* ¶¶ 85–92); (2) a § 1983 claim alleging fabrication of

evidence, denial of a fair trial, and *Brady* violations against all individually named defendants:

Police Officer Horowitz, Detectives Ross, DeCaro, Lipson, D'Luginski, and Darienzo (*id.* ¶¶ 93–

101); (3) a New York state law claim for false imprisonment and malicious prosecution against

Nassau County and the Village of Hempstead (*id.* ¶¶ 106–112); (4) a § 1983 conspiracy claim

against all individually named defendants (*id.* ¶¶ 117–122); (5) an unlawful pre-trial detention

claim against all individually name defendants (*id.* at ¶¶ 123–125); (6) a § 1983 claim for failure

to intervene against all individually named defendants (*id.* ¶¶ 126–128); and (7) a *Monell* claim

against Nassau County (*id.* ¶¶ 129–133).[10]

---

[10] The plaintiff voluntarily withdrew claims for § 1983 supervisory liability and intentional or negligent
    infliction of emotional distress. (ECF No. 187.) The plaintiff also voluntarily withdrew claims against

Nassau County, the NCPD, Detectives DeCaro, D'Luginski, Darienzo, Ross, and Lipson (the "County defendants"), and the Village of Hempstead and Police Officer Horowitz (the "Village defendants") move for summary judgment on all claims.  (ECF Nos. 189, 197.)  The plaintiff opposes.[11]

## LEGAL STANDARD

Summary judgment is appropriate if the parties' submissions—including pleadings, deposition transcripts, affidavits and other documents in the record—show that there is "no genuine dispute as to any material fact," and the movant is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The movant has the burden of showing that there are no genuine disputes of material fact.  *Coyle v. United States*, 954 F.3d 146, 148 (2d Cir. 2020).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and a factual dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party opposing summary judgment must identify specific facts and affirmative evidence showing that there is a genuine issue for trial.  *Ethelberth v. Choice Sec. Co.*, 91 F. Supp. 3d 339, 349 (E.D.N.Y. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The "mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  *Liberty Lobby*, 477 U.S. at 252.  Moreover, the nonmoving party must do more than

---

defendants Rene Yao, Carl Strange, John and Jane Doe 1-20, Kevin Cunningham, Joseph Sortino, and Richard Dorsi.  (*Id.*; ECF No. 215.)

[11] The Court heard oral argument on March 13, 2024.  (*Minute Order dated Mar. 13, 2024.*)

point to "some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). He must instead identify the "specific facts" that demonstrate a genuine issue for trial, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and "offer some hard evidence showing that its version of events is not wholly fanciful," *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). If the nonmoving party's "evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Liberty Lobby*, 477 U.S. at 249–50 (citation omitted).

The Court views "the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor." *Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010). "It is a settled rule that credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (citation, internal quotation marks, and alterations omitted).

## DISCUSSION

### I. Fair Trial

The plaintiff brings a set of claims based on violations of his due process right to a fair trial. He advances three theories: fabrication of evidence, unduly suggestive identification procedures, and suppression of exculpatory evidence. As explained below, genuine issues for trial preclude summary judgment under each theory.[12]

---

[12] The plaintiff brings this claim against the individually named defendants, who argue that not every theory of liability applies to every defendant. The Court denies summary judgment as to this claim under all theories, and thus does not address the theories of liability that apply to each defendant. That will be for the jury to determine.

a. **Fabrication of Evidence**

A plaintiff bringing a § 1983 fair trial claim based on fabrication of evidence must establish that "(1) the officer created false information, (2) the officer forwarded the false information to prosecutors, (3) the false information was likely to influence a jury's decision, and (4) the plaintiff suffered a deprivation of life, liberty, or property as a result of the officer's actions." *Kee v. City of New York*, 12 F.4th 150, 168 (2d Cir. 2021) (citing *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279–80 (2d Cir. 2016)). "Any information fabricated by an officer can serve as the basis of a claim for a denial of the right to a fair trial." *Garnett*, 838 F.3d at 279. "Such falsified information underlying the claim may be conveyed in documents, or orally, to prosecutors." *Kee*, 12 F.4th at 170. The Second Circuit equates "the fraudulent omission of factual information with the affirmative perpetration of a falsehood, and expressly disclaims any plausible legal distinction between misstatements and omissions." *Hutchins v. Solomon*, No. 16-CV-10029, 2018 WL 4757970, at *17 (S.D.N.Y. Sept. 29, 2018) (cleaned up).

The plaintiff's fair trial claim for fabrication of evidence arises out of the alleged coercion of Robert Ogletree, which involves only Detectives DeCaro and Darienzo, two of the County defendants. (ECF No. 202 at 19.) Ogletree signed a statement at 3:00 a.m. on June 6, 2008, to the effect that the plaintiff told Ogletree that he shot "a cab driver over by the chicken place on Jackson." (Def. 56.1 ¶ 133.) Ogletree testified at the plaintiff's trial that the statement was not true, and that DeCaro and Darienzo "coerced" him into signing the statement by keeping him at the precinct "for hours," and threatening him with "all kind of charges." (ECF 203-1 at 303–07.)

The defendants argue that the Court cannot consider Ogletree's trial testimony on summary judgment because it is hearsay, which could be admitted under Federal Rule of

Evidence 804(b)(1) only if Ogletree is unavailable to testify at trial, "the party against whom the

testimony is offered is the same as in the prior proceeding," and "that party had the same motive

and opportunity to examine" Ogletree. (ECF No. 192 at 28.)

It is not necessary to decide at this stage of the litigation whether Ogletree's trial

testimony is admissible at the civil trial in this matter. As long as the plaintiff "can show that

admissible evidence would be available at trial, summary judgment is inappropriate at this stage

in the litigation." *Kee*, 12 F.4th at 170 (citing *Burlington Coat Factory Warehouse Corp. v.

Esprit De Corp.*, 769 F.2d 919, 924 (2d Cir. 1985)). "[A]s with other forms of sworn testimony,

a transcript of trial testimony is admissible evidence on a summary judgment motion [] if it can

be presented at trial in an admissible form–for example, [if] the declarant may be available to

testify at trial . . . ." *Burch v. Blockbuster, Inc.*, No. 03-CV-2990, 2005 WL 8158056, at *1

(N.D. Ala. July 15, 2005).[13]

There is a possibility that Ogletree will be available to testify at the plaintiff's civil trial.

*Monclova v. City of New York*, 726 F. App'x 83, 84–85 (2d Cir. 2018). He is not missing, or

deceased; on the contrary, the defendants concede that he is currently in county custody for

unrelated crimes. (*See* ECF No. 210 at 25–26.) Because Ogletree may very well be available to

testify, the Court can consider his prior testimony—that Detectives DeCaro and Darienzo

fabricated and coerced Ogletree's statement implicating the plaintiff in the Anyosa shooting—in

deciding whether summary judgment is appropriate. *See Murphy v. Metro. Transp. Auth.*, 548 F.

Supp. 2d 29, 43–44 (S.D.N.Y. 2008) (the plaintiff "adduced enough evidence to survive [a]

summary judgment motion" where he "appear[ed] able to identify and subpoena all of the

---

[13] The Second Circuit has held that similar evidence is admissible under the residual hearsay exception in
Federal Rule of Evidence 807. *See Monclova*, 726 F. App'x at 84–85.

relevant declarants," and those "individuals may be called at trial to testify"); *Watts v. City of Hartford*, No. 00-CV-0681, 2004 WL 717132, at *4 n.10 (D. Conn. Mar. 31, 2004) (considering hearsay evidence at summary judgment stage because the plaintiff "presumably could identify and subpoena police department personnel with personal knowledge of the matters discussed in the [hearsay]"); *see also Kee*, 12 F.4th at 170 (holding the plaintiff could rely on inadmissible hearsay in documents when deposition testimony "seemed to suggest" that the contents of the documents could be rendered admissible at trial).

Thus, construing the evidence most favorably to the plaintiff, there is a triable issue based on Ogletree's testimony as to whether Detectives DeCaro and Darienzo created false information, forwarded it to NCDA prosecutors, and whether the allegedly false statements were likely to influence the jury's decision. *Kee*, 12 F.4th at 168.

The Village defendants argue that Ogletree's statement "had no influence on the jury's verdict" because it "was never admitted into evidence at trial," and the jury "heard Ogletree's testimony" about coercion. (ECF No. 198 at 38.) While Ogletree's signed statement was not admitted as an exhibit, the jury was well aware of the contents of the statement. The prosecutor highlighted the statement in his opening:

> The defendant, in the days and weeks after these crimes, told one of his friends about it. His name is Robert Ogletree. [T]his is a man, a friend of the defendant, who he confided in about these heinous crimes.
>
> . . .
>
> He . . . told Robert Ogletree that he gotten into an argument not too long ago with a cabby outside a chicken place on Jackson Street and that he had to blam him which means shoot somebody.

(ECF No. 194-5 at 249–50.) The prosecutor also questioned Ogletree about the statement:

**Q:** You didn't tell the Nassau County Police about a conversation that you had with Josiah Galloway that involved him shooting a cab driver on Jackson Street?

**A:** No. I was coerced into that, sir. I told you that. You want me to repeat it one more time?

. . .

**Q:** I just want to be sure, but it's your testimony that the portion that states that Josiah told you that he had to shoot a cab driver by the chicken place on Jackson Street, that part was coerced by the police, right?

**A:** That was coerced.

(*Id.* at 271, 304.) Finally, the prosecutor discussed the statement at length in his summation; the prosecutor urged the jury, in four transcript pages of argument on this subject, to accept the contents of the signed statement as true, and to reject Ogletree's trial testimony that the detectives coerced him into signing the statement:

> Consider who Robert Ogletree is. It's the defendant's friend, one of his very good friends . . . . Robert Ogletree and the defendant were arrested together. They were taken into custody together on June 5th, 2008.
>
> Now, it's interesting the defendant attacks the credibility of Mr. Ogletree in one breath, but then he wants you to believe that the statement was coerced. He can't have it both ways, ladies and gentlemen. . . .
>
> Robert Ogletree was brought to you for one reason, to tell you about the statement he gave the police as it pertains to his friend. You saw that when we asked him about speaking and about testifying, there was no problem. But then when he hits the witness stand, he has a decision to make, talk about the sworn statement he signed or backtrack in front of his friend. You saw his testimony. You witnessed it. You heard how he said this statement was coerced, but when he was asked how it was coerced, he really couldn't answer; how when he was asked you never told anyone that this was coerced, he said nobody ever asked. Have his testimony read back. . . .
>
> [T]here are some very important things about Mr. [O]gletree's statement, that the defendant admitted to him he committed these crimes. First, he was given his Miranda warnings. He was told he had the right to remain silent, the right to an attorney. He signed that card and said he wasn't coerced in signing it. . . . [H]e told the

> police that the defendant had shot a cab driver at a chicken spot
> over on Jackson Street. . . . You heard that he identified that
> statement that he gave to the police, how the defendant admitted to
> him that this happened, that he shot that cab driver near the
> chicken spot.

(ECF No. 194-6 at 517–21.)  This record, viewed in the light most favorable to the plaintiff, as it

must be, establishes that there is a material question of fact about whether Ogletree's written

statement influenced the jury.  The prosecution's case was built largely on Hernandez's and

Anyosa's identification of the plaintiff as the shooter.  The jury deliberated for four days before

coming to a verdict; at one point the jury advised the trial judge that they were "deadlocked,"

prompting the judge to give them an *Allen* charge.  (Def. 56.1 ¶¶ 325–26; Pl. 56.1 ¶¶ 700–07;

*see Dow v. Virga*, 729 F.3d 1041, 1049 (9th Cir. 2013) ("The evidence against Dow was weak

and the prosecutor's arguments undoubtedly had an effect on the jury's decision.")  The Court

cannot conclude as a matter of law that the contents of Ogletree's statement had no influence on

the verdict.  *See McIlwain v. City of New York*, No. 16-CV-3133, 2019 WL 988891, at *4

(S.D.N.Y. Mar. 1, 2019) ("[C]hoices between conflicting versions of the events are matters for

the jury, not for the court on summary judgment." (internal quotation marks omitted)).  Nor does

the fact that the jury also heard Ogletree's testimony that the statement was coerced "turn what

was otherwise a tainted trial into a fair one."  *Dow*, 729 F.3d at 1050 (internal quotation marks

omitted).

Accordingly, summary judgment is denied as to the plaintiff's fair trial claim based on

fabrication of evidence.

### b.    Suggestive Identification Procedures

"The due process right to a fair trial is violated if unduly suggestive identification

techniques are allowed to taint the trial."  *Blackmon v. City of Chicago*, 19-CV-767, 2023 WL

7160639, at *13 (N.D. Ill. Oct. 31, 2023). "Suggestive procedures are disapproved because they increase the likelihood of misidentification, and it is the admission of testimony carrying such a likelihood of misidentification which violates a defendant's right to due process." *Rosario v. City of New York*, No. 18-CV-4023, 2021 WL 199342, at *7 (S.D.N.Y. Jan. 20, 2021) (citations omitted). "In other words, the due process focus is principally on the fairness of the trial, rather than on the conduct of the police." *Id.* (internal quotation marks omitted).

Unduly suggestive identification procedures can also render subsequent identifications tainted or unreliable. *Id.* (citing *United States v. Thai*, 29 F.3d 785, 807–08 (2d Cir. 1994)).

### i.    *Photo Array Procedure*

The plaintiff maintains that the photo array was unduly suggestive because Detective Lipson used the plaintiff's arrest photograph from his September 2007 arrest—a year before the photographic array. (Def. 56.1 ¶¶ 113, 115, 119). This argument is not persuasive. The arrest photograph that the detective used was not especially old, and even if it were, it would not, in and of itself, make the array unduly suggestive. "[T]he mere use of an old photograph, . . . standing alone, do[es] not establish that a photo array is unduly suggestive unless these factors raise a 'substantial likelihood' that Plaintiff would be 'singled out for identification.'" *Gallimore v. Feliciano*, No. 14-CV-1519, 2015 WL 3856694, at *6 (S.D.N.Y. June 19, 2015); *see also United States v. Matthias*, No. 2016-CR-0025, 2017 WL 2434458, at *5 (D.V.I. June 5, 2017) ("Defendant notes that a more recent photo of Defendant was available. However, failure to use the most current photo, standing alone, does not render the array suggestive.").

### ii.    *Lineup Procedure*

The plaintiff argues that Detective Ross and Detective D'Luginski conducted a line-up that was unduly suggestive because the plaintiff and the fillers wore hats to cover their hair, were

seated and were covered by sheets so that only their faces were visible. The procedures

employed were not unduly suggestive. *Ashby v. Senkowski*, 269 F. Supp. 2d 109, 117 (E.D.N.Y.

2003) (line-up conducted with men seated, covered in sheets, wearing hats was not unduly

suggestive); *Neree v. Capra*, No. 17-CV-5434, 2020 WL 2098097, at *7–8 (E.D.N.Y. May 1,

2020) (same); *Roldan v. Artuz*, 78 F. Supp. 2d 260, 272–73 & n.9 (S.D.N.Y. 2000) (line-up of

men of different heights conducted in seated position was not unduly suggestive); *Solis v. Artus*,

No. 09-CV-386, 2012 WL 1252722, at *3 (E.D.N.Y. Apr. 12, 2012) (same); *United States v.

Ríos-Orama*, No. 22-CR-174, 2023 WL 7403602, at *4–5 (D.P.R. Nov. 3, 2023) (same).

      The plaintiff claims, nevertheless, that Detective Ross and Detective D'Luginski

employed these procedures in bad faith, so that the lineup would be unduly suggestive—

specifically, so that the witnesses who looked at the line-up would not notice that the plaintiff

was far shorter than the description of the shooter, and that his hair was different. The plaintiff

cites statements by Lori Magliaro, Detective Ross's ex-fiance, in an affidavit:

> Mr. Ross told me that Josiah Galloway did not match the
> description given to them by the victim of the assailant. . . . They
> contrived a line-up where Josiah wore a baseball cap to conceal
> the difference in hair and since his height was not the same as the
> assailants, they made adjustments on that as well to make Josiah
> look taller. I was present for Mr. Ross' [deposition] and after it, I
> told him that he lied under oath, that we could no longer live
> together and I then moved out.

(ECF No. 208-51 ¶¶ 8–9.) The defendants point out that at her deposition Magliaro testified that

not all of these statements in the affidavit were true, that it was prepared by the plaintiff's

attorney, and that Detective Ross did not give her "specifics" about any lineups. (ECF No. 206-

26 at 8, 27–29.)

> **Q:** So did Matthew Ross ever tell you that he participated in a
> lineup back when he was a detective, in which the suspect had
> different hair from the fillers in the lineup? Did he ever tell you
> that?

**A:** He told me he's participated in many lineups but nothing specifics about anything.

**Q:** So he never told you that he tried to change or did change the hairstyle of a suspect in order to participate in a lineup? . . .

**A:** No.

**Q:** So how did that end up getting into the affidavit that you signed?

**A:** Well, I heard it while he was doing the EBT.

**Q:** Then you went to Mr. Liotti and you told Mr. Liotti that that was a lie?

**A:** I didn't specifically say it was a lie. I just said I wasn't sure that, you know—I wasn't sure and that's why I wanted to speak to someone. That's all. I didn't really know if I was going to go forward with anything because I was unsure.

**Q:** I understand. I get it. That's fine. I am wondering, what were you unsure about? Were you unsure about whether he had testified truthfully? Is that what you're unsure about?

**A:** Yes.

(*Id.*) The parties' disputes about Magliaro's conflicting statements are rooted in "credibility assessments, choices between conflicting versions of the events, and the weighing of evidence," which are "matters for the jury, not for the court on a motion for summary judgment." *McClellan*, 439 F.3d at 144 (cleaned up). Thus, there are disputes of material fact about whether Detective Ross used otherwise acceptable line-up procedures with the intent to conceal the plaintiff's height and deprive him of a fair trial. Accordingly, summary judgment on this aspect of the plaintiff's fair trial claim is denied.

  *iii.*  *Comments to Anyosa and Hernandez*

  The plaintiff claims that the photographic array and the line-up were unduly suggestive in other ways.

<u>Comments to Anyosa Before and After the Photo Array.</u>

The plaintiff asserts that Detective Lipson "told Anyosa that Wilmer Hernandez had already selected the 'right person,'" before Detective Lipson showed Anyosa the array (ECF No. 202 at 12.) The plaintiff relies on Anyosa's deposition testimony:

> **Q:** Now, you see how it says that 'he knew Wilmer had ID'd him.' . . . How did you know that?
>
> **A:** I think so went to the police station, they told me Wilmer ID'd him before me.
>
> . . .
>
> **Q:** [B]efore you looked at the photo array, did you know that Wilmer had already picked someone? . . .
>
> **A:** Yes.
>
> **Q:** Okay. And did you know . . . that Wilmer had picked Josiah Galloway?
>
> **A:** No, I don't think so. They only told me he -- he got it. I think so. He picked the right person.

(ECF No. 194-67 at 30–31.)

The plaintiff also cites ADA Anania's notes of her interview with Anyosa, in which she wrote: "[a]fter [Anyosa] id'd photo in array, detective told him he id'd right person." (ECF 209-1 at 25.) At his deposition, Anyosa testified as follows:

> **Q:** [A]fter you picked out the picture, did they say anything to you afterwards?
>
> **A:** Yeah, afterward, probably, yeah, they did that probably. They say I got the right person.

(ECF No. 194-67 at 24.)

Drawing all inferences in the plaintiff's favor, the record demonstrates that Detective Lipson told Anyosa before he looked at the photo array that Hernandez had selected the "right person," and then told him after he identified the plaintiff's photograph that he had also selected the "right person." Suggestive comments like these could affect the reliability of Anyosa's

24

photographic identification, the line-up identification, and any in-court identification.  Telling

Anyosa that his friend had selected "the right person" signaled to Anyosa that the perpetrator's

photograph was definitely in the array; this could have induced Anyosa to identify someone,

when he might otherwise have said that he did not recognize anyone in the array.  And telling

Anyosa that he identified the right person in the array tainted the subsequent line-up, as well as

the in-court identification.  *Rosario*, 2021 WL 199342, at *7 (unduly suggestive identification

procedures can also render subsequent identifications tainted or unreliable (citing *Thai*, 29 F.3d

at 807–08)); *see also Burress v. Lincoln & Devon Shell Gas Station*, No. 90-CV-2367, 1992 WL

69989, at *2–3 (N.D. Ill. Mar. 31, 1992).

<u>Suggestive Comments to Hernandez Before the Photo Array and After the Line-Up.</u>

The parties also dispute whether Hernandez knew that someone was in custody when he

looked at the photo array.  The defendants assert that Hernandez did not know anyone was in

custody when he was at the Armory, relying on the following trial testimony:

> **Q:**  Okay.  Can you tell us, sir, at the time you did come in and that
> they had you in the precinct, at that time, did you notice anybody
> in custody? . . .
>
> **A:**  No.

(ECF No. 194-5 at 478.)  The plaintiff cites Hernandez's deposition testimony:

> **Q:**  When you arrived at the . . . armory, what happened?
>
> **A:**  They told me they had the person who was the cause of the
> incident, but they wanted to show me pictures . . . .

(ECF No. 194-29 at 31.)  These conflicting versions of the events are for a jury to resolve, not

the Court on summary judgment.  *McClellan*, 439 F.3d at 144.  Of course, if Hernandez knew

that someone was in custody, that fact alone does not make the identification procedure unduly

suggestive.  *See Jenkins v. City of New York*, 478 F.3d 76, 93 (2d Cir. 2007) ("[t]his Court . . .

has held that although the police generally should refrain from informing a witness that the

suspect is in the lineup, a lineup is not unduly suggestive merely because they do"); *Sales v. Harris*, 675 F.2d 532, 538 (2d Cir. 1982) ("[a]s to the lineup, the only hint of suggestiveness emanated from the police officer's statement to [the witness] just prior to viewing the lineup that a suspect was in custody[;] [a]lthough this [C]ourt has expressed disapproval of such a statement, . . . the suggestiveness in this case was minimal since the statement preceded an otherwise acceptable lineup").

However, Hernandez also testified in his deposition that unnamed detectives "possibly" told him after he identified the plaintiff in the line-up that he selected the right person, but that he was not sure and could not remember.  (ECF No. 194-29 at 79–80.)  Hernandez's uncertainty about whether any such comment was made is a subject that the defendants can explore at a trial, but for purposes of summary judgment, the Court assumes that some detective said this to Hernandez.  As explained above, telling a witness that he has identified the right person taints future identification procedures.  *See Rosario*, 2021 WL 199342, at *7; *Burress*, 1992 WL 69989, at *2–3.[14]

_____

[14] The plaintiff testified that he was in the "fishbowl" before the line-up when a secretary walked a man whom the plaintiff could not see past the conference room; she was "trying to block him from looking in the room" but she was "not really doing a good job because he looks anyway;" the plaintiff then put his "head down."  (ECF No. 194-19 at 89.)  The parties agree that only Hernandez and Anyosa came to view the line-up; the plaintiff concludes that the person had to be either Hernandez or Anyosa, and that the person saw him before the line-up.  Of course, if either Hernandez or Anyosa saw the plaintiff before the line-up, that would have been suggestive.  *See Jackson v. Fogg*, 589 F.2d 108, 111 (2d Cir. 1978) (noting that "eyewitnesses had a pre-lineup opportunity to see" the defendant, which, while it "may simply have been the result of police negligence," it was still suggestive).  In the Court's view, however, this evidence is too tenuous to permit the inference that the plaintiff seeks to draw.  Just because Hernandez and Anyosa were at the precinct that day does not mean that the person the plaintiff claimed to have seen had to be one of them rather than a witness in a different case or another officer.  The plaintiff did not describe the person he saw.  Moreover, there is no other evidence that Hernandez or Anyosa saw the plaintiff or knew that he was in custody.  Neither one of them testified that he saw the plaintiff before the line-up.

c.    **Suppression of Evidence**

The plaintiff claims that Decaro and Darienzo withheld material evidence in violation of
*Brady v. Maryland*, 373 U.S. 83 (1963), and denied him a fair trial.  *See McCaffrey v. City of
New York*, No. 11-CV-1636, 2013 WL 494025, at *11–12 (S.D.N.Y. Feb. 7, 2013).  A plaintiff
asserting a *Brady* violation claim must show that "(1) the evidence at issue is favorable to the
accused, either because it is exculpatory or because it is impeaching; (2) the evidence was
suppressed by the State; and (3) prejudice ensued."  *Id.* at *11 (cleaned up).

As explained above, there is a genuine dispute about whether Detectives DeCaro and
Darienzo fabricated the statement in which Ogletree implicated the plaintiff.  In addition, there is
a genuine dispute about whether Officer Horowitz, and Detectives Lipson, Ross, and D'Luginski
obtained identifications under unduly suggestive circumstances that were not disclosed to the
plaintiff.  This evidence is "material" for purposes of a § 1983 suit because "[t]he tactics
[Ogletree] said Defendants used to induce [him]" to make his statement and the tactics uses to
induce the identifications "would themselves have been useful for impeachment."  *Blackmon*,
2023 WL 7160639, at *13.

At the plaintiff's trial, Anyosa testified that Lipson showed him "two or three" sheets of
paper with "six pictures" at a time, and that Anyosa identified the plaintiff's photograph in only
one array; he did not identify anyone from the one or two other arrays that Lipson showed him.
(ECF No. 194-5 at 456.)  Lipson's trial testimony was that he put together two different photo
arrays, at DeCaro's request, both of which included the plaintiff's photograph.  (Def. 56.1
¶¶ 113–19.)  The plaintiff claims that Detective Lipson suppressed evidence that Anyosa looked
at more than one array and did not identify the plaintiff in at least one of the photo arrays.  (ECF
No. 202 at 20.)  The defendants deny that Lipson showed Anyosa more than one array and cite

Anyosa's trial testimony that he did not remember if Lipson showed him more than one array. (*See* Pl. 56.1 ¶ 703 (the defendants' response).)

If Anyosa looked at a photographic array that included the plaintiff's photograph, and did not identify him, that is "favorable" and "exculpatory" evidence that should have been provided to the defense in the plaintiff's criminal case. *McCaffrey*, 2013 WL 494025, at *11. There is a material dispute of fact about whether this happened. Accordingly, summary judgment is denied on the suppression of evidence claim.

### d. Intervening Causes

The defendants argue that even if they did any of the things that the plaintiff claims, "intervening causes" make it appropriate to grant summary judgment on the plaintiff's fair trial claims. They say that their actions did not proximately cause the violations of the plaintiff's rights because (1) the NCDA prosecutors exercised independent judgment in prosecuting the plaintiff, and (2) the plaintiff's defense attorney's decision to offer the photographic arrays into evidence was the superseding cause of the fair trial violation. As explained below, these arguments are unpersuasive.

#### i. *ADA's Decision to Prosecute*

ADAs LaRocca and Schalk's decisions in connection with the case against the plaintiff are not superseding causes of the alleged violations. The defendants "can be held liable for violating [the plaintiff's] due process rights if they 'misled or coerced the intervening decision-maker such that the decision-maker's conduct was tainted.'" *Bermudez v. City of New York*, 790 F.3d 368, 374–75 (2d Cir. 2015) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). "Moreover, if the ADA was simply not informed of the alleged problems with the evidence, then he could not be a superseding cause of the deprivation of [the plaintiff's] due

process rights." *Id.* at 375 (citing *Myers v. County of Orange*, 157 F.3d 66, 73–74 (2d Cir.1998)). "As a result, even if it is undisputed that [the] ADA [] independently decided to present the [tainted] evidence at trial, [the plaintiff] can still pursue a claim against the investigating officers for depriving him of due process rights if the ADA was not informed of constitutional errors in how the [tainted] evidence was obtained." *Id.*

As explained above, the plaintiff claims that the identification proceedings were suggestive and that detectives withheld exculpatory material; the Court has held that there are material disputes of fact about these claims. Assuming that the plaintiff's allegations are true, as the Court must, there are similarly genuine issues about what the ADAs knew: whether they knew that detectives made suggestive comments to Hernandez and Anyosa, that Anyosa did not identify the plaintiff in one or two photographic arrays, or that detectives coerced Ogletree's statement that the plaintiff admitted shooting someone.[15]

Moreover, the ADAs could have been "misled about this evidence in another way that was not cured by [their] own subsequent interrogation of the witnesses;" "[o]nce the witnesses had adopted a story [] because of a suggestive presentation of photographs [or line-ups]. . . they might very well have decided to stick with that story (or become convinced that it was true), and for that reason have misinformed the ADA[s] [upon] subsequent[] question[ing]." *Bermudez*, 790 F.3d at 375–76. Once Hernandez or Anyosa became convinced that they had identified the right person, because of the unduly suggestive identification procedures, they would have

---

[15] In his deposition, ADA LaRocca testified that Lipson did not tell him that he informed Anyosa that he picked the right guy or that Hernandez had selected the plaintiff from the photo array. (ECF No. 194-39 at 36–38.) He also testified that Detective DeCaro did not tell him that he or "other detective had coached" Ogletree into making "the inculpatory statements" against the plaintiff. (*Id.* at 40.) ADA Schalk also stated in his affidavit that no one told him anything about these alleged violations. (*See* ECF No. 194-76 at 4.)

conveyed that certainty to ADAs, who would never have known about the suggestive

procedures.  Anyosa's deposition testimony makes the point:

> **Q:**  Did you tell the DA that you felt pressure [to identify the plaintiff]?
>
> **A:**  I don't told them pressure.  I said I don't—I never say that about—you know.  They brought me the whole papers—I mean, the whole documents.  Josiah Galloway was the person who shot me, and they already had witness, everything, right?  So and I already—I mean, I already picked in the picture the right person.  So in my conscious, I guess I was sure he was the one, you know, but I don't know whether it can be the pressure or not, but I mean—I don't know what to say, sir.

(ECF No. 194-67 at 28–29.)  Assuming a jury found that the violations occurred—the unduly

suggestive identification procedures, the suppression of exculpatory evidence and the coercive

interview of Ogletree—the jury could also find the prosecutors could not make informed

decisions about the reliability of the evidence because the defendants did not provide them with

the necessary information.  In short, the jury could find that the defendants proximately caused

the deprivation of the plaintiff's rights.

### ii.  *Defense Counsel's Conduct*

Nor were defense counsel's strategic trial decisions an intervening cause.  In his opening

statement, counsel told the jurors that the line-up identifications were unreliable, because of the

photographic arrays:

> Maybe that's because what they did was took a photograph of Mr. Galloway without his hair in cornrows and without his hair in a big 5-inch Afro and showed it to the witness to make it fit.

(ECF No. 194-5 at 259–60.)  ADA Schalk subsequently moved to introduce the photographic

identifications, because defense counsel "opened the door" to their admission.  (Def. 56.1

¶ 307.)[16]  Judge Honorof granted the application.  (*Id.* ¶ 308.)

The defendants argue that the "defense counsel's conduct and decision to open the door[]

was the catalyst and sole reason behind the trial court's decision to admit the photo arrays into

evidence at trial," and that "[t]his intervening cause cuts off plaintiff's claim for recovery."

(ECF No. 192 at 37–38; *see also* ECF No. 198 at 41–42.)  This argument is also unconvincing.

Courts in this Circuit have routinely rejected similar arguments, including Judge Carol

Amon.  "This Court is not aware of any decision in this Circuit, nor have Defendants cited any,

in which an independent decision by a defendant or defense counsel—rather than by a judge,

grand jury, or a prosecutor—was held to be a superseding cause of a defendant's conviction,

shielding an officer from an otherwise viable fabrication of evidence claim."  *Hamilton v. City of*

*New York*, No. 15-CV-4574, 2019 WL 1452013, at *17 (E.D.N.Y. Mar. 19, 2019); *see also*

*Rosario*, 2021 WL 199342, at *7 ("Whether and by whom the photo identifications were offered

into evidence at trial does not foreclose Plaintiff's claims based on false evidence in this case.").

Judge Lorna Schofield also rejected this argument.  "Regardless of whether [the

witnesses] testified regarding the [tainted] photo identification," witnesses "still testified as to

their line-up identification and made in-court identifications of Plaintiff at trial"; "[a]ccordingly,

the photo identifications cannot be described as having no impact on the conduct of a criminal

trial."  *Rosario*, 2021 WL 199342, at *7 (internal citation omitted).

That sound logic applies in this case.  Counsel's decision to "open the door" to the

photographic identification evidence is not an intervening cause that absolves the defendants of

---

[16] At the time of the plaintiff's trial, photographic identifications were inadmissible on a prosecutor's
direct case.  *People v. Caserta*, 19 N.Y.2d 18 (1966); *People v. Cioffi*, 1 N.Y.2d 70 (1956).

liability because the unduly suggestive identification procedure still affects the reliability of

subsequent identifications, regardless of whether the jury knows about the first suggestive

procedure.  (ECF No. 192 at 37); *Rosario*, 2021 WL 199342, at *7.  In this case, Anyosa and

Hernandez testified that they identified the plaintiff at separate line-ups, identifications which

may also have been the product of unduly suggestive procedures.  They also identified the

plaintiff in court.  Thus, if the photographic array procedures were suggestive, they tainted the

line-ups and the in-court identifications, regardless of counsel's strategic choices.  Accordingly,

summary judgment is denied on this claim.

## II.   Federal and State Law Claims for Malicious Prosecution

The plaintiff brings two malicious prosecution claims: one under § 1983 against Police

Officer Horowitz, Detectives DeCaro, Darienzo, Lipson, and D'Luginski; and one under New

York law against the same defendants, and Nassau County and the Village of Hempstead.[17]

"Claims for malicious prosecution under § 1983 are substantially the same as claims for

malicious prosecution under state law."  *Porter v. Port Auth. of N.Y. & N.J.*, No. 15-CV-3558,

2022 WL 991978, at *11 (E.D.N.Y. Mar. 31, 2022) (cleaned up).  The elements of a malicious

prosecution claim under New York law are "(1) the initiation or continuation of a criminal

---

[17] The plaintiff brings New York state law malicious prosecution claims against Nassau County and the Village of Hempstead in addition to individually named defendants.  "New York courts have held municipalities liable under a theory of *respondeat superior* for malicious prosecution."  *Bailey v. City of New York*, 79 F. Supp. 3d 424, 451 (E.D.N.Y. 2015); *Sankar v. City of New York*, 867 F. Supp. 2d 297, 313 (E.D.N.Y. 2012) ("Unlike claims brought pursuant to [s]ection 1983, under New York state law, municipalities may be held vicariously liable for . . . malicious prosecution under a theory of *respondeat superior*.  This applies even to discretionary actions by police officers where . . . genuine issues of material fact exist as to whether there was probable cause for arrest." (citations omitted)).

Because the Court denies summary judgment on some of the plaintiff's federal law claims and the plaintiff's state law malicious prosecution claims "are so related to claims in the action within the Court's federal question jurisdiction that they form part of the same case or controversy under Article III," the Court retains supplemental jurisdiction over plaintiff's state law claims for . . . malicious prosecution."  *Sankar*, 867 F. Supp. 2d at 313.

proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of

probable cause for commencing the proceeding; and (4) actual malice as a motivation for

defendant's actions." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010)

(citations and internal quotation marks omitted); *Broughton v. State*, 335 N.E.2d 310 (N.Y.

1975) (same). Similarly, the elements of malicious prosecution under § 1983 are "(1) that the

defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable

cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and

(4) that the prosecution was terminated in the plaintiff's favor." *Porter*, 2022 WL 991978, at

*11 (internal quotation marks omitted). In addition, the Second Circuit requires that in order "to

sustain a § 1983 malicious prosecution claim, there must be a seizure or other perversion of

proper legal procedures implicating the claimant's personal liberty and privacy interests under the

Fourth Amendment." *Washington v. County of Rockland*, 373 F.3d 310, 316 (2d Cir. 2004)

(internal quotation marks omitted); *see also Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 215

(2d Cir. 2000) ("In order to allege a cause of action for malicious prosecution under § 1983, [the

plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that

there was . . . a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth

Amendment rights." (emphasis omitted)).

The parties agree that the plaintiff was deprived of his liberty and that the case terminated

in his favor. They dispute whether the defendants initiated the prosecution against the plaintiff,

whether there was probable cause to commence the proceeding, and whether the defendants

acted with malice.

a.     **Initiation or Continuation of a Criminal Proceeding**

The defendants argue that that they did not play sufficiently active roles in initiating or prosecuting the charges against the plaintiff.

An officer initiated or continued a criminal proceeding if he "distorted the process by which plaintiff was brought to trial, such as by creating false information and forwarding it to prosecutors or by withholding relevant and material information from prosecutors." *McGrier v. City of New York*, 2019 U.S. Dist. LEXIS 38688, at *11 (S.D.N.Y. Mar. 11, 2019) (cleaned up); *see Chimurenga v. City of New York*, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999) ("Where a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, he may be held liable" for initiating or continuing a criminal proceeding.); *Ragland v. City of New York*, 45 Misc. 3d 1218(A), at *4 (N.Y. Sup. Ct. 2014) ("New York law has long equated the civil defendant's failure to make a full and complete statement of the facts to the District Attorney or the court, or holding back information that might have affected the results, with that defendant's initiation of a malicious prosecution." (quoting *Ramos v. City of New York*, 285 A.D.2d 284, 299 (1st Dep't 2001))).  Courts have found the initiation element satisfied where a defendant officer was involved in creating false evidence "likely to be sent to prosecutors," even if that officer did not himself sign the criminal complaint or forward the information to prosecutors.  *Herrera-Amador v. N.Y.C. Police Dep't*, No. 16-CV-5915, 2021 WL 3012583, at *16–17 (E.D.N.Y. July 16, 2021); *see Jocks v. Tavernier*, 316 F.3d 128, 138 (2d Cir. 2003).

As explained above in connection with the plaintiff's fair trial claims, there is a material factual dispute about whether Detectives Darienzo and DeCaro coerced Ogletree's false statement and whether DeCaro, who spoke to ECAB prosecutors and signed the felony complaint, forwarded it to the prosecutors without alerting them to the coercive circumstances

34

surrounding the statement.  *Herrera-Amador*, 2021 WL 3012583, at *17 ("Defendant Officer

Lee initiated a criminal proceeding against Plaintiff with his sworn criminal complaint.");

*Tavernier*, 316 F.3d at 138.  Moreover, there are material disputes about whether Detective

Lipson and Officer Horowitz employed suggestive tactics in connection with the photographic

arrays, and whether Detective Lipson did not notify prosecutors that Anyosa failed to identify the

plaintiff in at least one photo array.  *Herrera-Amador*, 2021 WL 3012583, at *17.  Finally, there

are material issues of fact about whether Detectives Ross and D'Luginski conducted line-ups

under unduly suggestive circumstances.  *See id.*

      Accordingly, summary judgment is denied on this claim.

      **b.**      **Probable Cause and Malice**

      The defendants next argue that a reasonable jury could not find a lack of probable cause

or actual malice.  Under New York law, probable cause "is the knowledge of facts, actual or

apparent, strong enough to justify a reasonable man in the belief that he has lawful grounds for

prosecuting the defendant in the manner complained of."  *Rosario*, 2021 WL 199342, at *11

(citing *Cardoza v. City of New York*, 29 N.Y.S.3d 330, 340 (1st Dep't 2016) (citation omitted)).

"Indictment by a grand jury creates a presumption of probable cause that may *only* be rebutted

by evidence that the indictment was procured by fraud, perjury, the suppression of evidence or

other police conduct undertaken in bad faith."  *Id.* (cleaned up) (citing *Dufort v. City of New*

*York*, 874 F.3d 338, 352 (2d Cir. 2017)).  "The presumption may be overcome only by evidence

establishing that the police witnesses have not made a complete and full statement of facts either

to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence,

that they have withheld evidence or otherwise acted in bad faith."  *Id.* (quoting *Rothstein v.*

*Carriere*, 373 F.3d 275, 283 (2d Cir. 2004)).  Actual malice requires only "that the defendant

must have commenced the criminal proceeding due to a wrong or improper motive, something

other than a desire to see the ends of justice served." *Id.* (quoting *Dufort*, 874 F.3d at 353).

"Actual malice can be inferred when a plaintiff is prosecuted without probable cause." *Id.*

(cleaned up).

"Probable cause is a mixed question of law and fact." *Frost v. N.Y.C. Police Dep't*, 980

F.3d 231, 243 (2d Cir. 2020). "An identification cannot be used to support probable cause if it

was 'so defective that probable cause could not reasonably be based upon it.'" *Rosario*, 2021

WL 199342, at *11 (quoting *Dufort*, 874 F.3d at 348).

As discussed, there are key questions of material fact about the reliability of the

witnesses' identifications of the plaintiff, and about the extent to which the identifications

procedures were unduly suggestive. The witnesses testified about their photographic

identifications in the grand jury. Accordingly, the Court cannot make a probable cause

determination. A reasonable juror could find that the indictment of the plaintiff was procured

through police misconduct. These issues of fact are to be resolved at trial. *See id.*[18]

## III.   False Imprisonment, Unlawful Detention, and Conspiracy Claims

The defendants are entitled to summary judgment on the plaintiff's unlawful detention,

conspiracy, and state law false imprisonment claims, because the plaintiff did not address or

oppose them, and has thus abandoned them. *See Taylor v. City of New York*, 269 F. Supp. 68, 75

(E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for

summary judgment on one ground and the party opposing summary judgment fails to address the

argument in any way"); *Prevost v. City of New York*, 2015 U.S. Dist. LEXIS 171218, at *9

---

[18] Because there are questions of fact to be resolved at trial as to the liability of the individual defendants, there are also questions of fact to be resolved at trial as to the liability of Nassau County and the Village of Hempstead for the state law malicious prosecution claim on a *respondeat superior* theory.

(S.D.N.Y. Dec. 22, 2015) (dismissing § 1983 claim as abandoned where plaintiff does not respond to defendants' summary judgment arguments).

## IV. Failure to Intervene

The defendants also seek summary judgment on the plaintiff's failure-to-intervene claim against all the defendants. The defendants say that the plaintiff has not adduced evidence that the defendants violated his constitutional rights, and that even if they did, there is no evidence that the defendants had a realistic opportunity to intervene, or that a reasonable person would know that the plaintiff's constitutional rights were being violated.

"A police officer is liable when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene." *Rosario*, 2021 WL 199342, at *12.

As discussed above, a reasonable jury could find from the evidence that the defendants participated in violating the plaintiff's constitutional rights, either in the production of false evidence or its dissemination. Whether an officer had "a realistic opportunity to intervene is normally a question for the jury, unless, considering all the evidence, a reasonable jury could not possibly conclude otherwise." *Sloley v. VanBramer*, 945 F.3d 30, 47 (2d Cir. 2019) (internal quotation marks omitted).

The record demonstrates that there are triable issues of fact as to whether each of the individual defendants reasonably could have intervened in each other's alleged acts. *See Rosario*, 2021 WL 199342, at *12.

V.     **Qualified Immunity**

The defendants argue that they are entitled to qualified immunity as a matter of law on the fair trial and malicious prosecution claims.

Under federal law, the affirmative defense of qualified immunity is established by demonstrating that "(1) the right was not clearly established or (2) even if the right was clearly established, it was objectively reasonable for the officer to believe the conduct at issue was lawful." *Elder v. McCarthy*, 967 F.3d 113, 131 (2d Cir. 2020) (quotation marks omitted). "Because the focus is on whether the officer had fair notice that [his] conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018).

"[T]he substantive law of [the State] governs the applicability of qualified immunity to [the plaintiff's] state law claims[.]" *Napolitano v. Flynn*, 949 F.2d 617, 621 (2d Cir. 1991) (citation omitted); *accord Ismael v. Charles*, No. 18-CV-3597, 2020 WL 4003291, at *9 n.6 (S.D.N.Y. July 15, 2020). New York law provides government officials qualified immunity on state law claims except where the officials' actions are undertaken in bad faith or without a reasonable basis. *See Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006); *accord Rothman v. City of New York*, No. 19-CV-0225, 2020 WL 2139328, at *4 (S.D.N.Y. May 5, 2020).

For the reasons explained below, deciding whether the defendants are entitled to qualified immunity arguments must await resolution of the factual disputes in this case.

a.     **Fair Trial Claims**

At this stage, the Court must draw all reasonable inferences in the plaintiff's favor. The defendants argue that "[n]one of the actions (or failures to act), by the [] defendants violated plaintiff's constitutional rights, it was not clearly established that said actions (or failures to act)

38

in 2008 were unlawful, and it was objectively reasonable for the defendants to proceed as they

did."  (ECF No. 192 at 51; *see also* ECF No. 198 at 45.)  In making these arguments, the

defendants "rely on their version of events as to the investigation, including what occurred

during the identification procedures, and that version of events is disputed." *Rosario*, 2021 WL

199342, at *13.  As discussed above, a reasonable jury could credit the plaintiff's version of

events: that DeCaro and Darienzo coerced Ogletree's statement, that Horowitz, Lipson, Ross,

and D'Luginski employed suggestive procedures at the photographic arrays and at the line-up,

that Anyosa did not identify the plaintiff in at least one photographic array, and that the

defendants withheld this information from the prosecutors.

Accordingly, there are issues of fact that must be resolved before the Court can determine

whether it was objectively reasonable for the defendants to believe their actions were lawful. *See*

*id.*

The defendants also argue that the plaintiff cannot show the rights he asserts were

violated were clearly established in 2008.  Drawing all inferences in the plaintiff 's favor, it was

clearly established at the time of this investigation and trial that a reasonable official would have

understood that fabricating an inculpatory statement and forwarding that information to

prosecutors violated the plaintiff's constitutional right to a fair trial. *Zahrey v. Coffey*, 221 F.3d

342, 355 (2d Cir. 2000) ("It is firmly established that a constitutional right exists not to be

deprived of liberty on the basis of false evidence fabricated by a government officer."); *see*

*Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) (holding that "[w]hen a police

officer creates false information likely to influence a jury's decision and forwards that

information to prosecutors," there, a false confession, "he violates the accused's constitutional

right to a fair trial"); *Morse v. Fusto*, 804 F.3d 538, 550 (2d Cir. 2015) ("[As of 2006,] . . .

*Ricciuti* and its progeny, including *Zahrey,* clearly establish[ed] that qualified immunity is unavailable on a claim for denial of the right to a fair trial where that claim is premised on proof that a defendant knowingly fabricated evidence and where a reasonable jury could so find.") (internal quotations omitted).

Moreover, it was clearly established at the time of this investigation and trial that a reasonable official would have understood that making suggestive comments to witnesses in the process of a photo array or line-up violated the plaintiff's constitutional right to a fair trial. *Thai*, 29 F.3d at 807, 810 (holding that "[a] defendant has a due process right not to be the object of suggestive police identification procedures that create a very substantial likelihood of irreparable misidentification," and that "[a]n otherwise fair pretrial identification procedure may be rendered impermissibly suggestive through subsequent actions or remarks by government agents."); *id.* at 810 ("Conduct such as . . . endorsing the correctness of the selection, 'may tend to reinforce an otherwise weak or tentative identification and therefore lend a later in-court identification greater conviction than it deserves.'"); *see also Solomon v. Smith*, 645 F.2d 1179, 1185 (2d Cir. 1981) (holding that "while a witness is always entitled to become surer of an identification, due process precludes the generation of that increased certainty through" suggestive police behavior (citing *Simmons v. United States*, 390 U.S. 377, 383 (1968))).

Finally, suppressing potentially exculpatory information "including impeaching evidence as to the reliability of the testifying witnesses' identifications and other unreported identification procedures" would have clearly violated constitutional rights at the time of the investigation at issue here. *Rosario*, 2021 WL 199342, at *13 (finding the right clearly established since at least the 1990s); *Nnodimele v. Derienzo*, 13-CV-3461, 2016 WL 337751, at *19 (E.D.N.Y. Jan. 27,

2016) (finding a clearly established *Brady* violation as of 2007 for failing to turn over

exculpatory information related to identification procedures).

### b. Malicious Prosecution Claims

The defendants maintain that they had "arguable probable cause," and are thus entitled to

qualified immunity on the malicious prosecution claims. "Arguable probable cause" exists if "it

[is] objectively reasonable for the officer to believe that probable cause exist[s]" or "officers of

reasonable competence could disagree on whether the probable cause test was met." *Ackerson v.*

*City of White Plains*, 702 F.3d 15, 21 (2d Cir. 2012). Since there are material questions of fact

about the identifications, the Ogletree statement, and the suppression of evidence, the Court

cannot determine at this time whether the defendants had probable cause or arguable probable

cause. *See Rosario*, 2021 WL 199342, at *11; *see also* (*Scotto v. Almenas*, 143 F.3d 105, 113

(2d Cir. 1998) (finding qualified immunity premature because, assuming in favor of the plaintiff

that the officer had "fabricated" evidence against him, "it would be objectively unreasonable for

[the defendant] to believe he had probable cause to arrest [the plaintiff] if [the defendant] himself

fabricated the grounds for arrest," and "[n]o reasonably competent [ ] officers could disagree").

## VI. *Monell* Claim

"Congress did not intend municipalities to be held liable [under § 1983] unless action

pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). For a plaintiff "to prevail on a claim against a

municipality under section 1983 based on acts of a public official, a plaintiff is required to prove:

(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3)

causation; (4) damages; and (5) that an official policy of the municipality caused the

constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008); *accord Cowan v. City of Mount Vernon*, 95 F. Supp. 3d 624, 636 (S.D.N.Y. 2015).

The plaintiff challenges the County's "identification procedures and practices"—using an "old" photograph in a photo array and minimizing the differences among line-up participants by having them sit (and in the plaintiff's case, sit on telephone books), by covering them with sheets so that only their faces were visible, and using hats to disguise differences in hairstyles. The plaintiff concedes that these procedures and practices are not themselves unconstitutional, but claims that as employed in his case, the procedures deprived him of his constitutional rights. (ECF No. 202 at 26–27; ECF No. 219 at 4–5.) "Where a policy is facially unconstitutional— where it *compels* municipal agents to violate rights—the plaintiff establishes culpability simply by showing that the municipality's application of the policy caused her injury." *Becker v. City of Evansville*, No. 12-CV-182, 2015 WL 328895, at *28 (S.D. Ind. Jan. 26, 2015). But "[w]here the plaintiff alleges that a facially constitutional policy nevertheless *allowed* or *authorized* an agent to violate her rights," as the plaintiff does here, he can only prevail "by proving that the municipality enacted the policy 'with "deliberate indifference" as to its known or obvious consequences.'" *Id.* (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 406–407 (1997)). In other words, the plaintiff must show that Nassau County, by employing its identification practices and procedures, "continu[ally] adhere[d] to an approach that they kn[e]w or should [have] know[n] ha[d] failed to prevent tortious conduct by employees.'" *Id.*; *see also Jones v. City of Chicago*, 787 F.2d 200, 205 (7th Cir. 1986) ("Where the custom itself does not establish wrongdoing, there must be evidence of a course of events or circumstances that permit an inference of deliberate indifference or tacit authorization of the offensive acts.").

42

The plaintiff has not made the necessary showing. Rather, he alleges only a single incident—this case. *Compare Newton v. City of New York*, 681 F. Supp. 2d 473, 494 & n.144 (S.D.N.Y. 2010) (denying summary judgment where, "[a]lthough [the] alleged policy, custom, or practice [was] not [itself] unconstitutional," the plaintiff produced evidence of "a persistent or widespread" application of the policy resulting in rights violations). By citing only the circumstances of his case, the plaintiff has not shown that Nassau County's deliberate indifference led to the violation of his constitutional rights. *See Becker*, 2015 WL 328895, at *28 ("A plaintiff who can point to only a single unconstitutional application of a facially constitutional policy faces a steep climb. This is because such a plaintiff can point to no other incident tending to make it more likely that the plaintiff's own injury flows from the municipality's action—enacting the policy." (internal quotation marks omitted)); *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion) ("[W]here the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation."). For these reasons, Nassau County is entitled to summary judgment on the plaintiff's *Monell* claim.

## VII.   The Village Defendants' Cross-Claims Against the County Defendants

The County defendants seek summary judgment on the Village defendants' cross-claims for contribution and indemnity. The Village defendants have withdrawn these claims. (ECF No. 194-77 (Stipulation of Voluntary Dismissal).) In any event, they are also abandoned. Accordingly, summary judgment is granted.

43

## VIII.   The Plaintiff's Motion to Strike Exhibits

The plaintiff moves to strike the County's policies and procedures, and ADA Schalk's affidavit.

"A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1). "When considering whether to exclude evidence pursuant to Rule 37, courts in this Circuit must consider (1) a party's explanation for the failure to comply with the Federal Rules, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party of having to prepare to meet the new evidence, and (4) the possibility of a continuance."  *Miss Jones LLC v. Shahid*, No. 17-CV-716, 2022 WL 4642716, at *6 (E.D.N.Y. Sept. 30, 2022) (quoting *Richmond v. Gen. Nutrition Ctrs. Inc.*, No. 08-CV-3577, 2012 WL 762307, at *6 (S.D.N.Y. Mar. 9, 2012)).  "The purpose of the rule is to prevent 'sandbagging' an opposing party with new evidence."  *Id.* (quoting *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000)).  "Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with caution."  *Id.*

The plaintiff's motion is denied.  The defendant turned over most of the County's policies and procedures information before discovery closed, and the plaintiff did not object or request to reopen discovery when he received the rest of the material shortly after the discovery deadline passed.  Moreover, the plaintiff does not explain how he has been prejudiced, except to say that "he deposed a different official, Lyndon John, as the County's 30(b)(6) designee on identification policies without the benefit of the records."  (ECF No. 202 at 29.)  This is not sufficient to warrant the "drastic" remedy of striking the exhibit.  *Miss Jones LLC*, 2022 WL 4642716, at *6.

On July 31, 2023, the defendants submitted an affidavit from ADA Shalk in which he says that he "was not aware that, and not informed by any detective involved with the investigation that, Mr. Galloway made any admission or confession to shooting Jorge Anyosa," that "Jorge Anyosa [and] Wilmer Hernandez never indicated that they were pressured or coerced into identifying Josiah Galloway from the photo arrays or the line-up, both confirmed their identifications of Mr. Galloway, and both never[wavered] in their identifications of Mr. Galloway," that he "became aware of differences between several physical descriptions of Mr. Galloway and the perpetrator as described by both Jorge Anyosa and Wilmer Hernandez, include difference in height, hair style, age, and the lack of an accent" and he "did not believe that these differences were discrepancies or distinguishing characteristics," and that the "first time that [he] learned that Ogletree claimed his written statement was coerced was when he testified at Mr. Galloway's criminal trial." (ECF No. 194-76 at 3–5.) The plaintiff claims that the affidavit "seeks to retroactively immunize the defendants from liability" and includes "matters that plaintiff would have explored with Mr. Schalk at his deposition three years ago." (ECF No. 202 at 29.) But there is no reason why the plaintiff could not have asked ADA Shalk about these topics during his deposition. *See Blake v. City of New York*, No. 05-CV-6652, 2007 WL 1975570, at *5 (S.D.N.Y. July 6, 2007) (denying motion to strike filed with summary judgment motion where plaintiffs were on notice that affiant was a potential witness when his name was produced on documentary evidence during discovery and the plaintiffs failed to depose him).

Accordingly, the motion to strike is denied.

# CONCLUSION

For these reasons, the defendants' motions for summary judgment are granted in part and denied in part.  The following claims may proceed:

1. a 42 U.S.C. § 1983 malicious prosecution claim against Police Officer Horowitz, Detectives DeCaro, Darienzo, Lipson, and D'Luginski;

2. a § 1983 claim alleging fabrication of evidence, denial of a fair trial, and *Brady* violations against all individually named defendants: Police Officer Horowitz, Detectives Ross, DeCaro, Lipson, D'Luginski, and Darienzo;

3. a New York state law claim for malicious prosecution against Nassau County and the Village of Hempstead; and

4. a § 1983 claim for failure to intervene against all individually named defendants.

The parties are to file a joint pre-trial order that complies with the Court's Individual Rules within thirty days from the date of this Memorandum and Order.


**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                        _____
                                        ANN M. DONNELLY
                                        United States District Judge


Dated: Brooklyn, New York
       March 29, 2024

# Exhibit C

APPEAL,ACO

**U.S. District Court**
**Eastern District of New York (Central Islip)**
**CIVIL DOCKET FOR CASE #: 2:19-cv-05026-AMD-JMW**

Galloway v. County Of Nassau et al
Assigned to: Judge Ann M Donnelly
Referred to: Magistrate Judge James M. Wicks
Demand: $25,000,000
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 09/04/2019
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Federal Question

**Plaintiff**

**Josiah Galloway**                                      represented by **Baree N Fett**
                                                                         Elefterakis Elefterakis & Panek
                                                                         80 Pine Street
                                                                         38th Floor
                                                                         New York, NY 10005
                                                                         212-532-1116
                                                                         Fax: 212-532-1176
                                                                         Email: bfett@elefterakislaw.com
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Gabriel Paul Harvis**
                                                                         Elefterakis Elefterakis & Panek
                                                                         80 Pine Street
                                                                         38th floor
                                                                         New York, NY 10005
                                                                         212-532-1116
                                                                         Fax: 212-532-1176
                                                                         Email: gharvis@elefterakislaw.com
                                                                         *LEAD ATTORNEY*
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Michael Gluck**
                                                                         Elefterakis, Elefterakis & Panek
                                                                         80 Pine Street
                                                                         Ste 38th Floor
                                                                         New York, NY 10005
                                                                         917-992-1714
                                                                         Email: mgluck@eeplaw.com
                                                                         *ATTORNEY TO BE NOTICED*

                                                                         **Thomas F. Liotti**
                                                                         Law Offices of Thomas F. Liotti
                                                                         600 Old Country Road
                                                                         Suite 530
                                                                         Garden City, NY 11530
                                                                         (516) 794-4700
                                                                         Fax: (516) 794-2816
                                                                         Email: tom@tliotti.com
                                                                         *TERMINATED: 09/23/2019*
                                                                         *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**County of Nassau**                                     represented by **Brian S. Sokoloff**
                                                                         Sokoloff Stern LLP
                                                                         179 Westbury Avenue
                                                                         Carle Place, NY 11514
                                                                         516-334-4500
                                                                         Fax: 516-334-4501
                                                                         Email: bsokoloff@sokoloffstern.com
                                                                         *TERMINATED: 03/07/2022*
                                                                         *LEAD ATTORNEY*

                                                                         **Alexander Joseph Eleftherakis**
                                                                         Sokoloff Stern LLP
                                                                         179 Westbury Avenue
                                                                         Carle Place, NY 11514

(516)334-4500
Fax: (516)334-4501
Email: aeleftherakis@sokoloffstern.com
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1133 Westchester Avenue
West Harrison, NY 10604
914-323-7000
Fax: 914-323-7001
Email: janine.mastellone@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
27 Elizabeth Street
Port Chester, NY 10573
914-330-4495
Email: John.Vitagliano@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
Wilson Elser
150 East 42nd Street
New York, NY 10017
(212)915-5159
Fax: (212)490-3000
Email: judy.selmeci@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
The Quinn Law Firm
399 Knollwood Road
White Plains, NY 10603
914-997-0555
Email: lloomba@quinnlawny.com
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Liora M. Ben-Sorek**
Nassau County District Attorney's Office
262 Old Country Road
Mineola, NY 11501
516-571-3014
Email: Liora.Ben-Sorek@nassauda.org
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
3 Gannett Drive
White Plains, NY 10604
914-323-7000
Fax: 914-323-7001
Email: peter.meisels@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Nassau County Police Department**                    represented by **John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
Sokoloff Stern LLP
179 Westbury Avenue
Carle Place, NY 11514
516-334-4500
Fax: 516-334-4501
Email: ldorfman@sokoloffstern.com
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Incorporated Village of Hempstead**                                    represented by    **William J Garry**
*TERMINATED: 06/11/2024*                                                                   Harris Beach PPLC
                                                                                           333 Earle Ovington Blvd.
                                                                                           Ste. 901
                                                                                           Uniondale, NY 11553
                                                                                           516-880-8490
                                                                                           Fax: 516-880-8483
                                                                                           Email: wgarry@harrisbeach.com
                                                                                           *LEAD ATTORNEY*
                                                                                           *ATTORNEY TO BE NOTICED*

                                                                                           **Andrew Kenneth Preston**
                                                                                           Bee Ready Fishbein Hatter & Donovan LLP
                                                                                           170 Old Country Road
                                                                                           Mineola, NY 11501
                                                                                           516-746-5599
                                                                                           Fax: 516-746-1045
                                                                                           Email: apreston@beereadylaw.com
                                                                                           *TERMINATED: 04/20/2021*
                                                                                           *ATTORNEY TO BE NOTICED*

                                                                                           **Daniel Scott Hallak**
                                                                                           Harris Beach PLLC
                                                                                           The Omni 333 Earle Ovington Blvd
                                                                                           Suite 901
                                                                                           Uniondale, NY 11553
                                                                                           516-880-8387
                                                                                           Fax: 516-880-8483
                                                                                           Email: dhallak@harrisbeach.com
                                                                                           *ATTORNEY TO BE NOTICED*

                                                                                           **Michael Paul Siravo**
                                                                                           Bee Ready Fishbein Hatter & Donovan, LLP
                                                                                           170 Old Country Road
                                                                                           Ste 200
                                                                                           Mineola, NY 11501
                                                                                           516-746-5599
                                                                                           Fax: 516-746-1045
                                                                                           Email: msiravo@beereadylaw.com
                                                                                           *TERMINATED: 11/10/2020*
                                                                                           *ATTORNEY TO BE NOTICED*

                                                                                           **Rhoda Yohai Andors**
                                                                                           Bee Ready Fishbein Hatter & Donovan, LLP
                                                                                           170 Old Country Road
                                                                                           Mineola, NY 11501
                                                                                           516-746-5599
                                                                                           Fax: 516-746-1045
                                                                                           Email: RAndors@beereadylaw.com
                                                                                           *TERMINATED: 04/20/2021*
                                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**P.O. Steven Horowitz (Shield #144)**                                   represented by    **William J Garry**
*TERMINATED: 06/11/2024*                                                                   (See above for address)
                                                                                           *LEAD ATTORNEY*
                                                                                           *ATTORNEY TO BE NOTICED*

                                                                                           **Andrew Kenneth Preston**
                                                                                           (See above for address)
                                                                                           *TERMINATED: 04/20/2021*
                                                                                           *ATTORNEY TO BE NOTICED*

                                                                                           **Daniel Scott Hallak**
                                                                                           (See above for address)

*ATTORNEY TO BE NOTICED*

**Michael Paul Siravo**
(See above for address)
*TERMINATED: 11/10/2020*
*ATTORNEY TO BE NOTICED*

**Rhoda Yohai Andors**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Matthew Ross (Shield #834)**                    represented by    **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Charles DeCaro (Shield #1047)**                    represented by    **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Thomas Bischoff (Shield #1001)**
*TERMINATED: 05/14/2021*

**Defendant**

**Detecitve Ronald Lipson (Shield #1296)**          represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Thomas D'Luginski (Shield #7900)**          represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)

*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective George Darienzo (Shield #1038)**                    represented by    **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Kevin Cunningham (Shield #112)**                    represented by    **William J Garry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kenneth Preston**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Daniel Scott Hallak**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Michael Paul Siravo**
(See above for address)
*TERMINATED: 11/10/2020*
*ATTORNEY TO BE NOTICED*

**Rhoda Yohai Andors**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Kathleen Rice**
*TERMINATED: 05/14/2021*

**<u>Defendant</u>**

**Assistant District Attorney Joseph LaRocca**
*TERMINATED: 05/14/2021*

**<u>Defendant</u>**

**Assistant District Attorney Robert Schalk**
*TERMINATED: 05/14/2021*

**<u>Defendant</u>**

**John Doe and Jane Doe #s 1 - 20**
*being and intended to be other parties from the County of Nassau,*
*Nassau County Police Department, Incorporated Village of*
*Hempstead and Incorporated Village of Hempstead Police*
*Department whose names are presently unknown, all jointly and*
*severally*
*TERMINATED: 05/16/2023*

**<u>Defendant</u>**

**Detective Sergeant Richard Dorsi**                    represented by **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**Detective Charles Olie**                    represented by **Brian S. Sokoloff**
*Shield No. 1047*                                        (See above for address)
*TERMINATED: 05/14/2021*                          *TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Rene Yao**
*TERMINATED: 05/16/2023*

represented by **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Carl M. Strange**
*Shield No. 1225*
*TERMINATED: 05/16/2023*

represented by **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**Janine A. Mastellone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lalit Kumar Loomba**
(See above for address)
*TERMINATED: 07/29/2022*
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Liora M. Ben-Sorek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Detective Joseph Sortino**                    represented by **William J Garry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kenneth Preston**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Daniel Scott Hallak**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Detective Joseph Sortino**                    represented by **William J Garry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kenneth Preston**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Detective Kevin Cunningham (Shield #112)**    represented by **William J Garry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kenneth Preston**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Michael Paul Siravo**
(See above for address)
*TERMINATED: 11/10/2020*
*ATTORNEY TO BE NOTICED*

**Rhoda Yohai Andors**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Incorporated Village of Hempstead**           represented by **William J Garry**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kenneth Preston**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Michael Paul Siravo**
(See above for address)
*TERMINATED: 11/10/2020*
*ATTORNEY TO BE NOTICED*

**Rhoda Yohai Andors**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**P.O. Steven Horowitz (Shield #144)**          represented by **William J Garry**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Kenneth Preston**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

**Michael Paul Siravo**
(See above for address)
*TERMINATED: 11/10/2020*
*ATTORNEY TO BE NOTICED*

**Rhoda Yohai Andors**
(See above for address)
*TERMINATED: 04/20/2021*
*ATTORNEY TO BE NOTICED*

V.

**Cross Defendant**

**County of Nassau**                    represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective Thomas D'Luginski (Shield #7900)**     represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective George Darienzo (Shield #1038)**     represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*

*LEAD ATTORNEY*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective Charles DeCaro (Shield #1047)**           represented by  **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective Sergeant Richard Dorsi**           represented by  **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Josiah Galloway**           represented by  **Baree N Fett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gabriel Paul Harvis**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas F. Liotti**
(See above for address)
*TERMINATED: 09/23/2019*
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**John Doe and Jane Doe #s 1 - 20**
*being and intended to be other parties from the County of Nassau,*
*Nassau County Police Department, Incorporated Village of*
*Hempstead and Incorporated Village of Hempstead Police*
*Department whose names are presently unknown, all jointly and*
*severally*

**Cross Defendant**

**Detecitve Ronald Lipson (Shield #1296)**                  represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Nassau County Police Department**                  represented by   **Leo Dorfman**
(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective Matthew Ross (Shield #834)**                  represented by   **Brian S. Sokoloff**
(See above for address)
*TERMINATED: 03/07/2022*
*LEAD ATTORNEY*

**Alexander Joseph Eleftherakis**
(See above for address)
*TERMINATED: 03/31/2021*
*ATTORNEY TO BE NOTICED*

**John Vitagliano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Judy Selmeci**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leo Dorfman**

(See above for address)
*TERMINATED: 10/27/2021*

**Peter A. Meisels**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective Carl M. Strange**                    represented by    **Brian S. Sokoloff**
*Shield No. 1225*                                                 (See above for address)
                                                                 *TERMINATED: 03/07/2022*
                                                                 *LEAD ATTORNEY*

                                                                 **Alexander Joseph Eleftherakis**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/31/2021*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **John Vitagliano**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Lalit Kumar Loomba**
                                                                 (See above for address)
                                                                 *TERMINATED: 07/29/2022*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Leo Dorfman**
                                                                 (See above for address)
                                                                 *TERMINATED: 10/27/2021*

                                                                 **Peter A. Meisels**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Detective Rene Yao**                           represented by    **Brian S. Sokoloff**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/07/2022*
                                                                 *LEAD ATTORNEY*

                                                                 **Alexander Joseph Eleftherakis**
                                                                 (See above for address)
                                                                 *TERMINATED: 03/31/2021*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **John Vitagliano**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Leo Dorfman**
                                                                 (See above for address)
                                                                 *TERMINATED: 10/27/2021*

                                                                 **Peter A. Meisels**
                                                                 (See above for address)
                                                                 *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2019 | 1 | COMPLAINT against All Defendants filing fee $400, receipt number ANYEDC-11815117, Was the Disclosure Statement on Civil Cover Sheet completed -No, filed by Josiah Galloway. (Attachments: # 1 Exhibit Notice of Claim dated 9/19/2018 and its Exhibit A, # 2 Exhibit Proposed Amended Verified Claim filed in the New York State Court of Claims and its Exhibits A - E, # 3 Proposed Summons In A Civil Action and Rider, # 4 Civil Cover Sheet and Rider) (Liotti, Thomas) Modified on 9/4/2019 (Rodin, Deanna). (Entered: 09/04/2019) |
| 09/04/2019 | 2 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made. (Rodin, Deanna) (Entered: 09/04/2019) |
| 09/04/2019 | | Case Assigned to Judge Ann M Donnelly and Magistrate Judge James Orenstein. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Rodin, Deanna) (Entered: 09/04/2019) |
| 09/04/2019 | 3 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed |

| | | electronically **only if all** parties wish to consent. The form may also be accessed at the following link: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences.** DO NOT return or file the consent **unless all parties have signed the consent.** (Rodin, Deanna) (Entered: 09/04/2019) |
|---|---|---|
| 09/04/2019 | 4 | Summons Issued as to All Defendants. (Rodin, Deanna) (Entered: 09/04/2019) |
| 09/09/2019 | 5 | NOTICE of Appearance by Gabriel Paul Harvis on behalf of Josiah Galloway (aty to be noticed) (Harvis, Gabriel) (Entered: 09/09/2019) |
| 09/09/2019 | 6 | NOTICE of Appearance by Baree N Fett on behalf of Josiah Galloway (aty to be noticed) (Fett, Baree) (Entered: 09/09/2019) |
| 09/20/2019 | 7 | NOTICE of Consent to Change Attorney by Gabriel Paul Harvis (Harvis, Gabriel) (Entered: 09/20/2019) |
| 09/20/2019 | 8 | NOTICE by Josiah Galloway *of NOTICE OF LIEN OF OUTGOING ATTORNEYS* (Liotti, Thomas) (Entered: 09/20/2019) |
| 09/23/2019 | | ORDER re 7 Notice of Consent to Change Attorney -- The motion is granted; attorney Thomas F. Liotti is terminated. Attorney Baree N. Fett is substituted as attorney of record for Josiah Galloway. Ordered by Magistrate Judge James Orenstein on 9/23/2019. (Gutmann, Joseph) (Entered: 09/23/2019) |
| 10/24/2019 | 9 | AMENDED COMPLAINT *(First)* against County Of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, John Doe and Jane Doe #s 1 - 20, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Richard Dorsi, Charles Olie, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 10/24/2019) |
| 10/24/2019 | 10 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 11 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 12 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 13 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 14 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 15 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 16 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 17 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 18 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 19 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 20 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Attachments: # 1 Exhibit) (Fett, Baree) (Entered: 10/24/2019) |
| 10/24/2019 | 21 | Letter MOTION for Extension of Time to File *(respectfully requesting a sixty-day extension of plaintiff's service deadline)* by Josiah Galloway. (Harvis, Gabriel) (Entered: 10/24/2019) |
| 10/25/2019 | | ORDER granting 21 Motion for Extension of Time to File -- The motion is granted; the plaintiff shall serve all defendants by January 31, 2020. Ordered by Magistrate Judge James Orenstein on 10/25/2019. (Gutmann, Joseph) (Entered: 10/25/2019) |
| 10/25/2019 | 22 | Summons Issued as to County Of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Deteicvte Ronald Lipson (Shield #1296), Charles Olie, Detective Matthew Ross (Shield #834). (Attachments: # 1 Detective Thomas D'Luginski (Shield #7900), # 2 Detective George Darienzo (Shield #1038), # 3 Detective Charles DeCaro (Shield #1047), # 4 Detective Sergeant Richard Dorsi, # 5 Incorporated Village of Hempstead, # 6 Detective Matthew Ross (Shield #834), # 7 Detective Charles Olie, Shield No. 1047, # 8 County Of Nassau, # 9 Deteicvte Ronald Lipson (Shield #1296), # 10 P.O. Steven Horowitz (Shield #144)) (Herrera, Isaiah) (Entered: 10/25/2019) |
| 11/07/2019 | 23 | SUMMONS Returned Executed by Josiah Galloway. Richard Dorsi served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 24 | SUMMONS Returned Executed by Josiah Galloway. Deteicvte Ronald Lipson (Shield #1296) served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 25 | SUMMONS Returned Executed by Josiah Galloway. Charles Olie served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 26 | SUMMONS Returned Executed by Josiah Galloway. Detective Thomas D'Luginski (Shield #7900) served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 27 | SUMMONS Returned Executed by Josiah Galloway. Detective Charles DeCaro (Shield #1047) served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 28 | SUMMONS Returned Executed by Josiah Galloway. Detective George Darienzo (Shield #1038) served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 29 | SUMMONS Returned Executed by Josiah Galloway. County Of Nassau served on 11/6/2019, answer due 11/27/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/07/2019 | 30 | SUMMONS Returned Executed by Josiah Galloway. Detective Matthew Ross (Shield #834) served on 11/5/2019, answer due 11/26/2019. (Harvis, Gabriel) (Entered: 11/07/2019) |
| 11/12/2019 | 31 | NOTICE of Appearance by Brian S. Sokoloff on behalf of County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicvte Ronald Lipson (Shield #1296), Charles Olie, Detective Matthew Ross (Shield #834) (aty to be noticed) (Sokoloff, Brian) (Entered: 11/12/2019) |

| 11/12/2019 | 32 | NOTICE of Appearance by Alexander Joseph Eleftherakis on behalf of County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Charles Olie, Detective Matthew Ross (Shield #834) (aty to be noticed) (Eleftherakis, Alexander) (Entered: 11/12/2019) |
|---|---|---|
| 11/12/2019 | 33 | SUMMONS Returned Executed by Josiah Galloway. Incorporated Village of Hempstead served on 11/7/2019, answer due 11/28/2019. (Fett, Baree) (Entered: 11/12/2019) |
| 11/12/2019 | 34 | SUMMONS Returned Executed by Josiah Galloway. P.O. Steven Horowitz (Shield #144) served on 11/7/2019, answer due 11/28/2019. (Fett, Baree) (Entered: 11/12/2019) |
| 11/12/2019 | 35 | SUMMONS Returned Executed by Josiah Galloway. Detective Kevin Cunningham (Shield #112) served on 11/8/2019, answer due 11/29/2019. (Fett, Baree) (Entered: 11/12/2019) |
| 11/21/2019 | 36 | Letter MOTION for Extension of Time to File *Response to First Amended Complaint* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Charles Olie, Detective Matthew Ross (Shield #834). (Sokoloff, Brian) (Entered: 11/21/2019) |
| 11/21/2019 | | ORDER granting 36 Motion for Extension of Time to File -- The motion is granted on consent; the defendants shall answer or otherwise respond to the first amended complaint by December 24, 2019. Ordered by Magistrate Judge James Orenstein on 11/21/2019. (Gutmann, Joseph) (Entered: 11/21/2019) |
| 12/02/2019 | 37 | ANSWER to 9 Amended Complaint,, by P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead. (Attachments: # 1 Affidavit of Service) (Preston, Andrew) (Entered: 12/02/2019) |
| 12/18/2019 | 38 | Proposed Summons. Re 9 Amended Complaint,, by Josiah Galloway (Harvis, Gabriel) (Entered: 12/18/2019) |
| 12/20/2019 | 39 | Summons Reissued as to Detective Kevin Cunningham (Shield #112). (Guy, Alicia) (Entered: 12/20/2019) |
| 12/23/2019 | 40 | Letter *Correcting Docket re Representation of Defendant Detective Charles Olie* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834) (Eleftherakis, Alexander) (Entered: 12/23/2019) |
| 12/24/2019 | 41 | Letter *seeking permission to file pre-answer motion to dismiss* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834) (Sokoloff, Brian) (Entered: 12/24/2019) |
| 12/26/2019 | | ORDER re 40 Letter -- Before granting what is in effect a motion to withdraw as counsel of record for a named defendant, I respectfully direct the movant to submit a supplemental letter by December 31, 2019, explaining the circumstances in which he filed a notice of appearance on behalf of a client with whom it appears he never met or communicated. The submission should include the engagement agreement with the client and an explanation of how the circumstances of the representation to date comply with the following Rules of Professional Conduct: 1.2(a) ("a lawyer shall abide by a clients decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued"); 1.4(a)(2)-(3)( requiring a lawyer to "reasonably consult with the client about the means by which the clients objectives are to be accomplished" and to "keep the client reasonably informed about the status of the matter"); 1.4(b) (requiring a lawyer to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"); 1.5(b) (requiring a lawyer to "communicate to a client the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible"). Ordered by Magistrate Judge James Orenstein on 12/26/2019. (Gutmann, Joseph) (Entered: 12/26/2019) |
| 12/30/2019 | 42 | Letter *to Mag. J. Orenstein complying with Docket Order of December 26, 2019* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834) (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C) (Sokoloff, Brian) (Entered: 12/30/2019) |
| 12/31/2019 | 43 | REPLY in Opposition re 41 Letter, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 12/31/2019) |
| 01/27/2020 | 44 | *Amended* ANSWER to 9 Amended Complaint,, by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead. (Attachments: # 1 Affidavit of Service) (Preston, Andrew) (Entered: 01/27/2020) |
| 02/07/2020 | 45 | MOTION for Discovery *(respectfully requesting that the Court schedule an initial conference)* by Josiah Galloway. (Harvis, Gabriel) (Entered: 02/07/2020) |
| 02/09/2020 | 46 | ORDER granting 45 Motion for Discovery -- **SCHEDULING ORDER:** Pursuant to Federal Rule of Civil Procedure 16(a), I order the parties to appear for an initial discovery planning conference on March 12, 2020, at 11:00 a.m. in Courtroom 11D South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. No later than March 10, 2020, the parties must submit, by means of electronic filing on the court's ECF (Electronic Case Filing) system, a joint proposed discovery plan. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 2/9/2020. (Gutmann, Joseph) (Entered: 02/09/2020) |
| 02/09/2020 | 47 | Letter *to Judge Donnelly supplementing Docket Entry 41 and suggesting conference on March 12, 2020* by Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834) (Sokoloff, Brian) (Entered: 02/09/2020) |
| 02/09/2020 | 48 | REPLY in Opposition re 47 Letter, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 02/09/2020) |
| 02/12/2020 | 49 | Consent MOTION to Adjourn Conference by Josiah Galloway. (Harvis, Gabriel) (Entered: 02/12/2020) |
| 02/12/2020 | | ORDER granting 49 Motion to Adjourn Conference -- The motion is granted on consent. The initial conference previously scheduled for March 12, 2020 is rescheduled for March 25, 2020 at 11:00 a.m. Ordered by Magistrate Judge James Orenstein on 2/12/2020. (Gutmann, Joseph) (Entered: 02/12/2020) |
| 02/12/2020 | 50 | NOTICE of Appearance by Michael Paul Siravo on behalf of Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead (aty to be noticed) (Siravo, Michael) (Entered: 02/12/2020) |

| 02/13/2020 | | SCHEDULING ORDER: The request for a pre-motion conference by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296) and Detective Matthew Ross (Shield #834) 41 is granted. The conference will take place on March 10, 2020 at 3:00 p.m. in Courtroom 4G-North. Ordered by Judge Ann M. Donnelly on 2/13/2020. (Singer, Julie) (Entered: 02/13/2020) |
|---|---|---|
| 03/09/2020 | | ORDER -- To allow for disruptions associated with the COVID-19 pandemic, I stay all proceedings before me for six weeks, until April 20, 2020. In the coming days, I will enter an amended scheduling order in each civil case assigned to me for pretrial supervision. As of the date of this order, however, all conferences currently scheduled before me in civil cases are adjourned to the same weekday and time six weeks after the originally scheduled date. For example, a conference scheduled for Monday, March 9, 2020, at 9:30 a.m. would be rescheduled for Monday, April 20, 2020, at 9:30 a.m. I recognize that there may be some cases in which parties may believe that some or all of the litigation requires greater urgency. This order is without prejudice to the right of any party in any case to seek reconsideration or an alternate form of scheduling relief. However, before making any such motion, I respectfully direct the movant to confer with all other parties to the case and discuss ways to ensure that all persons involved in the litigation, as well as their colleagues, can take appropriate steps to safeguard their own health as well as the health of the community. The purpose of this order is to remove, to the extent I can, any pressure on participants in the cases before me to prioritize the needs of the litigation over the more urgent need to promote public health. Ordered by Magistrate Judge James Orenstein on 3/9/2020. (Gutmann, Joseph) (Entered: 03/09/2020) |
| 03/09/2020 | | SCHEDULING ORDER: The pre-motion conference scheduled for March 10, 2020 will proceed as planned. Ordered by Judge Ann M. Donnelly on 3/9/2020. (Singer, Julie) (Entered: 03/09/2020) |
| 03/09/2020 | | ORDER -- I hereby vacate my earlier order of March 9, 2020. If any party seeks scheduling relief with respect to court appearances or pretrial deadlines I have set in this action, I respectfully direct the parties to confer and submit either a jointly proposed order or, if the parties do not agree, a joint letter setting forth their respective positions. In the absence of agreement, the parties should explain the reasons for their respective positions. Parties may request relief with respect to both court appearances and deadlines I have set for completing pretrial tasks even if those tasks do not require appearance in court. This order does not affect any deadline set by the presiding district judge. Ordered by Magistrate Judge James Orenstein on 3/9/2020. (Walker, Anna) (Entered: 03/09/2020) |
| 03/10/2020 | | Minute Entry for proceedings held before Judge Ann M. Donnelly: Baree Fett and Gabriel Harvis appeared for the plaintiff. Brian Sokoloff and Alexander Eleftherakis appeared for the Nassau County defendants. Michael Siravo appeared by phone for the Incorporated Village of Hempstead defendants. Case called. Discussion held. The plaintiff's amended complaint is due by March 31, 2020. *Monell* discovery is stayed. (Court Reporter Linda Danelczyk.) (Singer, Julie) (Entered: 03/10/2020) |
| 03/11/2020 | | SCHEDULING ORDER -- In light of the plaintiff's intention to file an amended complaint by March 31, 2020, the initial conference previously scheduled for March 25, 2020 is rescheduled for April 2, 2020 at 10:30 a.m. Ordered by Magistrate Judge James Orenstein on 3/11/2020. (Gutmann, Joseph) (Entered: 03/11/2020) |
| 03/30/2020 | 51 | Letter *the Hon. James Orenstein* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead (Siravo, Michael) (Entered: 03/30/2020) |
| 03/30/2020 | | ORDER -- The initial conference scheduled for April 2, 2020 is converted to a telephone conference. The call-in information for the telephone conference is 1-877-336-1839 and the access code is 391-4302. I respectfully direct all counsel to call in to the telephone conference five minutes before the conference begins. If any party has any difficulty accessing the telephone conference, please contact chambers at Orenstein_Chambers@nyed.uscourts.gov. Ordered by Magistrate Judge James Orenstein on 3/30/2020. (Gutmann, Joseph) (Entered: 03/30/2020) |
| 03/31/2020 | 52 | REPORT of Rule 26(f) Planning Meeting (Attachments: # 1 Exhibit Transcript of 3/10/2020 pre-motion conference) (Harvis, Gabriel) (Entered: 03/31/2020) |
| 03/31/2020 | 53 | AMENDED COMPLAINT *(Second)* against County Of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, John Doe and Jane Doe #s 1 - 20, Deteictve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Rene Yao, Carl M. Strange, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 03/31/2020) |
| 04/01/2020 | 54 | NOTICE of Appearance by Brian S. Sokoloff on behalf of Carl M. Strange, Rene Yao (aty to be noticed) (Sokoloff, Brian) (Entered: 04/01/2020) |
| 04/01/2020 | 55 | NOTICE of Appearance by Alexander Joseph Eleftherakis on behalf of Carl M. Strange, Rene Yao (aty to be noticed) (Eleftherakis, Alexander) (Entered: 04/01/2020) |
| 04/02/2020 | 56 | Minute Entry for proceedings held before Magistrate Judge James Orenstein:Initial Conference Hearing held on 4/2/2020, Telephone Conference held on 4/2/2020. Scheduling: (1) The next status conference will be held September 24, 2020, at 9:30 a.m. (2) A pretrial conference will be held on April 22, 2021, at 9:30 a.m. Summary: I will enter a separate case management and scheduling order that reflects the deadlines set forth in the parties' joint discovery plan. (Orenstein, James) (Entered: 04/02/2020) |
| 04/02/2020 | 57 | **SCHEDULING ORDER:** Deadline for all Rule 26(a)(1) disclosures: April 2, 2020. First request for production of documents and first request for interrogatories due by: April 16, 2020. Deadline for joinder of additional parties and amendment of pleadings: June 1, 2020. Status Conference (with joint status report due two business days in advance): September 24, 2020, at 9:30 a.m. Fact discovery to be completed by: November 2, 2020. Defendants' expert disclosures due by: March 4, 2021. All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: April 5, 2021. Pretrial Conference (*ex parte* statements of settlement position due via email two business days in advance): April 22, 2021, at 9:30 a.m. Dispositive motion process started by: May 5, 2020. Joint pretrial order due by: June 2, 2020. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 4/2/2020. (Orenstein, James) (Entered: 04/02/2020) |
| 04/06/2020 | | SCHEDULING ORDER: The Nassau County defendants are directed to notify the Court by April 13, 2020 whether they intend to move to dismiss the plaintiff's Second Amended Complaint 53 . If so, the Court will set a motion schedule. Ordered by Judge Ann M. Donnelly on 4/6/2020. (Singer, Julie) (Entered: 04/06/2020) |
| 04/13/2020 | 58 | Letter *to Judge Donnelly regarding County Defendants' intention to file motion to dismiss parts of Plaintiff's Second Amended Complaint* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) (Entered: 04/13/2020) |

| 04/14/2020 | | SCHEDULING ORDER: The County Defendants' motion to dismiss is due by May 14, 2020. The plaintiff's opposition is due by June 15, 2020. The defendants' reply, if any, is due by June 30, 2020. Ordered by Judge Ann M. Donnelly on 4/14/2020. (Singer, Julie) (Entered: 04/14/2020) |
|---|---|---|
| 04/15/2020 | 59 | *Amended* ANSWER to 53 Amended Complaint,, *to Second Amended Complaint* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead. (Siravo, Michael) (Entered: 04/15/2020) |
| 04/15/2020 | 60 | ANSWER to 53 Amended Complaint,, by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 04/15/2020) |
| 04/29/2020 | 61 | Joint MOTION to Amend/Correct/Supplement 53 Amended Complaint,, by Josiah Galloway. (Attachments: # 1 Exhibit) (Harvis, Gabriel) (Entered: 04/29/2020) |
| 04/29/2020 | | ORDER denying 61 Motion to Amend/Correct/Supplement -- Although the parties consent to redact certain information previously filed on the public docket, the public has a presumptive First Amendment and common law right of access to judicial documents that the parties are unable to waive. *See, e.g., Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006); *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir.1995). I therefore deny the motion without prejudice to renewal upon a showing that there is a sufficient factual and legal basis for granting the relief notwithstanding the presumption that the Second Amended Complaint should remain available for public scrutiny. Ordered by Magistrate Judge James Orenstein on 4/29/2020. (Gutmann, Joseph) (Entered: 04/29/2020) |
| 05/14/2020 | 62 | Notice of MOTION for Judgment on the Pleadings by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 05/14/2020) |
| 05/14/2020 | 63 | AFFIDAVIT/DECLARATION in Support re 62 Notice of MOTION for Judgment on the Pleadings filed by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Sokoloff, Brian) (Entered: 05/14/2020) |
| 05/14/2020 | 64 | MEMORANDUM in Support re 62 Notice of MOTION for Judgment on the Pleadings filed by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 05/14/2020) |
| 05/27/2020 | 65 | MOTION for Extension of Time to Amend 53 Amended Complaint,, by Josiah Galloway. (Harvis, Gabriel) (Entered: 05/27/2020) |
| 05/28/2020 | | ORDER granting 65 Motion for Extension of Time to Amend -- The motion is granted on consent. The plaintiff's deadline to file a second amended complaint is extended until June 15, 2020. Ordered by Magistrate Judge James Orenstein on 5/28/2020. (Gutmann, Joseph) (Entered: 05/28/2020) |
| 05/29/2020 | 66 | Letter MOTION for Extension of Time to Complete Discovery by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Attachments: # 1 Exhibit) (Sokoloff, Brian) (Entered: 05/29/2020) |
| 06/01/2020 | | SCHEDULING ORDER: re 66 Letter -- I respectfully direct the plaintiff to respond to the defendants' letter motion, Docket Entry 66 , by June 3, 2020. A telephone status conference will be held on June 9, 2020 at 11:00 a.m. I respectfully direct all counsel to call 1-877-336-1839 five minutes before the scheduled start of the conference and use access code 391-4302. Any party experiencing difficulty accessing the telephone conference should contact chambers by email at Orenstein_Chambers@nyed.uscourts.gov. Pending review of the motion, the deadline for responding to the plaintiff's discovery requests is adjourned until three days after I rule on it. Ordered by Magistrate Judge James Orenstein on 6/1/2020. (Gutmann, Joseph) (Entered: 06/01/2020) |
| 06/01/2020 | 67 | Letter MOTION for Extension of Time to Complete Discovery *in response to DE:66* by Incorporated Village of Hempstead. (Attachments: # 1 Appendix) (Preston, Andrew) (Entered: 06/01/2020) |
| 06/01/2020 | | ORDER re 67 Letter MOTION for Extension of Time to Complete Discovery -- I respectfully direct the plaintiff to respond to the defendants' letter motion, Docket Entry 67 , by June 3, 2020. Ordered by Magistrate Judge James Orenstein on 6/1/2020. (Gutmann, Joseph) (Entered: 06/01/2020) |
| 06/02/2020 | 68 | TRANSCRIPT of Proceedings held on April 2, 2020 before Judge Orenstein. Court Transcriber: Aria Services, Inc., Telephone number 845-260-1377. Email address: aria@leinen.net. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/23/2020. Redacted Transcript Deadline set for 7/3/2020. Release of Transcript Restriction set for 8/31/2020. (Rocco, Christine) (Entered: 06/02/2020) |
| 06/03/2020 | 69 | RESPONSE in Opposition re 67 Letter MOTION for Extension of Time to Complete Discovery *in response to DE:66,* 66 Letter MOTION for Extension of Time to Complete Discovery filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 06/03/2020) |
| 06/04/2020 | | ORDER re 69 Response in Opposition to Motion filed by Josiah Galloway -- I will discuss the parties' discovery disputes at the conference currently scheduled for June 9, 2020 at 11:00 a.m. I strongly urge the parties' counsel to confer and resolve the disputes on consent in advance of the conference, as they are of the sort that manifestly should not require a court's intervention. Ordered by Magistrate Judge James Orenstein on 6/4/2020. (Gutmann, Joseph) (Entered: 06/04/2020) |
| 06/05/2020 | | ORDER -- Due to a conflict in the court's calendar, the telephone status conference previously scheduled for June 9, 2020 is rescheduled for June 11, 2020 at 9:30 a.m. Ordered by Magistrate Judge James Orenstein on 6/5/2020. (Gutmann, Joseph) (Entered: 06/05/2020) |
| 06/05/2020 | 70 | Letter *re Resolution of Discovery Issues* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) (Entered: 06/05/2020) |
| 06/05/2020 | | ORDER terminating 66 Motion for Extension of Time to Complete Discovery; terminating 67 Motion for Extension of Time to Complete Discovery -- In light of the parties' resolution of the outstanding discovery disputes, the two outstanding motions for extensions of time, Docket |

| | | |
|---|---|---|
| | | Entries 66 and 67 , are terminated as moot and the conference previously scheduled for June 11, 2020 is canceled. Ordered by Magistrate Judge James Orenstein on 6/5/2020. (Gutmann, Joseph) (Entered: 06/05/2020) |
| 06/11/2020 | 71 | MOTION for Extension of Time to Amend 53 Amended Complaint,, by Josiah Galloway. (Harvis, Gabriel) (Entered: 06/11/2020) |
| 06/11/2020 | 72 | MOTION for Extension of Time to File *(respectfully requesting adjustment of the briefing schedule regarding DE #62)* by Josiah Galloway. (Harvis, Gabriel) (Entered: 06/11/2020) |
| 06/11/2020 | | ORDER granting 71 Motion for Extension of Time to Amend -- The motion is granted on consent. The plaintiff's deadline to file a second amended complaint is extended until August 3, 2020. Ordered by Magistrate Judge James Orenstein on 6/11/2020. (Walker, Anna) (Entered: 06/11/2020) |
| 06/11/2020 | | ORDER withdrawing 62 Motion for Judgment on the Pleadings; granting 72 Motion for Extension of Time to File. The motion to adjust the briefing schedule is granted on consent. The County Defendants' pending motion 62 is deemed withdrawn with leave to refile. The County Defendants' motion to dismiss is due by August 24, 2020. The plaintiff's opposition is due by September 14, 2020. The defendants' reply, if any, is due by September 28, 2020. Ordered by Judge Ann M. Donnelly on 6/11/2020. (Singer, Julie) (Entered: 06/11/2020) |
| 07/31/2020 | 73 | MOTION for Extension of Time to Amend 53 Amended Complaint,, by Josiah Galloway. (Harvis, Gabriel) (Entered: 07/31/2020) |
| 08/03/2020 | | ORDER re 73 MOTION for Extension of Time to Amend 53 Amended Complaint -- I respectfully direct the County of Nassau defendants to respond to the plaintiff's letter motion, Docket Entry 73 , by August 5, 2020. Ordered by Magistrate Judge James Orenstein on 8/3/2020. (Gutmann, Joseph) (Entered: 08/03/2020) |
| 08/03/2020 | 74 | RESPONSE to Motion re 73 MOTION for Extension of Time to Amend 53 Amended Complaint,, filed by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 08/03/2020) |
| 08/03/2020 | | ORDER granting 73 Motion for Extension of Time to Amend -- The motion is granted on consent. The plaintiff's time to amend the Complaint is extended until August 27, 2020. Ordered by Magistrate Judge James Orenstein on 8/3/2020. (Gutmann, Joseph) (Entered: 08/03/2020) |
| 08/26/2020 | 75 | Consent MOTION for Extension of Time to Amend 53 Amended Complaint,, , Consent MOTION for Extension of Time to Complete Discovery by Josiah Galloway. (Harvis, Gabriel) (Entered: 08/26/2020) |
| 08/27/2020 | | ORDER denying 75 Motion for Extension of Time to Amend and denying 75 Motion for Extension of Time to Complete Discovery -- The defendants' failure to provide timely discovery is not a basis to simply keep extending deadlines. If the plaintiff wants to enforce his right to disclosures, he can seek an order to compel and can seek an appropriate sanction under Federal Rule of Civil Procedure 37 should the defendants then fail to discharge their duties; alternatively, the plaintiff can waive his right to such disclosures and complete discovery on time. I therefore deny the motion, without prejudice to the plaintiff's right to seek leave to amend if and when he succeeds in securing disclosures from the defendants that reveal a basis for the proposed amendment. Ordered by Magistrate Judge James Orenstein on 8/27/2020. (Walker, Anna) (Entered: 08/27/2020) |
| 08/27/2020 | | SCHEDULING ORDER: On June 11, 2020, I set a motion schedule for the County Defendants' motion to dismiss. This schedule is adjourned *sine die*. The County Defendants may request a new motion schedule after the plaintiff files his amended complaint. Ordered by Judge Ann M. Donnelly on 8/27/2020. (Singer, Julie) (Entered: 08/27/2020) |
| 09/22/2020 | 76 | STATUS REPORT by Josiah Galloway (Harvis, Gabriel) (Entered: 09/22/2020) |
| 09/22/2020 | | SCHEDULING ORDER: In light of the parties' joint status report at 76 , the conference previously scheduled for September 24, 2020, is canceled. Pursuant to the Case Management and Scheduling Order dated April 2, 2020, docket entry 57 , I assume that the parties agree that all discovery will be completed by the current deadline of April 5, 2021. Counsel for each party shall promptly advise me if that assumption is incorrect, and also under a continuing obligation to promptly advise me of any subsequent developments that will keep the parties from complying with the deadlines currently in effect. Ordered by Magistrate Judge James Orenstein on 9/22/2020. (Oliner, Daniel) (Entered: 09/22/2020) |
| 10/20/2020 | 77 | Joint MOTION for Extension of Time to Complete Discovery *(and status report)*, Letter MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Third Amended Complaint)* by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Harvis, Gabriel) (Entered: 10/20/2020) |
| 10/21/2020 | | ORDER granting 77 Motion for Extension of Time to Complete Discovery --The motion for additional time to complete discovery is granted. I will enter a separate amended scheduling order reflecting the new deadlines. I respectfully direct defendant Village of Hempstead to respond to the portion of the plaintiff's letter motion, Docket Entry 77 , which seeks leave to amend the complaint, by October 23, 2020. Ordered by Magistrate Judge James Orenstein on 10/21/2020. (Oliner, Daniel) (Entered: 10/21/2020) |
| 10/21/2020 | 78 | **AMENDED SCHEDULING ORDER:** Plaintiff's expert disclosures due by: February 4, 2021. Defendants' expert disclosures due by: April 5, 2021. All discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: May 5, 2021. Pretrial Conference (*ex parte* statements of settlement position due via email two business days in advance): May 19, 2021, at 9:30 a.m. Dispositive motion process started by: June 7, 2021. Joint pretrial order due by: July 2, 2021. The deadlines in this order will be enforced, and, in light of the history of this case, will be modified only upon a timely showing of extraordinary circumstances. **SEE ATTACHED ORDER.** Ordered by Magistrate Judge James Orenstein on 10/21/2020. (Oliner, Daniel) (Entered: 10/21/2020) |
| 10/21/2020 | 79 | Letter *To Judge Orenstein opposing leave to file a third amended complaint* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead (Preston, Andrew) (Entered: 10/21/2020) |
| 10/21/2020 | | ORDER granting 77 Motion for Leave to File. The proposed amended complaint explicitly alleges that putative new defendant Joseph Sortino (Sortino) conspired [with other defendants] to prepare and file false felony complaints against [the] plaintiff[.] Docket Entry 77-2 43. The parties agree that, at a minimum, Sortino executed the complaints against the plaintiff. The fact that the defendants contest whether Sortinos role was to do anything other than witness the complaining officers signatures, rather than consulting with the officer on the complaints' contents, does not render the proposed amendment futile. Instead, it merely reveals the existence of a factual dispute to be resolved after discovery. The proposed amendment is therefore not futile, and the defendants do not oppose the motion on any other ground. Accordingly, I grant the motion to amend. Ordered by Magistrate Judge James Orenstein on 10/21/2020. (Orenstein, James) (Entered: 10/21/2020) |

| | | |
|---|---|---|
| 10/22/2020 | 80 | AMENDED COMPLAINT *(Third)* against County Of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, John Doe and Jane Doe #s 1 - 20, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao, Joseph Sortino, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 10/22/2020) |
| 10/23/2020 | 81 | NOTICE of Appearance by Rhoda Yohai Andors on behalf of Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead (aty to be noticed) (Andors, Rhoda) (Entered: 10/23/2020) |
| 10/26/2020 | 82 | Proposed Summons. Re 80 Amended Complaint,, by Josiah Galloway (Harvis, Gabriel) (Entered: 10/26/2020) |
| 10/27/2020 | 83 | Summons Issued as to Joseph Sortino. (Guzzi, Roseann) (Entered: 10/27/2020) |
| 11/06/2020 | 84 | Letter MOTION to Withdraw as Attorney by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead. (Preston, Andrew) (Entered: 11/06/2020) |
| 11/10/2020 | | ORDER granting 84 Motion to Withdraw as Attorney. Attorney Michael Paul Siravo is removed as an attorney for this case. Ordered by Judge Ann M. Donnelly on 11/10/2020. (Singer, Julie) (Entered: 11/10/2020) |
| 11/12/2020 | 85 | ANSWER to 80 Amended Complaint,, by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 11/12/2020) |
| 11/13/2020 | 86 | ANSWER to 80 Amended Complaint,, by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Preston, Andrew) (Entered: 11/13/2020) |
| 11/16/2020 | | Case Reassigned to Magistrate Judge Arlene R. Lindsay. Magistrate Judge James Orenstein no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Mahoney, Brenna) (Entered: 11/16/2020) |
| 11/30/2020 | 87 | Letter MOTION for Extension of Time to Complete Discovery by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 11/30/2020) |
| 12/01/2020 | | ORDER re 87 : The scheduling order is modified as follows: All discovery, inclusive of expert discovery, to be concluded by June 4, 2021. Any party planning on making a dispositive motion must take the first step in the motion process by July 7, 2021. The parties are to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by counsel for each party, on or before August 3, 2021. A final conference is scheduled for August 4, 2021 at 1:30 p.m. Ordered by Magistrate Judge Arlene R. Lindsay on 12/1/2020. c/ecf (Imrie, Robert) (Entered: 12/01/2020) |
| 12/03/2020 | 88 | MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* by Josiah Galloway. (Attachments: # 1 Exhibit) (Harvis, Gabriel) (Entered: 12/03/2020) |
| 12/04/2020 | 89 | Letter *re Plaintiff's Request for Leave to Amend the Complaint* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) (Entered: 12/04/2020) |
| 12/08/2020 | | ORDER re 88 : The application is denied with leave to renew for violation of procedural rules. Ordered by Magistrate Judge Arlene R. Lindsay on 12/8/2020. c/ecf (Imrie, Robert) (Entered: 12/08/2020) |
| 12/08/2020 | 90 | MOTION for pre motion conference re 80 Amended Complaint,, *(respectfully requesting leave to amend)* by Josiah Galloway. (Attachments: # 1 Exhibit Proposed Fourth Amended Complaint) (Harvis, Gabriel) (Entered: 12/08/2020) |
| 12/09/2020 | | ORDER RESPECTFULLY REFERRING MOTION: 90 MOTION for pre motion conference re 80 Amended Complaint,, *(respectfully requesting leave to amend)* filed by Josiah Galloway respectfully referred to Magistrate Judge Arlene R. Lindsay. Ordered by Judge Ann M. Donnelly on 12/9/2020. Motion respectfully referred to Arlene R. Lindsay. (Greene, Donna) (Entered: 12/09/2020) |
| 12/11/2020 | | ORDER re 90 : The plaintiffs request for a pre motion conference has been referred to the undersigned by Judge Donnelly. Having reviewed the plaintiffs initial filing, the Court finds that a pre motion conference is not necessary. The plaintiff shall serve the moving papers on the defendants by December 21, 2020. The defendants shall serve opposition by January 4, 2021. The plaintiffs shall serve the reply, and file the fully briefed motion, by January 11, 2021. Ordered by Magistrate Judge Arlene R. Lindsay on 12/11/2020. c/ecf (Miller, Dina) (Entered: 12/11/2020) |
| 01/11/2021 | 91 | Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* by Josiah Galloway. (Harvis, Gabriel) (Entered: 01/11/2021) |
| 01/11/2021 | 92 | MEMORANDUM in Support re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 01/11/2021) |
| 01/11/2021 | 93 | AFFIDAVIT/DECLARATION in Support re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit) (Harvis, Gabriel) (Entered: 01/11/2021) |
| 01/11/2021 | 94 | MEMORANDUM in Opposition re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 01/11/2021) |
| 01/11/2021 | 95 | AFFIDAVIT/DECLARATION in Opposition re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit) (Harvis, Gabriel) (Entered: 01/11/2021) |
| 01/11/2021 | 96 | REPLY in Support re 94 Memorandum in Opposition, 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 01/11/2021) |
| 01/11/2021 | 97 | AFFIDAVIT/DECLARATION in Support re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit) (Harvis, Gabriel) (Entered: |

| | | 01/11/2021) |
|---|---|---|
| 01/15/2021 | 98 | RESPONSE in Opposition re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* , REPLY to Response to Motion re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint)* filed by Detective Thomas Bischoff (Shield #1001), County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 01/15/2021) |
| 01/15/2021 | 99 | RESPONSE to Motion re 91 Notice of MOTION for Leave to File Document *(respectfully requesting leave to file plaintiff's proposed Fourth Amended Complaint) (respectfully responding to DE #98)* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 01/15/2021) |
| 03/08/2021 | 100 | MOTION to Compel by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit) (Harvis, Gabriel) (Entered: 03/08/2021) |
| 03/09/2021 | 101 | Letter *to Magistrate Judge Lindsay seeking on consent an extension of time to respond to Plaintiff's motion [DE 100]* by County Of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Nassau County Police Department, Charles Olie, Kathleen Rice, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) (Entered: 03/09/2021) |
| 03/09/2021 | | ORDER re 101 : Application granted. Ordered by Magistrate Judge Arlene R. Lindsay on 3/9/2021. c/ecf (Miller, Dina) (Entered: 03/09/2021) |
| 03/18/2021 | 102 | Letter *seeking second one week extension of time to respond to Plaintiff's discovery motion [DE 100]* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Nassau County Police Department, Charles Olie, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) (Entered: 03/18/2021) |
| 03/18/2021 | 103 | REPLY in Opposition re 102 Letter, filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit) (Harvis, Gabriel) (Entered: 03/18/2021) |
| 03/19/2021 | | ORDER re 102 : The defendants may respond to the plaintiff's motion to compel on or before March 25, 2021. No further extensions will be granted. Ordered by Magistrate Judge Arlene R. Lindsay on 3/19/2021. c/ecf (Miller, Dina) (Entered: 03/19/2021) |
| 03/25/2021 | 104 | RESPONSE in Opposition re 100 MOTION to Compel filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Nassau County Police Department, Charles Olie, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 03/25/2021) |
| 03/30/2021 | 105 | ORDER re 100 : See the attached Order for details. Ordered by Magistrate Judge Arlene R. Lindsay on 3/30/2021. c/ecf (Imrie, Robert) (Entered: 03/30/2021) |
| 03/30/2021 | 106 | MOTION to Withdraw as Attorney by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Charles Olie, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 03/30/2021) |
| 03/31/2021 | | ORDER granting 106 Motion to Withdraw as Attorney. Attorney Alexander Joseph Eleftherakis terminated. Ordered by Magistrate Judge Arlene R. Lindsay on 3/31/2021. c/ecf (Imrie, Robert) (Entered: 03/31/2021) |
| 04/19/2021 | 107 | NOTICE of Appearance by William J Garry on behalf of Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino (aty to be noticed) (Garry, William) (Entered: 04/19/2021) |
| 04/19/2021 | 108 | NOTICE of Consent to Change Attorney by William J Garry (Garry, William) Modified on 4/20/2021 (Imrie, Robert). (Entered: 04/19/2021) |
| 04/20/2021 | | ORDER granting 108 Motion to Substitute Attorney. Attorney Rhoda Yohai Andors and Andrew Kenneth Preston terminated for Incorporated Village of Hempstead, Kevin Cunningham, Steven Horowitz and Joseph Sortino. Attorney William J. Garry added. Ordered by Magistrate Judge Arlene R. Lindsay on 4/20/2021. c/ecf (Imrie, Robert) (Entered: 04/20/2021) |
| 05/04/2021 | 109 | Letter MOTION for Extension of Time to Complete Discovery by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 05/04/2021) |
| 05/04/2021 | 110 | RESPONSE in Opposition re 109 Letter MOTION for Extension of Time to Complete Discovery filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 05/04/2021) |
| 05/04/2021 | 111 | REPLY to Response to Motion re 109 Letter MOTION for Extension of Time to Complete Discovery filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 05/04/2021) |
| 05/05/2021 | 112 | ORDER re 109 - 110 : See the attached Order for details. Ordered by Magistrate Judge Arlene R. Lindsay on 5/5/2021. c/ecf (Imrie, Robert) (Entered: 05/05/2021) |
| 05/10/2021 | 113 | ORDER re 91 : See the attached Order for details. Ordered by Magistrate Judge Arlene R. Lindsay on 5/10/2021. c/ecf (Imrie, Robert) (Entered: 05/10/2021) |
| 05/11/2021 | 114 | AMENDED COMPLAINT against County Of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, John Doe and Jane Doe #s 1 - 20, Deteictve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Joseph Sortino, Carl M. Strange, Rene Yao, filed by Josiah Galloway. (Harvis, Gabriel) (Main Document 114 replaced for statistical purposes- original pdf flagged as corrupt on 9/9/2021) (Florio, Lisa). (Entered: 05/11/2021) |
| 05/13/2021 | 115 | Proposed Scheduling Order *(Revised)* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino (Garry, William) (Entered: 05/13/2021) |
| 05/16/2021 | | ORDER re 115 : Given the recent amendment of the complaint, the scheduling order is modified as follows: all discovery, inclusive of expert discovery, is to be concluded by August 31, 2021. The parties may follow the interim discovery dates agreed upon and set forth in the proposed schedule. Any party planning on making a dispositive motion must take the first step in the motion process by September 30, 2021. The parties are to electronically file a joint proposed pretrial order in compliance with the district judge's individual rules, signed by counsel for each party, |

| | | |
|---|---|---|
| | | on or before October 19, 2021. The final conference is adjourned to October 21, 2021 at 2:00 p.m. Ordered by Magistrate Judge Arlene R. Lindsay on 5/16/2021. c/ecf (Miller, Dina) (Entered: 05/16/2021) |
| 05/17/2021 | 116 | ANSWER to 114 Amended Complaint,, by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 05/17/2021) |
| 05/19/2021 | 117 | NOTICE of Appearance by Leo Dorfman on behalf of Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (aty to be noticed) (Dorfman, Leo) (Entered: 05/19/2021) |
| 05/20/2021 | 118 | ANSWER to 114 Amended Complaint,, , CROSSCLAIM against County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Josiah Galloway, John Doe and Jane #s 1 - 20, Detecitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao by Joseph Sortino, Detective Kevin Cunningham (Shield #112), Incorporated Village of Hempstead, P.O. Steven Horowitz (Shield #144). (Garry, William) (Entered: 05/20/2021) |
| 05/25/2021 | | Case reassigned to Magistrate Judge James M. Wicks. Magistrate Judge Arlene R. Lindsay no longer assigned to the case. Please download and review the Individual Practices of the assigned Judges, located on our website. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. (Florio, Lisa) (Entered: 05/25/2021) |
| 05/26/2021 | | SCHEDULING ORDER: A status conference via Zoom shall take place on 9/9/2021 at 10:00 am before Judge Wicks. The Court will send counsel a Zoom invitation via email closer to the status conference date. So Ordered by Magistrate Judge James M. Wicks on 5/26/2021. (Sanders, Scott) (Entered: 05/26/2021) |
| 07/12/2021 | 119 | Letter MOTION to Compel *production of underlying disciplinary records and 30(b)(6) witness designation*, Consent MOTION for Extension of Time to Complete Discovery *seeking extension of plaintiff's deadline to take 30(b)(6) testimony*, Letter MOTION for Leave to File Document *proposing briefing schedule for plaintiff's disqualification motion* by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit) (Harvis, Gabriel) (Entered: 07/12/2021) |
| 07/16/2021 | 120 | Consent MOTION to Compel re 119 Letter MOTION to Compel *production of underlying disciplinary records and 30(b)(6) witness designation*Consent MOTION for Extension of Time to Complete Discovery *seeking extension of plaintiff's deadline to take 30(b)(6) testimony*Letter MOTION for Leave to File Document *proposing briefing schedule for plaintiff's disqualification motion* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Carl M. Strange, Rene Yao. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Sokoloff, Brian) (Entered: 07/16/2021) |
| 07/16/2021 | | ORDER granting 120 Motion to Stay all discovery pending ruling on anticipated motion for disqualification (see DE 119). All existing discovery dates and deadlines are hereby suspended pending resolution of the anticipated motion to disqualify. The briefing schedule for the motion to disqualify is the following: (1) Moving papers shall be served (not filed) on or before 07/19/2021; (2) opposition papers shall be served (not filed) on or before 08/16/2021; (3) reply papers, if any, shall be served on or before 08/30/2021; (4) movant shall then file by ECF all motion papers on the date the reply is served or 08/30/2021 if none is served; and (5) oral argument shall take place 09/09/2021 at 11:30 am in person in courtroom 1020. So Ordered by the Hon. James M. Wicks 07/16/2021. Ordered by Magistrate Judge James M. Wicks on 7/16/2021. (Wicks, James) (Entered: 07/16/2021) |
| 07/16/2021 | | ORDER finding as moot 119 Motions to Compel, for Extension of Time to Complete Discovery and to set schedule for anticipated motion to disqualify. In light of this Court's ruling on the motion for a stay (DE 120) issued on this same date, the motion herein at DE 119 is denied as moot. The briefing schedule and oral argument date on the anticipated motion to disqualify is set forth in the docket entry ruling on the motion filed under DE 120. So Ordered by Magistrate Judge James M. Wicks on 7/16/2021. (Wicks, James) (Entered: 07/16/2021) |
| 08/12/2021 | 121 | Letter MOTION for Extension of Time to Complete Discovery *seeking a consent extension of the briefing schedule on Plaintiff's motion to disqualify counsel* by County Of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) Modified event type from Letter to Motion on 8/16/2021 (Ortiz, Grisel). (Entered: 08/12/2021) |
| 08/16/2021 | | ORDER granting 121 Motion for Extension. Defendants shall serve their opposition papers on or before 8/23/2021. Plaintiff shall serve his reply papers, if any, on or before 9/6/2021. The parties shall bundle file their papers on ECF on the day Plaintiff's reply is served or on 9/6/2021 if none is served. So Ordered by Magistrate Judge James M. Wicks on 8/16/2021. (Sanders, Scott) (Entered: 08/16/2021) |
| 08/30/2021 | | ORDER: Pursuant to the Administrative Order No. 2021-04-6 dated 8/27/2021, the Conference set for 9/9/2021 at 11:30 AM **will now be held via the Court's Video Zoom** instead of in-person. The Court will email the Zoom invitation to all the parties listed on the docket. So Ordered by Magistrate Judge James M. Wicks on 8/30/2021. (Ortiz, Grisel) (Entered: 08/30/2021) |
| 09/07/2021 | 122 | MOTION to Disqualify Counsel by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/07/2021) |
| 09/07/2021 | 123 | MEMORANDUM in Support re 122 MOTION to Disqualify Counsel filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/07/2021) |
| 09/07/2021 | 124 | AFFIDAVIT/DECLARATION in Support re 122 MOTION to Disqualify Counsel filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit) (Harvis, Gabriel) (Entered: 09/07/2021) |
| 09/07/2021 | 125 | MEMORANDUM in Opposition re 122 MOTION to Disqualify Counsel filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/07/2021) |
| 09/07/2021 | 126 | AFFIDAVIT/DECLARATION in Opposition re 122 MOTION to Disqualify Counsel filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit) (Harvis, Gabriel) (Entered: 09/07/2021) |
| 09/07/2021 | 127 | REPLY in Support re 122 MOTION to Disqualify Counsel filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/07/2021) |
| 09/09/2021 | 128 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR MOTION HEARING. Counsel For Plaintiff: Baree N. Fett and Gabriel P. Harvis. Counsel For Defendant: Brian S. Sokoloff (for County of Nassau; Detective Ross, DeCaro, Lipson, D'Luginski, Darienzo, Dorsi, Yao, Strange). Counsel For Defendant: William J. Garry (for Incorp. Village Hempstead PO Steven Horowitz, Detective Cunningham, Sortino). Video Motion Hearing held on 9/9/2021 at 11:30 AM. Oral Argument held regarding De# 122 |

| | | |
|---|---|---|
| | | Motion to Disqualify Counsel. Parties' arguments were heard. The decision was reserved. The Court will issue a written decision. (FTR Log #11:34-12:03 (video).)(Ortiz, Grisel) (Entered: 09/09/2021) |
| 09/10/2021 | | ORDER re: Plaintiff's Motion to Disqualify Counsel: Having reviewed the parties' submissions and heard oral argument, the parties are directed to submit letters on or before 9/17/21 addressing the sole issue of the propriety of defense counsel's work-product privilege assertion at ADA Anania's deposition. The letters shall not exceed three (3) pages in length. So Ordered by Magistrate Judge James M. Wicks on 9/10/2021. (Sanders, Scott) (Entered: 09/10/2021) |
| 09/17/2021 | 129 | Letter *respectfully addressing the propriety of defense counsel's work-product privilege assertion at ADA Anania's deposition, in accordance with the Court's order dated September 10, 2021* by Josiah Galloway (Harvis, Gabriel) (Entered: 09/17/2021) |
| 09/17/2021 | 130 | Letter *to Magistrate Judge Wicks supporting assertion of work product doctrine at deposition of Sheryl Anania (as directed by Court in undated docket entry of 9/10/2021)* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Exhibit A) (Sokoloff, Brian) (Entered: 09/17/2021) |
| 09/22/2021 | | ORDER: After reviewing the parties' briefing on the propriety of defense counsel's work privilege assertion at ADA Anania's deposition (DE 129, 130), the Court concludes that the work product assertion was improper. The question posed to ADA Anania was whether she believed that certain police identification procedures were permissible. (DE 124-4 at 4.) While the question sought ADA Anania's opinion on the constitutionality of certain procedures, it *did not* seek to extract any identifiable work product from her. Said differently, the opinion sought by Plaintiff's counsel was not prepared by [ADA Anania] with an eye toward [this] litigation. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947). Rather, ADA Anania's peripheral involvement in this case stems only from her work to exonerate Plaintiff, work that was not completed at the behest of Defendants in anticipation of this litigation. Defense counsel's reliance on the work product privilege was therefore improper. As such, Plaintiff may, by 10/6/2021, continue the deposition of ADA Anania, limited only to the question posed by Plaintiff's counsel regarding the legality of the police identification procedures, as well as any reasonable outgrowth of questioning following her response. The parties may conduct the deposition remotely. Following the deposition, the parties shall, on or before 10/15/2021, supplement their submissions regarding Plaintiff's motion to disqualify counsel (DE 122, 125), explaining how, if at all, ADA Anania's answers affect the disqualification analysis. The supplemental briefings shall be no longer than three (3) pages in length. So Ordered by Magistrate Judge James M. Wicks on 9/22/2021. (Sanders, Scott) (Entered: 09/22/2021) |
| 10/05/2021 | 131 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR DEPOSITION DISPUTE. Telephone Discovery Hearing held on 10/5/2021 at 11:45 am. Defendant called the Court seeking a ruling on certain objections made during the continued deposition of ADA Anania. Specifically, the objections related to whether the questions posed by Plaintiff were a reasonable outgrowth of her response to inquiry concerning the legality of police identification procedures. The rulings were made on the record of the deposition. The Court sustained the objections to all but one of the questions posed. (Ortiz, Grisel) (Entered: 10/05/2021) |
| 10/15/2021 | 132 | REPLY in Support re 122 MOTION to Disqualify Counsel filed by Josiah Galloway. (Attachments: # 1 Exhibit Transcript of Anania Deposition on 10/5/2021) (Harvis, Gabriel) (Entered: 10/15/2021) |
| 10/20/2021 | 133 | Joint MOTION to Adjourn Conference by Josiah Galloway. (Harvis, Gabriel) (Entered: 10/20/2021) |
| 10/21/2021 | | ORDER granting 133 Motion to Adjourn Conference. The previously scheduled status conference is hereby adjourned and rescheduled for 11/22/2021 @ 9:30 AM by Telephone before Magistrate Judge James M. Wicks. The parties are to dial 866-434-5269, code 9025281 at the scheduled time. So Ordered by Magistrate Judge James M. Wicks on 10/21/2021. (Wicks, James) (Entered: 10/21/2021) |
| 10/22/2021 | 134 | REPLY in Opposition re 122 MOTION to Disqualify Counsel , 132 Reply in Support filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Sokoloff, Brian) (Entered: 10/22/2021) |
| 10/22/2021 | 135 | Letter MOTION to Strike 134 Reply in Opposition,, by Josiah Galloway. (Harvis, Gabriel) (Entered: 10/22/2021) |
| 10/25/2021 | | ORDER denying Motion to Strike [DE 135]. Plaintiff's motion to strike Defendant's reply in opposition to Plaintiff's motion to disqualify [DE 134] is denied. Given the belated filing of Defendant's reply, however, Plaintiff may submit reply papers by end of business tomorrow, 10/26/2021. So Ordered by Magistrate Judge James M. Wicks on 10/25/2021. (Sanders, Scott) (Entered: 10/25/2021) |
| 10/25/2021 | 136 | REPLY in Support re 122 MOTION to Disqualify Counsel , 134 Reply in Opposition,, 132 Reply in Support filed by Josiah Galloway. (Attachments: # 1 Exhibit 9-13-2018 Conference Transcript, # 2 Exhibit Prior version of Exhibit B to DE #134, # 3 Exhibit Excerpt of Anania Deposition Transcript, 9-11-2020) (Harvis, Gabriel) (Entered: 10/25/2021) |
| 10/27/2021 | 137 | ORDER granting 122 Motion to Disqualify Counsel. Plaintiff's motion to disqualify Defendants' Counsel, Sokoloff Stern LLP, is hereby GRANTED. Please see the attached Memorandum Decision and Order for further details. This action remains stayed for thirty days to allow Defendants to retain substitute counsel. So Ordered by Magistrate Judge James M. Wicks on 10/27/2021. (Sanders, Scott) (Entered: 10/27/2021) |
| 11/04/2021 | 138 | Letter MOTION for Extension of Time to File *objections to Docket Entry 137* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 11/04/2021) |
| 11/04/2021 | 139 | RESPONSE to Motion re 138 Letter MOTION for Extension of Time to File *objections to Docket Entry 137* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 11/04/2021) |
| 11/04/2021 | | ORDER granting 138 Motion for Extension of Time to File. The defendants Nassau County, Det. Matthew Ross, Det. Charles DeCaro, Det. Ronald Lipson, Det. Thomas Dluginski, Det. George Darienzo, Det. Sgt. Richard Dorsi, Det. Rene Yao and Det. Carl Strange have until November 26, 2021 to file any objections to Judge Wicks' October 27, 2021 order 137 . Ordered by Judge Ann M. Donnelly on 11/4/2021. (Rosenthal, Joshua) (Entered: 11/04/2021) |
| 11/05/2021 | 140 | Letter *to Judge Donnelly seeking reinstatement to Court's ECF docket until decision on objections to DE 137* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Sokoloff, Brian) (Entered: 11/05/2021) |

| 11/22/2021 | 141 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. Counsel For Plaintiff: Baree N. Fett and Gabriel P. Harvis. Counsel For Defendant: William J. Garry (For Village of Hempstead; Horowits; Sortino). No Appearance from: County of Nassau; Nassau County Police Dept.; Detective Matthew Ross; Detective Charles DeCaro; Detective Ronald Lipson; Detective Thomas D'Luginski; Detective George Darienzo; Detective Kevin Cunningham; Detective Richard Dorsi; Detective Rene Yao; Detective Carl M. Strange. Telephone Status Conference held on 11/22/2021 at 9:30 AM. Given that a majority of Defendants remain unrepresented in this matter, the Court refrained from setting a revised discovery schedule. Instead, a status conference has been scheduled for December 7, 2021 at 11:30 am via the Court's AT&T Conference line. The parties should dial 1-866-434-5269 and enter access code 9025281# at the prompt. At that point, Defendants should have new counsel secured. Alternatively, Sokoloff Stern may attend the conference and the Court will entertain an application for a stay of discovery pending the outcome of the appeal of its disqualification decision. (FTR Log #9:32-9:41 (tel.).)(Ortiz, Grisel) (Entered: 11/22/2021) |
| 11/26/2021 | 142 | NOTICE by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao re 137 Order on Motion to Disqualify Counsel, *Objections Under Fed. R. Civ. Pro. 72* (Sokoloff, Brian) (Entered: 11/26/2021) |
| 11/26/2021 | 143 | NOTICE by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao re 142 Notice(Other), *Supporting Declaration of Brian S. Sokoloff, dated November 26, 2021* (Attachments: # 1 Exhibit A) (Sokoloff, Brian) (Entered: 11/26/2021) |
| 12/02/2021 | 144 | EXHIBIT *B to Sokoloff Declaration [DE 143]* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. Related document: 143 Notice(Other), filed by Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Richard Dorsi, Detective George Darienzo (Shield #1038), Detective Thomas D'Luginski (Shield #7900), County of Nassau, Detective Charles DeCaro (Shield #1047), Rene Yao. (Attachments: # 1 Transmittal Letter to Judge Donnelly regarding submission of Exhibit B to DE 143) (Sokoloff, Brian) (Entered: 12/02/2021) |
| 12/07/2021 | 145 | Letter *respectfully submitted in connection with the objections filed by the Nassau County defendants at DE #142-144* by Josiah Galloway (Harvis, Gabriel) (Entered: 12/07/2021) |
| 12/07/2021 | 146 | NOTICE of Appearance by Liora M. Ben-Sorek on behalf of County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (aty to noticed) (Ben-Sorek, Liora) (Entered: 12/07/2021) |
| 12/07/2021 | 147 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. APPEARANCES: For Plaintiff: Baree N. Fett, Gabriel P. Harvis. For Defendant: Liora Ben-Sorek, William J. Gary. Also Present: Brian S. Sokoloff. Video Status Conference held on 12/7/2021 at 11:30 AM. Sokoloff Stern orally applied for stay of the proceedings pending the resolution by the Hon. Ann M. Donnelly of its objections to the undersigned's disqualification order. Although opposed by Plaintiff, the Court granted Sokoloff Stern's stay application and, as such, this case will remain stayed only until the next status conference or a decision rendered by Judge Donnelly, whichever occurs sooner. The status conference is hereby scheduled for January 10, 2022 at 2:30 PM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. (FTR Log #11:41-11:52 (video).)(Ortiz, Grisel) (Entered: 12/07/2021) |
| 12/08/2021 | | SCHEDULING ORDER: The plaintiff is directed to file a response, if he so chooses, to 142 the Nassau County defendants' objection no later than December 17, 2021. Ordered by Judge Ann M. Donnelly on 12/8/2021. (Rosenthal, Joshua) (Entered: 12/08/2021) |
| 12/17/2021 | 148 | REPLY in Opposition re 142 Notice(Other), filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 12/17/2021) |
| 12/22/2021 | | SCHEDULING ORDER: The Court is in receipt of the parties' briefing on 142 the County Defendants' objections to Judge Wicks' October 27, 2021 order. A hearing on the objections will take place on January 11, 2022 at 3:30 p.m. in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 12/22/2021. (Rosenthal, Joshua) (Entered: 12/22/2021) |
| 01/05/2022 | | SCHEDULING ORDER: The 1/10/22 Zoom status conference is hereby adjourned until 2/14/22 at 11:30 am. The Court will email a Zoom invitation closer to the conference date. So Ordered by Magistrate Judge James M. Wicks on 1/5/2022. (Sanders, Scott) (Entered: 01/05/2022) |
| 01/10/2022 | | RESCHEDULING ORDER: The hearing scheduled for January 11, 2022 at 3:30 p.m. will now be held via telephone rather than in-person (line (888) 363-4734, access code 9057625). Ordered by Judge Ann M. Donnelly on 1/10/2022. (Rosenthal, Joshua) (Entered: 01/10/2022) |
| 01/11/2022 | | Minute Entry for proceedings held before Judge Ann M. Donnelly: Hearing held on January 11, 2022 regarding the objection to 137 Judge Wicks' order granting the plaintiff's motion to disqualify counsel. Baree Fett and Gabriel Harvis appeared for the plaintiff, and Brian Sokoloff and William Garry appeared for the defendants. Case called. Discussion held. The parties are directed to file a joint status update by January 25, 2022 whether they intend to pursue settlement. (Court Reporter Charleane Heading.) (Rosenthal, Joshua) (Entered: 01/11/2022) |
| 01/21/2022 | 149 | Letter MOTION for Discovery *respectfully requesting that the discovery stay be lifted* by Josiah Galloway. (Attachments: # 1 Exhibit Transcript of 1/11/22 objection hearing) (Harvis, Gabriel) (Entered: 01/21/2022) |
| 01/21/2022 | 150 | REPLY in Opposition re 149 Letter MOTION for Discovery *respectfully requesting that the discovery stay be lifted* , RESPONSE in Opposition re 149 Letter MOTION for Discovery *respectfully requesting that the discovery stay be lifted* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Sokoloff, Brian) (Entered: 01/21/2022) |
| 01/23/2022 | | ORDER denying 149 Motion for Vacatur of Stay of Discovery. The undersigned granted a stay of discovery pending review by the Hon. Ann M. Donnelly of the order disqualifying Sokoloff Stern. That appeal remains sub judice before Judge Donnelly, and no good cause was proffered to lift the stay while she considers the appeal. Accordingly, the motion to vacate the stay is denied pending decision on the disqualification order. So Ordered by Magistrate Judge James M. Wicks on 1/23/2022. (Wicks, James) (Entered: 01/23/2022) |
| 01/25/2022 | 151 | STATUS REPORT *(respectfully requesting a deadline for any supplemental submissions on the order disqualifying the Sokoloff firm)* by Josiah Galloway (Harvis, Gabriel) (Entered: 01/25/2022) |

| 01/25/2022 | | SCHEDULING ORDER: The Court is in receipt of [151](#) the parties' joint status update. The parties are directed to file supplemental briefing on the order disqualifying the Sokoloff firm by February 10, 2022. Ordered by Judge Ann M. Donnelly on 1/25/2022. (Rosenthal, Joshua) (Entered: 01/25/2022) |
|---|---|---|
| 02/09/2022 | 152 | Letter *to Judge Donnelly supplementing objection to disqualification order of Mag. J. Wicks* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteciitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Sokoloff, Brian) (Entered: 02/09/2022) |
| 02/10/2022 | 153 | REPLY in Opposition re 142 Notice(Other), filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Harvis, Gabriel) (Entered: 02/10/2022) |
| 02/11/2022 | | SCHEDULING ORDER: The 2/14/2022 Zoom status conference is hereby adjourned until 3/14/2022 at 11:00 am. The Court will email a Zoom invitation closer to the conference date. So Ordered by Magistrate Judge James M. Wicks on 2/11/2022. (Sanders, Scott) (Entered: 02/11/2022) |
| 02/25/2022 | | SCHEDULING ORDER: Due to a conflict in the Court's calendar, the Status Conference set for 3/14/2022 at 11:00 AM is here by **ADJOURNED to 2:00 PM** via the Court's Video Zoom. So Ordered by Magistrate Judge James M. Wicks on 2/25/2022. (Ortiz, Grisel) (Entered: 02/25/2022) |
| 03/07/2022 | 154 | MEMORANDUM DECISION AND ORDER. The Court affirms Judge Wicks's decision to disqualify Sokoloff Stern LLP from representing the defendants in this matter. Ordered by Judge Ann M Donnelly on 3/4/2022. (Greene, Donna) (Entered: 03/07/2022) |
| 03/08/2022 | | SCHEDULING ORDER: In light of the Honorable Ann M. Donnelly's recent ruling [DE 154], the March 14 status conference is hereby adjourned until April 8, 2022 at 9:30 am via Zoom to allow Defendants to retain substitute counsel. The Court will email a Zoom invite closer to the conference date. So Ordered by Magistrate Judge James M. Wicks on 3/8/2022. (Sanders, Scott) (Entered: 03/08/2022) |
| 04/06/2022 | 155 | Letter MOTION to Adjourn Conference *scheduled for April 8, 2022* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteciitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Ben-Sorek, Liora) (Entered: 04/06/2022) |
| 04/06/2022 | | ORDER granting 155 Motion to Adjourn Conference. The status conference originally scheduled for April 8, 2022 is hereby adjourned to April 22,2022 at 10:00 AM in person in courtroom 1020 of U. S. District Court, EDNY, Long Island Courthouse, 100 Federal Plaza, Central Islip, NY before the undersigned. Defendants are further herby directed to arrange for the filing of a Notice of Appearance of incoming counsel on or before April 21, 2022. So Ordered by Magistrate Judge James M. Wicks on 4/6/2022. (Wicks, James) (Entered: 04/06/2022) |
| 04/14/2022 | | SCHEDULING ORDER: The Status Conference set for 4/22/2022 at 10:00 AM will be held via the Court's Video Zoom instead of in-Person. The Court will email the Zoom invitation closer to the conference date. So Ordered by Magistrate Judge James M. Wicks on 4/14/2022. (Ortiz, Grisel) (Entered: 04/14/2022) |
| 04/18/2022 | | SCHEDULING ORDER: On Request from the Parties, the Status Conference set for 4/22/2022 at 10:00 AM is hereby ADJOURNED to 10:30 AM via zoom. So Ordered by Magistrate Judge James M. Wicks on 4/18/2022. (Ortiz, Grisel) (Entered: 04/18/2022) |
| 04/21/2022 | 156 | NOTICE of Appearance by Peter A. Meisels on behalf of County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteciitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (atty to be noticed) (Meisels, Peter) (Entered: 04/21/2022) |
| 04/22/2022 | 157 | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR STATUS CONFERENCE. Counsel For Plaintiff: Baree N. Fett and Gabriel P. Harvis. Counsel For Defendants: Peter A. Meisels and William J. Garry. Status Conference held on 4/22/2022 at 10:30 AM. The stay [DE 147] is hereby vacated and the following final discovery schedule has been set: completion of all fact discovery on or before 6/3/2022; identification of rebuttal experts and service of Rule 26 disclosures on or before 7/1/2022; close of all discovery, including expert discovery on or before 7/29/2022; and the final date by which the parties shall take the first step in summary judgment motion practice is on or before 8/5/22022. A Pretrial Conference has been scheduled for August 25, 2022, at 10:00 AM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. A joint proposed pretrial order in compliance with Judge Donnelly's requirements, signed by counsel for each party, must be received by the undersigned 5 business days prior to this conference. **THE PARTIES ARE REMINDED that audio or video recording of proceedings by any party other than the Court is strictly prohibited by Local Civil Rule 1.8. Violation of this rule may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed appropriate by the Court.** (FTR Log #10:30-10:46 (video).) (Ortiz, Grisel) (Entered: 04/22/2022) |
| 04/22/2022 | 158 | NOTICE of Appearance by Lalit Kumar Loomba on behalf of County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteciitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (atty to be noticed) (Loomba, Lalit) (Entered: 04/22/2022) |
| 04/22/2022 | 159 | NOTICE of Appearance by John Vitagliano on behalf of County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteciitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (atty to be noticed) (Vitagliano, John) (Entered: 04/22/2022) |
| 06/01/2022 | 160 | Joint MOTION to Take Deposition from Nassau County and Matthew Ross *(notwithstanding the close of fact discovery on June 3, 2022)* by Josiah Galloway. (Harvis, Gabriel) (Entered: 06/01/2022) |
| 06/02/2022 | | ORDER granting 160 Motion to Take Deposition. The deadline to complete fact discovery is extended solely for the purpose of conducting the deposition of Defendant Ross on June 7, 2022, and the County's 30(b)(6) witness on June 8, 2022. All other deadlines remain unchanged. So Ordered by Magistrate Judge James M. Wicks on 6/2/2022. (Ruggirello, Jaclyn) (Entered: 06/02/2022) |
| 06/03/2022 | 161 | Letter by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteciitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew |

| | | |
|---|---|---|
| | | (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Proposed Order Proposed Confidentiality Stipulation and Order) (Vitagliano, John) Modified on 6/6/2022 to change Event Type to Motion for Protective Order (Flanagan, Doreen). (Entered: 06/03/2022) |
| 06/06/2022 | 162 | ORDER granting 161 Stipulation and Order of Confidentiality. So Ordered by Magistrate Judge James M. Wicks on 6/6/2022. (Flanagan, Doreen) (Entered: 06/06/2022) |
| 06/17/2022 | 163 | MOTION for Extension of Time to Complete Discovery by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Loomba, Lalit) (Entered: 06/17/2022) |
| 06/20/2022 | | ORDER granting 163 Motion for Extension of Time to Complete Discovery. Good cause having been established, Defendants' application to extend the final discovery deadline is hereby granted, and all discovery, including expert discovery shall be completed on or before 8/19/2022; and the final date by which the parties shall take the first step in summary judgment motion practice is extended to 9/2/2022. A Final Pretrial Conference ("FPTC") has been scheduled for 9/12/2022, at 9:30 AM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. A joint proposed pretrial order ("JPTO") in compliance with Judge Donnelly's requirements, signed by counsel for each party, must be filed on ECF at least 5 business days prior to this conference. If either party moves for summary judgment in the interim, the FPTC will be adjourned, along with the requirement to file the proposed JPTO. So Ordered by Magistrate Judge James M. Wicks on 6/20/2022. (Wicks, James) (Entered: 06/20/2022) |
| 06/20/2022 | | Set/Reset Hearings: Pursuant to Magistrate Judge James M. Wicks Order dated June 20, 2022, set the Final Pretrial Conference date behind the scenes for September 12, 2022 at 9:30 AM before Magistrate Judge James M. Wicks. (Flanagan, Doreen) (Entered: 07/25/2022) |
| 07/25/2022 | 164 | MOTION to Withdraw as Attorney *by Lalit K. Loomba* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Loomba, Lalit) (Entered: 07/25/2022) |
| 07/29/2022 | | ORDER granting 164 Motion to Withdraw as Attorney. Attorney Lalit Kumar Loomba is hereby terminated. So Ordered by Magistrate Judge James M. Wicks on 7/29/2022. (Ruggirello, Jaclyn) (Entered: 07/29/2022) |
| 07/29/2022 | | SCHEDULING ORDER: Due to a change in this Court's calendar, the Final Pretrial Conference scheduled for September 12, 2022 at 9:30 AM is **CHANGED** to September 12, 2022 at 1;30 PM via the Court's Video Zoom. The Court will email the Zoom invitation closer to the conference date. So Ordered by Magistrate Judge James M. Wicks on 7/29/2022. (Flanagan, Doreen) (Entered: 07/29/2022) |
| 08/08/2022 | 165 | NOTICE of Appearance by Daniel Scott Hallak on behalf of Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino (aty to be noticed) (Hallak, Daniel) (Entered: 08/08/2022) |
| 08/12/2022 | 166 | Second MOTION for Extension of Time to Complete Discovery by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Vitagliano, John) (Entered: 08/12/2022) |
| 08/12/2022 | 167 | Second MOTION for Extension of Time to Complete Discovery *and extension of summary judgment deadline* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 08/12/2022) |
| 08/15/2022 | | ORDER granting 166 Motion for Extension of Time to Complete Discovery. The applications (DE 166 and 167) to extend expert discovery and final discovery deadline are hereby extended to August 30, 2022 and the last dated to take the first step in summary judgment motion practice is extended to September 30, 2022. The Final Pretrial Conference is set for 10/12/2022 at 12:00 PM before the undersigned by Zoom. This is the final extension of deadlines. See In re Harris, 228 B.R. 740, 745 (Bankr. D. Ariz. 1998) ("the word 'final' means final"). So Ordered by Magistrate Judge James M. Wicks on 8/15/2022. (Wicks, James) (Entered: 08/15/2022) |
| 08/15/2022 | | ORDER: motion to extend deadlines 167 is moot in light of decision on motion filed at DE 166. So Ordered by Magistrate Judge James M. Wicks on 8/15/2022. (Wicks, James) (Entered: 08/15/2022) |
| 08/15/2022 | 168 | Letter MOTION to Compel *defendants to send their Loc. Civ. R. 56.1(a) statements to plaintiff by September 2, 2022* by Josiah Galloway. (Harvis, Gabriel) (Entered: 08/15/2022) |
| 08/15/2022 | 169 | RESPONSE in Opposition re 168 Letter MOTION to Compel *defendants to send their Loc. Civ. R. 56.1(a) statements to plaintiff by September 2, 2022* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Vitagliano, John) (Entered: 08/15/2022) |
| 08/17/2022 | | ORDER granting 168 Motion to Compel 56.1 statement. The motion filed at DE 168 tees up the latest foofaraw, this time each party advancing adamantine positions as to the timing of the service of their respective Rule 56.1 statements in connection with defendants' anticipated motion for summary judgment. Although timing of service of such statements is something counsel should be able to resolve among themselves, nevertheless court intervention has been requested. Having considered the parties' positions (DE 168 and 169), the undersigned is guided by the authority cited by Defendants (see DE 169), as well as the Rolling Stones admonition, "you can't always get what you want, but you get what you need." Accordingly, Defendants shall serve their 56.1 statement upon Plaintiff on or before September 20, 2022; Plaintiff shall serve his 56.1 statement upon Defendants on or before September 28, 2022. So Ordered by Magistrate Judge James M. Wicks on 8/17/2022. (Wicks, James) (Entered: 08/17/2022) |
| 09/12/2022 | 170 | MOTION for Extension of Time to Complete Discovery *requesting leave of Court to take one expert deposition following the close of expert discovery* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Vitagliano, John) (Entered: 09/12/2022) |
| 09/13/2022 | | ORDER granting 170 Motion for Extension of Time to Complete Expert Discovery. Considering the circumstances outlined by counsel in the application (DE 170), which is unopposed, the motion is hereby granted. Accordingly, the deadline for expert discovery is extended solely for the limited purpose of taking the deposition of plaintiff's forensic psychologist expert, Dr. Michael Fraser, which shall take place and be completed on September 23, 2022. No other previously ordered dates or deadlines are affected by this extension. So Ordered by Magistrate Judge James M. Wicks on 9/13/2022. (Wicks, James) (Entered: 09/13/2022) |

| 09/30/2022 | 171 | Letter *Motion requesting a briefing schedule for Summary Judgment and Daubert motions* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Exhibit 1 - Defendants Joint Local Rule 56.1 Statement, # 2 Exhibit 2 - Plaintiff's Local Rule 56.1 Counter Statement) (Vitagliano, John) (Entered: 09/30/2022) |
|---|---|---|
| 09/30/2022 | 172 | First MOTION for pre motion conference *regarding the Village Defendants anticipated motion for summary judgment* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Attachments: # 1 Exhibit Defendants' Joint 56.1 Statement, # 2 Exhibit Plaintiff's 56.1 Counterstatement) (Garry, William) (Entered: 09/30/2022) |
| 10/04/2022 | 173 | REPLY in Opposition re 171 Letter,, *(respectfully opposing Nassau County defendants' request to file a Daubert motion)* filed by Josiah Galloway. (Attachments: # 1 Exhibit Eyewitness Identification Expert Report of Dr. Jennifer Dysart) (Harvis, Gabriel) (Entered: 10/04/2022) |
| 10/06/2022 | | ORDER. In light of Defendants' anticipated motion for summary judgment [DE 172], the Final Pre-Trial Conference currently scheduled for October 12, 2022, is hereby adjourned *sine die*. So Ordered by Magistrate Judge James M. Wicks on 10/6/2022. (JR) (Entered: 10/06/2022) |
| 10/11/2022 | | SCHEDULING ORDER: The plaintiff is directed to file his opposition, if any, by October 18, 2022, to 171 172 the defendants' motions for a pre-motion conference in anticipation of their motions for summary judgment. The plaintiff had previously only filed a 173 opposition to the defendants' request to brief a *Daubert* motion. Ordered by Judge Ann M. Donnelly on 10/11/2022. (JJ) (Entered: 10/11/2022) |
| 10/18/2022 | 174 | REPLY in Opposition re 171 Letter,, 172 First MOTION for pre motion conference *regarding the Village Defendants anticipated motion for summary judgment* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 10/18/2022) |
| 10/26/2022 | | ORDER. The defendant's 172 motion for a pre-motion conference is granted. The pre-motion conference is set for November 22, 2022 at 2:30 p.m. in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 10/26/2022. (JJ) (Entered: 10/26/2022) |
| 10/31/2022 | 175 | Letter MOTION to Adjourn Conference by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Meisels, Peter) (Entered: 10/31/2022) |
| 11/03/2022 | | ORDER granting 175 Motion to Adjourn Conference. The conference is adjourned to December 20, 2022 at 2:30 p.m. in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 11/3/2022. (JJ) (Entered: 11/03/2022) |
| 12/16/2022 | | SCHEDULING ORDER: To clarify, the pre-motion conference scheduled for December 20, 2022 will address both 171 the County Defendants' motion for a pre-motion conference and 172 the Village Defendants' motion for a pre-motion conference. Ordered by Judge Ann M. Donnelly on 12/16/2022. (JJ) (Entered: 12/16/2022) |
| 12/19/2022 | 176 | Letter MOTION to Adjourn Conference by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 12/19/2022) |
| 12/19/2022 | | ORDER granting 176 Motion to Adjourn Conference. The pre-motion conference set for December 20, 2022 is rescheduled for January 5, 2023 at 12:00 p.m., in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 12/19/2022. (JJ) (Entered: 12/19/2022) |
| 12/21/2022 | | ORDER. The Court is in receipt of the parties' submissions regarding the defendants' 171 172 motions for a pre-motion conference. The declaration of John Vitagliano, and the accompanying exhibits, were not filed with the defendants' Rule 56.1 statement. Additionally, the declaration of Gabriel Harvis, and the accompanying exhibits, were not filed with the plaintiff's Rule 56.1 counter-statement. The parties are directed to file those declarations, and the accompanying exhibits, by December 28, 2022. Ordered by Judge Ann M. Donnelly on 12/21/2022. (JJ) (Entered: 12/21/2022) |
| 12/21/2022 | 177 | DECLARATION re 171 Letter,, by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D Part 1, # 5 Exhibit D Part 2, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Exhibit I, # 11 Exhibit J, # 12 Exhibit K, # 13 Exhibit L, # 14 Exhibit M, # 15 Exhibit N, # 16 Exhibit O, # 17 Exhibit P, # 18 Exhibit Q, # 19 Exhibit R, # 20 Exhibit S, # 21 Exhibit T, # 22 Exhibit U, # 23 Exhibit V, # 24 Exhibit W, # 25 Exhibit X, # 26 Exhibit Y, # 27 Exhibit Z, # 28 Exhibit AA, # 29 Exhibit BB, # 30 Exhibit CC, # 31 Exhibit DD, # 32 Exhibit EE, # 33 Exhibit FF, # 34 Exhibit GG, # 35 Exhibit HH, # 36 Exhibit II, # 37 Exhibit JJ, # 38 Exhibit KK, # 39 Exhibit LL, # 40 Exhibit MM, # 41 Exhibit NN, # 42 Exhibit OO, # 43 Exhibit PP, # 44 Exhibit QQ, # 45 Exhibit RR, # 46 Exhibit SS, # 47 Exhibit TT, # 48 Exhibit UU, # 49 Exhibit VV, # 50 Exhibit WW, # 51 Exhibit XX, # 52 Exhibit YY, # 53 Exhibit ZZ, # 54 Exhibit AAA, # 55 Exhibit BBB, # 56 Exhibit CCC, # 57 Exhibit DDD, # 58 Exhibit EEE, # 59 Exhibit FFF, # 60 Exhibit GGG, # 61 Exhibit HHH, # 62 Exhibit III, # 63 Exhibit JJJ) (Vitagliano, John) (Entered: 12/21/2022) |
| 12/21/2022 | 178 | Letter by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Exhibit Exhibit D Part 2, # 2 Exhibit Exhibit F, # 3 Exhibit Exhibit I, # 4 Exhibit Exhibit I, # 5 Exhibit Exhibit Q, # 6 Exhibit Exhibit U, # 7 Exhibit Exhibit Z, # 8 Exhibit Exhibit EE, # 9 Exhibit Exhibit HH, # 10 Exhibit Exhibit II, # 11 Exhibit Exhibit RR, # 12 Exhibit Exhibit SS, # 13 Exhibit Exhibit HHH, # 14 Exhibit Exhibit JJJ) (Vitagliano, John) (Entered: 12/21/2022) |
| 12/22/2022 | 179 | EXHIBIT *D Part 2* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. Related document: 177 Declaration,,,,,, filed by Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Detective George Darienzo (Shield #1038), Richard Dorsi, Detective Thomas D'Luginski (Shield #7900), County of Nassau, Detective Charles DeCaro (Shield #1047), Rene Yao. (Attachments: # 1 Exhibit F, # 2 Exhibit I, # 3 Exhibit I, # 4 Exhibit Q, # 5 Exhibit U, # 6 Exhibit Z, # 7 Exhibit EE, # 8 Exhibit HH, # 9 Exhibit II, # 10 Exhibit RR, # 11 Exhibit SS, # 12 Exhibit HHH, # 13 Exhibit JJJ) (Vitagliano, John) (Entered: 12/22/2022) |
| 12/24/2022 | 180 | DECLARATION re 171 Letter,, *(declaration of counsel and supporting exhibits in opposition to defendants' motions for summary judgment, respectfully submitted in accordance with the order dated December 21, 2022)* by Josiah Galloway (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit, # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit, # 39 Exhibit, # 40 Exhibit, # 41 Exhibit, # 42 Exhibit, # 43 Exhibit, # 44 |

| | | |
|---|---|---|
| | | Exhibit, # 45 Exhibit, # 46 Exhibit, # 47 Exhibit, # 48 Exhibit, # 49 Exhibit, # 50 Exhibit, # 51 Exhibit, # 52 Exhibit, # 53 Exhibit, # 54 Exhibit, # 55 Exhibit, # 56 Exhibit, # 57 Exhibit, # 58 Exhibit) (Harvis, Gabriel) (Entered: 12/24/2022) |
| 01/05/2023 | | RESCHEDULING ORDER: The conference set for 1/5/2023 at 12:00 p.m. will instead be held at 12:30 p.m., in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 1/5/2023. (DG) (Entered: 01/05/2023) |
| 01/05/2023 | | Minute Entry for proceedings held before Judge Ann M Donnelly: Pre-Motion Conference held on 1/5/2023. Baree Fett and Gabriel Harvis appeared for the plaintiff. John Vitagliano, Peter Meisels, William Garry and Daniel Hallak for the defendants. Case called. Discussion held. The case is referred to mediation. If mediation is unsuccessful, the Court will set a briefing schedule. The parties are directed to file, by February 28, 2023, a joint status letter regarding the progress of mediation. (Court Reporter Linda Marino.) (JJ) (Entered: 01/05/2023) |
| 01/05/2023 | | ORDER REFERRING CASE to Mediation. Selection of Mediator due by 1/26/2023. Ordered by Judge Ann M. Donnelly on 1/5/2023. (JJ) (Entered: 01/05/2023) |
| 01/05/2023 | | MEDIATION INSTRUCTIONS for Counsel are available at: https://www.nyed.uscourts.gov/adr-forms. <br><br> Counsel are to select a mediator, schedule the first mediation session, and file the name of the mediator, date, time and place of the first mediation session via CM/ECF using the event Selection of Mediator. For a list of the EDNY Mediators and their qualifications, see the Court's website at https://www.nyed.uscourts.gov/adr/Mediation/displayAll.cfm. EDNY Mediators are compensated in accordance with EDNY Local Civil Rule 83.8(f)(1)[formerly EDNY Local Civil Rule 83.11(f)(1)]. <br><br> The Confidentiality Stipulation is available at: https://www.nyed.uscourts.gov/adr-forms, and must be signed by all participants, including the mediator. The signed confidentiality stipulation must be uploaded via the Courts website here: https://edny.app.box.com/f/1fabaa0a170b4fd293704738238fd876. <br><br> Upon completion of the mediation, both parties must submit a Mediation Report which can be found at: https://www.nyed.uscourts.gov/adr-forms. The Mediation Report must be submitted within two weeks following mediation session. (DS) (Entered: 01/05/2023) |
| 01/26/2023 | 181 | Letter MOTION for Hearing *(settlement conference)* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao. (Vitagliano, John) (Entered: 01/26/2023) |
| 01/30/2023 | 182 | Letter *(follow-up regarding request for a settlement conference. (D.E. 181))* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Vitagliano, John) (Entered: 01/30/2023) |
| 02/01/2023 | | ORDER granting 181 Motion for Hearing. Upon the parties request (DE 181, DE 182) a Settlement Conference has been set for April 5, 2023, at 10:00 AM via the Court's video Zoom. The Court will forward the Zoom invitation closer to the conference date. All parties must be present. Parties are to submit their respective confidential settlement positions via ex parte to Chamber's email no later than seven (7) days prior to the scheduled conference date. Counsel are to refer to the Settlement Section of this Court's Individual Rules in preparation for the conference, which is available on the Court's website. So Ordered by Magistrate Judge James M. Wicks on 2/1/2023. (JR) (Entered: 02/01/2023) |
| 02/27/2023 | 183 | Letter *(a joint status letter regarding the progress of mediation)* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Vitagliano, John) (Entered: 02/27/2023) |
| 04/04/2023 | | SCHEDULING ORDER: Due to unforeseen circumstances, the Settlement Conference previously scheduled for April 5, 2023 is hereby ADJOURNED to April 26, 2023, at 10:00 AM via the Court's video Zoom. The Court will forward a Zoom invitation closer to the conference date. So Ordered by Magistrate Judge James M. Wicks on 4/4/2023. (JR) (Entered: 04/04/2023) |
| 04/26/2023 | | Minute Order for proceedings held before Magistrate Judge James M. Wicks: CIVIL CAUSE FOR SETTLEMENT CONFERENCE. Settlement Conference held on 4/26/2023 at 10:00 AM. No settlement reached as parties were at an impasse. The case is to be respectfully referred back to the Honorable Ann M. Donnelly. So Ordered by Magistrate Judge James M. Wicks on 4/26/2023. (DF) (Entered: 04/26/2023) |
| 04/27/2023 | | Case returned from mediation. (DS) (Entered: 04/27/2023) |
| 05/02/2023 | 184 | Letter MOTION for Leave to File Document *(respectfully requesting that the Court review and adopt plaintiff's proposed summary judgment briefing schedule)* by Josiah Galloway. (Harvis, Gabriel) (Entered: 05/02/2023) |
| 05/04/2023 | | SCHEDULING ORDER. The plaintiff's 184 request for a briefing schedule is granted. The defendants' summary judgment motion is due by June 2, 2023. The plaintiff's opposition is due June 30, 2023. The defendants' reply, if any, is due by July 14, 2023. Ordered by Judge Ann M. Donnelly on 5/4/2023. (JJ) (Entered: 05/04/2023) |
| 05/04/2023 | 185 | Letter *MOTION in response to plaintiff's letter requesting a briefing schedule and request to hold current summary judgment briefing schedule in abeyance* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Attachments: # 1 Exhibit A - 1/5/2023 Court Conference Transcript) (Vitagliano, John) (Entered: 05/04/2023) |
| 05/05/2023 | 186 | REPLY in Opposition re 185 Letter,, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 05/05/2023) |
| 05/10/2023 | | SCHEDULING ORDER: The Court has received the parties' letters 185 186 regarding the summary judgment briefing schedule. At the January 5, 2023 conference, the Court advised the plaintiff to revise his Rule 56.1 statement to remove legal argument and to reconsider whether to submit an identification expert report with his motion for summary judgment. As the Court noted at the January 5, 2023 conference, the "expert's opinion is not especially helpful" in adjudicating a summary judgment motion. (Jan. 5, 2023 Tr. at 21.) I have reviewed Dr. Dysart's report, and without deciding whether the report is admissible at a trial, will not rely on the report in ruling on the parties' summary judgment motions. To the extent briefing is necessary on a *Daubert* motion, the parties can brief the issue after the Court rules on the summary judgment motions. *See, e.g., Rosario v. City of New York*, No. 18-CV-4023, 2021 WL 199342, at *4 (S.D.N.Y. Jan. 20, 2021) (declining to rely on Dr. Dysart's report in ruling on the defendants' motion for summary judgment and directing the parties to file *Daubert* pre-motion letters within ten days of the entry of the order on the summary judgment motion). <br><br> The Court declines at this time to set a schedule for the exchange of Rule 56.1 statements. As Judge Wicks observed, the "timing of service of |

| | | |
|---|---|---|
| | | such statements is something counsel should be able to resolve among themselves." (Aug. 17, 2022 Dkt. Entry.) If necessary, the non-moving party can file a separate, concise statement of additional material facts about which there are genuine disputes. Individual Practices and Rules 4.B, Local Rule 56.1. The moving party can then file a short and concise Reply 56.1 statement, addressing only the additional material facts.<br><br>The parties are directed to confer regarding a schedule to exchange updated Rule 56.1 statements, and for summary judgment briefing. The parties are directed, by May 17, 2023, to file a letter with their joint proposed briefing schedule for any summary judgment motions.<br><br>The Court will address the defendants' request for additional pages when it sets a briefing schedule on the summary judgment motions. Ordered by Judge Ann M. Donnelly on 5/10/2023. (JJ) (Entered: 05/10/2023) |
| 05/15/2023 | 187 | STIPULATION *(of partial dismissal pursuant to Fed. R. Civ. P. 41, withdrawing certain claims and dismissing certain defendants, with plaintiff's remaining claims proceeding against the remaining defendants)* by Josiah Galloway (Harvis, Gabriel) (Entered: 05/15/2023) |
| 05/16/2023 | 188 | Letter *Joint Proposed Briefing Schedule for Defendants Summary Judgment Motions* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (Vitagliano, John) (Entered: 05/16/2023) |
| 05/16/2023 | | Stipulation of voluntary dismissal. Party Rene Yao, John Doe and Jane Doe #s 1 - 20 and Carl M. Strange (Shield No. 1225) are terminated. Signed by Judge Ann M. Donnelly on 5/16/2023. (DG) (Entered: 05/16/2023) |
| 05/17/2023 | | SCHEDULING ORDER: The Court grants the parties' briefing schedule for the defendants' summary judgment motions. The defendants' summary judgment motions are due by July 31, 2023. The plaintiff's opposition is due by August 31, 2023. The defendants' reply, if any, is due by September 21, 2023. Rule 56.1 statements and counter-statements will only be considered by the Court if attached to a memorandum of law.<br><br>The defendants' request for leave to file excess pages is granted. The defendants' motions for summary judgment are not to exceed forty pages; their replies are not to exceed twenty-five pages. Ordered by Judge Ann M. Donnelly on 5/16/2023. (JJ) (Entered: 05/17/2023) |
| 07/31/2023 | 189 | MOTION for Summary Judgment by Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Nassau County Police Department, Detective Matthew Ross (Shield #834). (Attachments: # 1 Declaration John A. Vitagliano, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D Part 1, # 6 Exhibit D Part 2, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P, # 19 Exhibit Q, # 20 Exhibit R, # 21 Exhibit S, # 22 Exhibit T, # 23 Exhibit U, # 24 Exhibit V, # 25 Exhibit W, # 26 Exhibit X, # 27 Exhibit Y, # 28 Exhibit Z, # 29 Exhibit AA, # 30 Exhibit BB, # 31 Exhibit CC, # 32 Exhibit DD, # 33 Exhibit EE, # 34 Exhibit FF, # 35 Exhibit GG, # 36 Exhibit HH, # 37 Exhibit II, # 38 Exhibit JJ, # 39 Exhibit KK, # 40 Exhibit LL, # 41 Exhibit MM, # 42 Exhibit NN, # 43 Exhibit OO, # 44 Exhibit PP, # 45 Exhibit QQ, # 46 Exhibit RR, # 47 Exhibit SS, # 48 Exhibit TT, # 49 Exhibit UU, # 50 Exhibit VV, # 51 Exhibit WW, # 52 Exhibit XX, # 53 Exhibit YY, # 54 Exhibit ZZ, # 55 Exhibit AAA, # 56 Exhibit BBB, # 57 Exhibit CCC, # 58 Exhibit DDD, # 59 Exhibit EEE, # 60 Exhibit FFF, # 61 Exhibit GGG, # 62 Exhibit HHH, # 63 Exhibit III, # 64 Exhibit JJJ, # 65 Exhibit KKK, # 66 Exhibit LLL, # 67 Exhibit MMM, # 68 Exhibit NNN, # 69 Exhibit OOO, # 70 Exhibit PPP, # 71 Exhibit QQQ, # 72 Exhibit RRR, # 73 Exhibit SSS, # 74 Exhibit TTT, # 75 Exhibit UUU, # 76 Exhibit VVV, # 77 Exhibit WWW, # 78 Exhibit XXX) (Vitagliano, John) (Entered: 07/31/2023) |
| 07/31/2023 | 190 | AFFIDAVIT/DECLARATION in Support re 189 MOTION for Summary Judgment *(of Robert Schalk)* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Vitagliano, John) (Entered: 07/31/2023) |
| 07/31/2023 | 191 | RULE 56.1 STATEMENT re 189 MOTION for Summary Judgment *(JOINT)* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Vitagliano, John) (Entered: 07/31/2023) |
| 07/31/2023 | 192 | MEMORANDUM in Support re 189 MOTION for Summary Judgment filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detective Matthew Ross (Shield #834). (Vitagliano, John) (Entered: 07/31/2023) |
| 07/31/2023 | 193 | Letter *Motion/County Defendants Request for Oral Argument* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detective Matthew Ross (Shield #834) (Vitagliano, John) (Entered: 07/31/2023) |
| 07/31/2023 | 194 | MOTION for Summary Judgment by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Attachments: # 1 Declaration of William J. Garry, # 2 Exhibit A - Fourth Amended Complaint, # 3 Exhibit B - Nassau County Answer to Fourth Amended Complaint, # 4 Exhibit C - Co-Defendant Village of Hempstead's Answer to Fourth Amended Complaint, # 5 Exhibit D - Part 1 - Criminal Trial Transcript - Pages 1-630, # 6 Exhibit D - Part 2 - Criminal Trial Transcript - Pages 631-1273 - FINAL_REDACTED, # 7 Exhibit E - Indictment No. 1315N-2008 - Josiah Galloway - Grand Jury Testimony, # 8 Exhibit F - Eric Harrison Supporting Deposition - FINAL - REDACTED, # 9 Exhibit G - Salvatore Rubiano Supporting Deposition - FINAL - REDACTED, # 10 Exhibit H - NCPD Serious Incident Time Log Worksheet - FINAL, # 11 Exhibit I - Wilmer Hernandez Supporting Deposition - 5.15.2008 - FINAL - REDACTED, # 12 Exhibit J - Det. Dluginski EBT Transcripts + Errata Sheet - FINAL, # 13 Exhibit K - NCPD Crime Scene Photos (Including Line Up) - FINAL, # 14 Exhibit L - Det. Bischoff EBT Transcript + Errata Sheet - FINAL, # 15 Exhibit M - Det. Bischoff Composite Sketch and Notes - Ex. 1 of Det. Bischoff EBT - FINAL, # 16 Exhibit N - NCPD Intelligence Bulletin with Composite Sketch - Ex. 26 of Det. Dluginski EBT - FINAL, # 17 Exhibit O - Det. Decaro EBT Transcript + Errata Sheet - FINAL, # 18 Exhibit P - Complete Pre-Trial Suppression Hearing Transcript - FINAL, # 19 Exhibit Q - Plaintiff EBT Transcript - FINAL - REDACTED, # 20 Exhibit R - ADA Robert Schalk EBT Transcript - FINAL, # 21 Exhibit S - PO Horowitz EBT Transcript - FINAL, # 22 Exhibit T - Det. Cunningham EBT Transcript - FINAL, # 23 Exhibit U - HPD June 6, 2008 Command Long - Ex. 1 of Det. Cunningham EBT - FINAL - REDACTED, # 24 Exhibit V - Det. Darienzo EBT Transcript + Errata Sheet - FINAL, # 25 Exhibit W - Det. Lipson EBT Transcript + Errata Sheet - FINAL, # 26 Exhibit X - Hearing Exhibits 1-4 of Photo Arrays Det. Lipson Created - FINAL, # 27 Exhibit Y - Ogletree Miranda Card - Ex. 18 of Det. Decaro EBT - FINAL, # 28 Exhibit Z - Ogletree Signed Statement of Admission - Ex. 2 of Det. Decaro + ADA Schalk EBT - FINAL - REDACTED, # 29 Exhibit AA - Wilmer Hernandez EBT Transcript - FINAL, # 30 Exhibit BB - Hernandez Photo Array - Ex. 2 of Hernandez EBT - FINAL, # 31 Exhibit CC - Hernandez Photo Array Supporting Deposition - Ex. 3 of Hernandez EBT - FINAL, # 32 Exhibit DD - Plaintiff Miranda Card - Ex. 14 of Det. Decaro EBT - FINAL, # 33 Exhibit EE - Plaintiff First Signed Statement - Defendant Exhibit C of Plaintiff EBT - FINAL - REDACTED, # 34 Exhibit FF - Plaintiffs Second Signed Statement - Defendant Ex. D of Plaintiff EBT - FINAL, # 35 Exhibit GG - Anyosa Photo Array Supporting Deposition - Ex. 10 of Det. Lipson EBT - FINAL, # 36 Exhibit HH - Felony Complaints - 5.27.2008 - Ex. 6 of Det. |

Decaro EBT - FINAL - REDACTED, # 37 Exhibit II - Felony Complaints - 5.15.2008 Anyosa Shooting - Ex. 52 of Det. Decaro EBT - FINAL - REDACTED, # 38 Exhibit JJ - Anyosa Signed Written Statement - Ex. 6 of Det. Dluginski EBT - FINAL, # 39 Exhibit KK - ADA Larocca EBT Transcript + Errata Sheet - FINAL, # 40 Exhibit LL - Indictment No. 1315N-2008 - FINAL, # 41 Exhibit MM - Court Ordered Line Up - Ex. 13 of ADA Larocca EBT - FINAL, # 42 Exhibit NN - Det. Ross EBT Transcript - FINAL, # 43 Exhibit OO - County 30(b)(b) Witness - Det. Lyndon John EBT Transcript + Errata Sheet - FINAL, # 44 Exhibit PP - Line-Up Photo - Ex. 4 of Det. Ross EBT - FINAL, # 45 Exhibit QQ - Det. Strange EBT Transcript - FINAL, # 46 Exhibit RR - Anyosa Signed Line-Up Statement - Ex. 1 of Det. Strange EBT - FINAL - REDACTED, # 47 Exhibit SS - Hernandez Signed Line-Up Statement - Ex. 43 of Det. Darienzo EBT + Ex. 5 of Hernandez EBT - FINAL - REDACTED, # 48 Exhibit TT - NCPD Line-Up Worksheet - Ex. 3 of Det. Ross EBT - FINAL, # 49 Exhibit UU - Det. Yao EBT Transcript - FINAL, # 50 Exhibit VV - Cheryl Johnson EBT Transcript - FINAL, # 51 Exhibit WW - Hon. Grella's Pre-Trial Suppression Hearing Decision - FINAL, # 52 Exhibit XX - Transcript of Plaintiff's Sentencing from November 23, 2009 - FINAL, # 53 Exhibit YY - Hon. Honoroff Decision Denying Motion to Set Aside Verdict - FINAL, # 54 Exhibit ZZ - NCPD Legal Bureau Christopher Todd's Declaration, dated September 19, 2022 + Exhibits 1,2,3 - FINAL, # 55 Exhibit AAA - Jeffrey Noble Deposition Transcript - FINAL, # 56 Exhibit BBB - Plaintiff's Rule 26 Expert Disclosures - Jeffrey Noble - FINAL, # 57 Exhibit CCC - Jeffrey Noble Expert Report - Ex. B of Noble EBT - FINAL, # 58 Exhibit DDD - Defendants Rule 26 Expert Disclosure + Expert Report of John Monaghan - FINAL, # 59 Exhibit EEE - John Monaghan Deposition Transcript - FINAL, # 60 Exhibit FFF - Article Relied on by John Monaghan - FINAL, # 61 Exhibit GGG - September 13, 2018 Court Proceeding Transcript - FINAL, # 62 Exhibit HHH - September 13, 2018 Decision by Hon. Corrigan - FINAL - REDACTED, # 63 Exhibit III - Plaintiff's Notice of Claim dated September 21, 2018, # 64 Exhibit JJJ - Plaintiff's 50-H Examination Transcript - FINAL, # 65 Exhibit KKK - Det. Sgt. Dorsi EBT Transcript - FINAL, # 66 Exhibit KKK - Det. Sgt. Dorsi EBT Transcript - FINAL, # 67 Exhibit MMM - Anyosa (Victim) Deposition Transcript, # 68 Exhibit NNN - ECAB Paperwork - Exhibit 9 at Det. Decaro EBT, # 69 Exhibit OOO - Glenn Hardy - Notice of Alibi - June 23, 2008, # 70 Exhibit PPP - October 28, 2008 Court Order, entered February 2009, regar..., # 71 Exhibit QQQ - Felony Complaints - Marcus Hutchinson_Redacted, # 72 Exhibit RRR - Repository - Arrest Photo From September 19, 2007_Redacted, # 73 Exhibit SSS - AG 162-163 - Ogletree Statement About Marky Fouse - Lipson.._Redacted, # 74 Exhibit TTT - Ogletree NYSID - P10018-10028_Redacted, # 75 Exhibit UUU - Felony Complaints Charging Ogletree with Weapons Possessio.._Redacted, # 76 Exhibit VVV - Robert Schalk Aff., # 77 Exhibit WWW - Galloway - Rule 41 Stipulation - Dismissal of Cross-Claims.._, # 78 Exhibit XXX - Transcript of deposition of Joseph Sortino taken on November 24 2020-B.._) (Garry, William) (Entered: 07/31/2023)

| | | |
|---|---|---|
| 07/31/2023 | 195 | RULE 56.1 STATEMENT re 194 MOTION for Summary Judgment filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 07/31/2023) |
| 07/31/2023 | 196 | AFFIDAVIT/DECLARATION in Support re 194 MOTION for Summary Judgment filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 07/31/2023) |
| 07/31/2023 | 197 | MOTION for Summary Judgment *(Corrected)* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 07/31/2023) |
| 07/31/2023 | 198 | MEMORANDUM in Support re 197 MOTION for Summary Judgment *(Corrected)*, 194 MOTION for Summary Judgment filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 07/31/2023) |
| 08/29/2023 | 199 | Consent MOTION for Extension of Time to File Response/Reply as to 197 MOTION for Summary Judgment *(Corrected)*, 189 MOTION for Summary Judgment , 194 MOTION for Summary Judgment by Josiah Galloway. (Harvis, Gabriel) (Entered: 08/29/2023) |
| 08/30/2023 | | ORDER granting 199 the plaintiff's consent Motion for Extension of Time. The plaintiff is directed to file a response to the summary judgment motions by September 8, 2023. The defendants must file replies, if any, by October 2, 2023. Ordered by Judge Ann M. Donnelly on 8/30/2023. (KA) (Entered: 08/30/2023) |
| 09/08/2023 | 200 | RULE 56.1 STATEMENT re 191 Rule 56.1 Statement, 195 Rule 56.1 Statement *(plaintiff's Rule 56.1(b) counterstatement)* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/08/2023) |
| 09/08/2023 | 201 | RULE 56.1 STATEMENT re 191 Rule 56.1 Statement, 195 Rule 56.1 Statement *(plaintiff's statement of additional material facts)* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/08/2023) |
| 09/08/2023 | 202 | MEMORANDUM in Opposition re 197 MOTION for Summary Judgment *(Corrected)*, 189 MOTION for Summary Judgment filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 09/08/2023) |
| 09/08/2023 | 203 | AFFIDAVIT/DECLARATION in Opposition re 194 MOTION for Summary Judgment , 189 MOTION for Summary Judgment , 197 MOTION for Summary Judgment *(Corrected)* filed by Josiah Galloway. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit, # 26 Exhibit, # 27 Exhibit, # 28 Exhibit, # 29 Exhibit, # 30 Exhibit, # 31 Exhibit, # 32 Exhibit, # 33 Exhibit, # 34 Exhibit, # 35 Exhibit, # 36 Exhibit, # 37 Exhibit, # 38 Exhibit, # 39 Exhibit, # 40 Exhibit, # 41 Exhibit, # 42 Exhibit, # 43 Exhibit, # 44 Exhibit, # 45 Exhibit, # 46 Exhibit, # 47 Exhibit, # 48 Exhibit, # 49 Exhibit, # 50 Exhibit, # 51 Exhibit, # 52 Exhibit, # 53 Exhibit, # 54 Exhibit, # 55 Exhibit, # 56 Exhibit, # 57 Exhibit, # 58 Exhibit, # 59 Exhibit, # 60 Exhibit, # 61 Exhibit, # 62 Exhibit, # 63 Exhibit, # 64 Exhibit, # 65 Exhibit, # 66 Exhibit, # 67 Exhibit, # 68 Exhibit, # 69 Exhibit, # 70 Exhibit, # 71 Exhibit, # 72 Exhibit, # 73 Exhibit, # 74 Exhibit, # 75 Exhibit, # 76 Exhibit, # 77 Exhibit, # 78 Exhibit, # 79 Exhibit, # 80 Exhibit, # 81 Exhibit, # 82 Exhibit, # 83 Exhibit, # 84 Exhibit, # 85 Exhibit) (Harvis, Gabriel) (Entered: 09/09/2023) |
| 10/02/2023 | 204 | REPLY to Response to Motion re 197 MOTION for Summary Judgment *(Corrected)*, 189 MOTION for Summary Judgment , 194 MOTION for Summary Judgment filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 10/02/2023) |
| 10/02/2023 | 205 | REPLY to Response to Motion re 197 MOTION for Summary Judgment *(Corrected)*, 194 MOTION for Summary Judgment filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 10/02/2023) |
| 10/02/2023 | 206 | REPLY to Response to Motion re 189 MOTION for Summary Judgment filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteictve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Attachments: # 1 Exhibit YYY, # 2 Exhibit ZZZ, # 3 Exhibit AAAA, # 4 Exhibit BBBB, # 5 Exhibit CCCC, # 6 Exhibit DDDD, # 7 Exhibit EEEE, # 8 Exhibit FFFF, # 9 Exhibit GGGG, # 10 Exhibit HHHH, # 11 Exhibit IIII, # 12 Exhibit JJJJ, # 13 Exhibit KKKK, # 14 Exhibit LLLL, # 15 Exhibit MMMM, # 16 Exhibit NNNN, # 17 Exhibit OOOO, # 18 Exhibit PPPP, # |

| | | |
|---|---|---|
| | | 19 Exhibit QQQQ, # 20 Exhibit RRRR, # 21 Exhibit SSSS, # 22 Exhibit TTTT, # 23 Exhibit UUUU, # 24 Exhibit VVVV, # 25 Exhibit WWWW, # 26 Exhibit XXXX, # 27 Exhibit YYYY, # 28 Exhibit ZZZZ, # 29 Exhibit AAAAA, # 30 Exhibit BBBBB, # 31 Exhibit CCCCC, # 32 Exhibit DDDDD, # 33 Exhibit EEEEE, # 34 Exhibit FFFFF, # 35 Exhibit GGGGG, # 36 Exhibit HHHHH, # 37 Exhibit IIIII, # 38 Exhibit JJJJJ, # 39 Exhibit KKKKK, # 40 Exhibit LLLLL, # 41 Exhibit MMMMM, # 42 Exhibit NNNNN, # 43 Exhibit OOOOO, # 44 Exhibit PPPPP, # 45 Exhibit QQQQQ, # 46 Exhibit RRRRR, # 47 Exhibit SSSSS, # 48 Exhibit TTTTT, # 49 Exhibit UUUUU, # 50 Exhibit VVVVV, # 51 Exhibit WWWWW, # 52 Exhibit XXXXX, # 53 Exhibit YYYYY) (Vitagliano, John) (Entered: 10/02/2023) |
| 10/02/2023 | 207 | REPLY to Response to Motion re 189 MOTION for Summary Judgment *(of Charles DeCaro)* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Attachments: # 1 Exhibit HHHH, # 2 Exhibit JJJJ, # 3 Exhibit LLLLL, # 4 Exhibit NNNNN) (Vitagliano, John) (Entered: 10/02/2023) |
| 10/02/2023 | 208 | RULE 56.1 STATEMENT re 194 MOTION for Summary Judgment , 189 MOTION for Summary Judgment , 197 MOTION for Summary Judgment *(Corrected) Joint* filed by County of Nassau, Detective Kevin Cunningham (Shield #112), Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Joseph Sortino. (Attachments: # 1 Exhibit AAAA-ADA Anania Notes, # 2 Exhibit BBBB-Inv. Bidell Memos, # 3 Exhibit CCCC - NCDA Investigator Thomas Bidell - EBT Transcript - 11.25.2020, # 4 Exhibit DDDD - Tonya Barrett Supporting Deposition_Redacted, # 5 Exhibit EEEE - NCPD Crime Report - 000052-000054_Redacted, # 6 Exhibit FFFF - Dluginski Initial Notes - 000391-000397_Redacted, # 7 Exhibit GGGG - NCPD Case Report - DA01821-01825_Redacted, # 8 Exhibit HHHH - NCPD Arrest Report - DA03590-03592_Redacted, # 9 Exhibit IIII - 8.5.2008 - Afro Hair - P11379, # 10 Exhibit JJJJ - GJ Paperwork - Indictment No. 1315N-2008, # 11 Exhibit KKKK - NCPD Morning Reports - PLAINTIFF'S PRODUCTION_Redacted, # 12 Exhibit LLLL - Det. Decaro Pedigree Notes - 000723-000729_Redacted, # 13 Exhibit MMMM - Glenn Hardy - EBT Transcript, # 14 Exhibit NNNN - Det. Lipson Concise Officer History - COUNTY00106-00110, # 15 Exhibit OOOO - Robert Ogletree - 9 Certificates of Disposition - NYS - N..._Redacted, # 16 Exhibit PPPP - ECAB E-mail - 000539, # 17 Exhibit QQQQ - NCPD News Release - 000063, # 18 Exhibit RRRR - Detective Matt Ross - EBT Transcript - Part 2, # 19 Exhibit SSSS - ADA Mike Walsh - EBT Transcript, # 20 Exhibit TTTT - ADA Mike Walsh Notes_Redacted, # 21 Exhibit UUUU - Plaintiff's Arrest Photos_Redacted, # 22 Exhibit VVVV - Plaintiff smiling - no tooth, # 23 Exhibit WWWW - Glenn Hardy EBT - Ex. B - At line-up for 2 hours, # 24 Exhibit XXXX - Lori Magliaro - EBT Transcript - 6.15.2021, # 25 Exhibit YYY - ADA Anania - EBT Transcripts - 9.11.2020 + 10.5.2021, # 26 Exhibit ZZZ - ADA Martin Meany EBT Transcript, # 27 Exhibit AAAAA - Plaintiff's Affirmation in Opposition - Court of Claims Case, # 28 Exhibit BBBBB - Liotti Lien - 9.20.2019 - D.E. 8, # 29 Exhibit CCCCC - Liotti Lien - Court of Claims - Claim No. 132020 - 9.20.2019, # 30 Exhibit DDDDD - Liotti's Court of Claims Letter regarding Lien - D.E. 45 - 9.20.2019, # 31 Exhibit EEEEE - Gabe's Letter on Court of Claims Docket Calling Liotti a Liar - D.E. 47 - 9.23.2019, # 32 Exhibit FFFFF - Ross-Magliaro Communications, # 33 Exhibit GGGGG - Magliaro Incident Report_Redacted, # 34 Exhibit HHHHH - Ogletree's Pending Indictment for Tampering with a Witness_Redacted, # 35 Exhibit IIIII - Hempstead PD Case Report - 5.15.2008, # 36 Exhibit JJJJJ - NCPD Crime Report - 208CR0039551 - Anyosa Shooting_Redacted, # 37 Exhibit KKKKK - ECAB #4750-2008 - P10764-10783_Redacted, # 38 Exhibit LLLLL - NCPD Crime Report - 208CR0043822 - Marky Fouse_Redacted, # 39 Exhibit MMMMM - ECAB #4749-2008 - Marky Fouse_Redacted, # 40 Exhibit NNNNN - NCPD Crime Report - 208CR0043747 - Mr. Hutchinson_Redacted, # 41 Exhibit OOOOO - ECAB #4751-2008 - Hutchinson_Redacted, # 42 Exhibit PPPPP - NCDA Rosario List, # 43 Exhibit QQQQQ - Criminal Repository of Plaintiff - 4.2.2009_Redacted, # 44 Exhibit RRRRR - Criminal Repository of Plaintiff - 6.7.2008_Redacted, # 45 Exhibit SSSSS - NYS Criminal Inquiry System - User Guide, # 46 Exhibit TTTTT - How to read criminal history... justice audit procedures - CJTN, # 47 Exhibit UUUUU - Decaro - Wharton - Stipulation - D.E. 102 - 11.25.2013, # 48 Exhibit VVVVV - Inv. Bidell Memo + Notes - 8.28.2018 with Anyosa_Redacted, # 49 Exhibit WWWWW - Jury Notes_Redacted, # 50 Exhibit XXXXX - 5 e-mails to Gabe - Discovery + Errata sheet, # 51 Exhibit YYYYY - Lori Magliaro Affidavit, # 52 Exhibit ZZZZZ - Lori Magliaro Correspondence with Tom Liotti) (Garry, William) (Entered: 10/02/2023) |
| 10/02/2023 | 209 | REPLY to Response to Motion re 189 MOTION for Summary Judgment *Defendants Joint Response to Pl 710-Paragraph SMF* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Vitagliano, John) (Entered: 10/02/2023) |
| 10/02/2023 | 210 | REPLY in Support re 189 MOTION for Summary Judgment *Memorandum of Law in Reply* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Vitagliano, John) (Entered: 10/02/2023) |
| 01/11/2024 | 211 | Letter by Josiah Galloway (Harvis, Gabriel) (Entered: 01/11/2024) |
| 01/11/2024 | | ORDER re 211 Letter filed by Josiah Galloway. All matters relating to this issue are referred to Judge Wicks. Ordered by Judge Ann M. Donnelly on 1/11/2024. (DG) (Entered: 01/11/2024) |
| 01/11/2024 | | ORDER: In light of the Order issued earlier today by the Hon. Ann M. Donnelly, Defendants are directed to file a letter in response to Plaintiff's letter filed at ECF No. 211 on or before January 19, 2024. So Ordered by Magistrate Judge James M. Wicks on 1/11/2024. (Wicks, James) (Entered: 01/11/2024) |
| 01/19/2024 | 212 | Letter *in Response to Plaintiff's letter dated January 11, 2024* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino (Garry, William) (Entered: 01/19/2024) |
| 02/28/2024 | | SCHEDULING ORDER: The Court will hold oral argument on the motions for summary judgment on March 13, 2024, at 3:00 p.m. in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 2/28/2024. (HA) (Entered: 02/28/2024) |
| 03/12/2024 | 213 | NOTICE of Appearance by Michael Gluck on behalf of Josiah Galloway (aty to be noticed) (Gluck, Michael) (Entered: 03/12/2024) |
| 03/13/2024 | 214 | NOTICE of Appearance by Janine A. Mastellone on behalf of County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Deteicitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834), Carl M. Strange, Rene Yao (aty to be noticed) (Mastellone, Janine) (Entered: 03/13/2024) |
| 03/13/2024 | | Minute Entry for proceedings held before Judge Ann M. Donnelly: Oral Argument held on 3/13/2024. Gabriel Harvis, Baree Fett, and Michael Gluck appeared for the plaintiff. John Vitagliano, Jaine Mastellon, Daniel Hallak, and William Garry appeared for the defendants. Case called. Discussion held. The plaintiff is to inform the Court by Friday, March 15, 2024, if he is withdrawing claims as to any of the defendants. The plaintiff and the defendants must submit letters by March 20, 2024, not to exceed three pages, addressing (1) whether any cases clearly established in 2008 that the officers' conduct would violate the plaintiff's constitutional rights, and (2) whether and how each named defendant |

| | | |
|---|---|---|
| | | in the malicious prosecution claim initiated or continued the plaintiff's prosecution. (Court Reporter Andronikh Barna.) (HA) (Entered: 03/13/2024) |
| 03/15/2024 | 215 | Letter *(voluntarily withdrawing claims against defendants Cunningham, Sortino and Dorsi)* by Josiah Galloway (Harvis, Gabriel) (Entered: 03/15/2024) |
| 03/20/2024 | 216 | Letter *following oral argument on motions for summary judgment* by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino (Garry, William) (Entered: 03/20/2024) |
| 03/20/2024 | 217 | Letter *to the Court following oral argument on summary judgment motions* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Richard Dorsi, Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834) (Vitagliano, John) (Entered: 03/20/2024) |
| 03/20/2024 | 218 | Letter *(respectfully supplementing plaintiff's summary judgment opposition in accordance with the order dated March 13, 2024)* by Josiah Galloway (Harvis, Gabriel) (Entered: 03/20/2024) |
| 03/22/2024 | 219 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings held on 3/13/2024, before Judge Ann M. Donnelly. Court Reporter/Transcriber Andronikh Barna, Telephone number 718-613-2178. Email address: ambarna.crr@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/12/2024. Redacted Transcript Deadline set for 4/22/2024. Release of Transcript Restriction set for 6/20/2024. (Barna, Andronikh) (Entered: 03/22/2024) |
| 03/29/2024 | 220 | MEMORANDUM DECISION AND ORDER. The defendants' motions for summary judgment are granted in part and denied in part. The parties are to file a joint pre-trial order that complies with the Court's Individual Rules within thirty days from the date of this Memorandum and Order. Ordered by Judge Ann M. Donnelly on 3/29/2024. (DG) (Entered: 03/29/2024) |
| 04/12/2024 | 221 | Notice of MOTION for Reconsideration re 220 Order on Motion for Summary Judgment,,,,, by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Attachments: # 1 Memorandum in Support Memorandum of Law in Support of County Defendants Motion for Reconsideration of the Courts Summary Judgment Decision) (Vitagliano, John) (Entered: 04/12/2024) |
| 04/12/2024 | | SCHEDULING ORDER: The Court has received the County defendants' 221 motion for reconsideration. The plaintiff must file a response by April 26, 2024. Ordered by Judge Ann M. Donnelly on 4/12/2024. (HA) (Entered: 04/12/2024) |
| 04/12/2024 | 222 | MOTION for Reconsideration re 220 Order on Motion for Summary Judgment,,,,, by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Attachments: # 1 Memorandum in Support for Reconsideration) (Garry, William) (Entered: 04/12/2024) |
| 04/18/2024 | 223 | Letter MOTION to Stay re 220 Order on Motion for Summary Judgment,,,,, *County defendants request to stay/adjourn filing of JPTO* by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Meisels, Peter) (Entered: 04/18/2024) |
| 04/18/2024 | 224 | Letter MOTION for Extension of Time to File *Joint Pre-Trial Order* by P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead. (Garry, William) (Entered: 04/18/2024) |
| 04/18/2024 | 225 | RESPONSE in Opposition re 223 Letter MOTION to Stay re 220 Order on Motion for Summary Judgment,,,,, *County defendants request to stay/adjourn filing of JPTO* filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 04/18/2024) |
| 04/25/2024 | | ORDER denying 223 Motion to Stay; denying 224 Motion for Extension of Time to File. The Court has received the defendants' motions for a stay of the April 29, 2024 joint pretrial order deadline pending resolution of the motions for reconsideration. The plaintiff consents to a 21-day extension. The court denies the motions for a stay but grants a 21-day extension. The parties must file a joint pretrial order by May 20, 2024. Ordered by Judge Ann M. Donnelly on 4/25/2024. (HA) (Entered: 04/25/2024) |
| 04/26/2024 | 226 | MEMORANDUM in Opposition re 222 MOTION for Reconsideration re 220 Order on Motion for Summary Judgment,,,,, , 221 Notice of MOTION for Reconsideration re 220 Order on Motion for Summary Judgment,,,,, filed by Josiah Galloway. (Harvis, Gabriel) (Entered: 04/26/2024) |
| 05/03/2024 | 227 | REPLY to Response to Motion re 222 MOTION for Reconsideration re 220 Order on Motion for Summary Judgment,,,,, filed by Detective Kevin Cunningham (Shield #112), P.O. Steven Horowitz (Shield #144), Incorporated Village of Hempstead, Joseph Sortino. (Garry, William) (Entered: 05/03/2024) |
| 05/03/2024 | 228 | REPLY in Support re 221 Notice of MOTION for Reconsideration re 220 Order on Motion for Summary Judgment,,,,, *Reply Memorandum of Law in further support of County defendants' Motion for Reconsideration of Court's Summary Judgement Decision* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Vitagliano, John) (Entered: 05/03/2024) |
| 05/16/2024 | | SCHEDULING ORDER: The Court sua sponte extends the deadline for the parties to file a joint pretrial order to June 17, 2024. Ordered by Judge Ann M. Donnelly on 5/16/2024. (HA) (Entered: 05/16/2024) |
| 06/11/2024 | 229 | MEMORANDUM DECISION AND ORDER. The County's motion for reconsideration is denied, and the Village defendants' motion for reconsideration is granted. Horowitz and the Village of Hempstead are dismissed as defendants in this case.In light of the Court's decision to dismiss parties from this case, the deadline for the parties to file a joint pretrial order is extended to July 15, 2024. Ordered by Judge Ann M. Donnelly on 6/11/2024. (DG) (Entered: 06/12/2024) |
| 06/17/2024 | 230 | NOTICE of Appearance by Judy Selmeci on behalf of County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834) (aty to be noticed) (Selmeci, Judy) (Entered: 06/17/2024) |
| 06/21/2024 | 231 | NOTICE OF INTERLOCUTORY APPEAL as to 220 Order on Motion for Summary Judgment,,,,, by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Detecitve Ronald Lipson |

| | | |
|---|---|---|
| | | (Shield #1296), Detective Matthew Ross (Shield #834). Filing fee $ 605; receipt number ANYEDC-18001231. Appeal Record due by 9/20/2024. (Selmeci, Judy) (Entered: 06/21/2024) |
| 06/24/2024 | | Electronic Index to Record on Appeal sent to US Court of Appeals. 231 Notice of Interlocutory Appeal, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (VJ) (Entered: 06/24/2024) |
| 06/25/2024 | 232 | Letter MOTION for Declaratory Judgment *(respectfully requesting that the Court certify defendants' interlocutory appeal as frivolous)* by Josiah Galloway. (Attachments: # 1 Exhibit Decision dismissing appeal in Walker v. Greenburgh) (Harvis, Gabriel) (Entered: 06/25/2024) |
| 06/25/2024 | | SCHEDULING ORDER: The Court has received the plaintiff's 232 letter motion requesting the Court to certify the defendants' interlocutory appeal as frivolous. The defendants must file a response, not to exceed 4 pages, by July 10, 2024. The Court will hold a motion hearing on July 17, 2024 at 2:30 p.m. in Courtroom 4G North. Ordered by Judge Ann M. Donnelly on 6/25/2024. (HA) (Entered: 06/25/2024) |
| 07/10/2024 | 233 | RESPONSE in Opposition re 232 Letter MOTION for Declaratory Judgment *(respectfully requesting that the Court certify defendants' interlocutory appeal as frivolous)* filed by County of Nassau, Detective Thomas D'Luginski (Shield #7900), Detective George Darienzo (Shield #1038), Detective Charles DeCaro (Shield #1047), Detecitve Ronald Lipson (Shield #1296), Detective Matthew Ross (Shield #834). (Attachments: # 1 Exhibit Davis v. NYC - appellant's form C) (Selmeci, Judy) (Entered: 07/10/2024) |
| 07/12/2024 | | SCHEDULING ORDER: The deadline for the parties to file a joint pretrial order is stayed pending resolution of the plaintiff's 232 motion for the Court to certify the defendants' interlocutory appeal as frivolous. Ordered by Judge Ann M. Donnelly on 7/12/2024. (HA) (Entered: 07/12/2024) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/13/2024 14:31:48 | | | |
| PACER Login: | Jselmeci | Client Code: | 12473.00047 |
| Description: | Docket Report | Search Criteria: | 2:19-cv-05026-AMD-JMW |
| Billable Pages: | 30 | Cost: | 3.00 |

# Exhibit D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
**JOSIAH GALLOWAY**,                                           :
                                                               :
                              Plaintiff,                       :
                                                               :   **MEMORANDUM DECISION AND**
             – against –                                       :   **ORDER**
                                                               :
                                                               :   19-CV-5026 (AMD) (JMW)
**COUNTY OF NASSAU**, *et al.*,                                :
                                                               :
                              Defendants.                      :
                                                               :
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

Before the Court are the County defendants'[1] and the Village defendants'[2] motions under

Federal Rule of Civil Procedure 60(b) and Local Rule 6.3 for reconsideration of and relief from

the Court's March 29, 2024 memorandum decision and order denying in part and granting in part

the defendants' motions for summary judgment. For the reasons explained below, the Village

defendants' motion is granted and the County defendants' motion is denied.

## BACKGROUND

The Court assumes familiarity with the underlying facts and procedural history of this

case, which are discussed in detail in the Court's March 29, 2024 memorandum decision and

order denying in part and granting in part the defendants' motions for summary judgment. (*See*

ECF No. 220 at 2–14.) The Court granted summary judgment to the County and Village

defendants as to the plaintiff's false imprisonment, unlawful detention, conspiracy, and *Monell*

claims. The Court denied summary judgment as to the fair trial claims (which the plaintiff

---

[1] The "County defendants" are Nassau County, the NCPD, and Detectives Charles DeCaro, Thomas
 D'Luginski, George Darienzo, Matthew Ross, and Ronald Lipson.

[2] The "Village defendants" are the Village of Hempstead and Police Officer Steven Horowitz.

advanced under three theories — fabrication of evidence, unduly suggestive identification procedures, and suppression of exculpatory evidence), state and federal malicious prosecution claims, and failure-to-intervene claims. The Court also deferred ruling on qualified immunity pending resolution of the factual disputes in this case.

The following claims remain in this lawsuit: (1) a 42 U.S.C. § 1983 malicious prosecution claim against Police Officer Horowitz and Detectives DeCaro, Darienzo, Lipson, and D'Luginski; (2) a § 1983 fair trial claim alleging fabrication of evidence, unduly suggestive identification procedures, and *Brady* violations against all individually named defendants: Police Officer Horowitz and Detectives Ross, DeCaro, Lipson, D'Luginski, and Darienzo; (3) a New York state law claim for malicious prosecution against Nassau County and the Village of Hempstead; and (4) a § 1983 claim for failure to intervene against all individually named defendants.

Both the County defendants and the Village defendants filed motions for reconsideration. (*See* ECF Nos. 221, 222.)

## LEGAL STANDARD

Rule 60(b) allows the Court to relieve a party from an order in the following circumstances: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion for reconsideration should be granted only where the moving party demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision." *McAnaney v. Astoria Fin. Corp.*, 233 F.R.D.

285, 287 (E.D.N.Y. 2005) (citation omitted).  "Reconsideration may also be granted to 'correct a

clear error or prevent manifest injustice.'"  *Suarez v. Big Apple Car, Inc*., No. 15-CV-5330, 2017

WL 9400686, at *1 (E.D.N.Y. Dec. 1, 2017) (quoting *Doe v. N.Y.C. Dep't of Soc. Servs*., 709

F.2d 782, 789 (2d Cir. 1983)).  "However, a party cannot 'rel[y] on different facts and alternative

arguments to seek reconsideration.'"  *Id*. (quoting *Nimkoff Rosenfeld & Schechter, LLP v. RKO

Props., Ltd.*, No. 07-CV-7983, 2017 WL 4129644, at *8 (S.D.N.Y. Sept. 18, 2017)).  Thus, "[a]

Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."

*Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir.

2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

## DISCUSSION

**I.   The Village Defendants' Motion for Reconsideration**

The Village defendants argue that the Court should have granted summary judgment as to

Horowitz — the only individually named Village defendant remaining in the lawsuit other than

the municipality.  (ECF No. 222-1.)  After careful consideration of the submissions, the Court

concludes that the Village defendants are correct.

It is undisputed that Horowitz's participation was limited.  He responded to the scene of

the Anyosa shooting, was present when the plaintiff was arrested, was present with Lipson when

Hernandez looked at the photo array, and testified in the grand jury only about responding to the

scene of the Anyosa shooting.  (ECF No. 220 at 4, 8; ECF No. 194-7 at 28–30; Pl. 56.1 ¶ 367.)

For purposes of this lawsuit, only the circumstances of the Hernandez photo array are relevant in

determining whether there are factual disputes about Horowitz's participation in the alleged

constitutional violation.  Specifically, the only question is whether Horowitz or Lipson told

Hernandez that "they had the person who was the cause of the incident" before they showed

Hernandez the photo array.  (*See* ECF No. 220 at 25 (quoting ECF No. 194-29 at 31).)  Drawing

all inferences in favor of the plaintiff, the non-moving party, the Court explained in the summary judgment order that commenting that someone was in custody, standing alone, did not render the photo array identification procedure unduly suggestive.  (ECF No. 220 at 26 (collecting cases).)

Accordingly, even if the plaintiff could show at trial that it was Horowitz who told Hernandez that a suspect was in custody before they showed him the photo array, that would not be enough to support fair trial or malicious prosecution claims against Horowitz.  Additionally, given Horowitz's limited involvement, the Court finds that Horowitz did not have "a realistic opportunity to intervene and prevent" violations of the plaintiff's constitutional rights that may have occurred at other points during the investigation and prosecution.  *Demosthene v. City of New York*, 831 F. App'x 530, 535 (2d Cir. 2020) (affirming dismissal of excessive force and failure-to-intervene claims against a detective who was not present when alleged constitutional violations occurred).

Summary judgment is therefore granted as to all claims against Horowitz — the § 1983 malicious prosecution claim, the § 1983 fair trial claim, and the § 1983 claim for failure to intervene — and Horowitz is dismissed as a defendant in this lawsuit.  Because the malicious prosecution claim against Horowitz is dismissed, summary judgment is also proper as to the New York state law claim for malicious prosecution brought against the Village of Hempstead, because no relevant conduct can be attributed to the municipality under a *respondeat superior* theory or otherwise.  *See Bailey v. City of New York*, 79 F. Supp. 3d 424, 451 (E.D.N.Y. 2015). The Village of Hempstead is thus also dismissed as a defendant in this lawsuit.

## II.     The County Defendants' Motion for Reconsideration[3]

### a.     General Challenge to Fair Trial, Malicious Prosecution, and Failure-to-Intervene Claims

One of the themes the County presses in seeking reconsideration is that the defendants cannot be held liable if they were not physically present for certain conduct.  The County argues that:

- Ross cannot be held liable for any alleged constitutional violations that occurred before the line-up.  (ECF No. 221-1 at 13.)
- Lipson, DeCaro, and Darienzo cannot be held liable for any alleged constitutional violation associated with the line-up.  (*Id.* at 13–14.)
- D'Luginski cannot be held liable for any alleged constitutional violation associated with Ogletree's statement.  (*Id.* at 17.)
- Darienzo, D'Luginski, and DeCaro cannot be held liable for any alleged constitutional violation associated with the photo array.  (*Id.* at 20.)

These arguments do not address an error in the Court's summary judgment order.  As the plaintiff points out, the Court accounted for these unremarkable propositions in its order.  (*See* ECF No. 226 at 7.)

The plaintiff claims that each defendant violated his right to a fair trial and posits three theories of liability: fabrication of evidence, unduly suggestive identification procedures, and suppression of exculpatory evidence.  But not every theory of liability applies to each defendant, because not every defendant was present for each relevant act underlying certain theories of liability.  However, at least one theory of liability applies to each fair trial claim against each County defendant, which is sufficient to survive summary judgment.  There is no reason to dismiss an otherwise valid claim even if it was also brought pursuant to an irrelevant theory of liability.  *See Johnston v. Cnty. of Sonoma*, No. 10-CV-03592, 2011 WL 855934, at *4 (N.D.

---

[3] The County defendants divide and repeat arguments in different sections of their briefing.  For purposes of efficiency and clarity, the Court has reordered and consolidated the arguments.

Cal. Mar. 9, 2011) (rejecting similar argument where "each cause of action" had "a legal basis" even though the plaintiff had also "pleaded certain legal bases for those claims that are not applicable"). Accordingly, there are no fair trial claims that should have been entirely dismissed for the County defendants, and thus no error to correct.[4]

Similarly, the County defendants argue that the defendants cannot be held liable for failing to intervene in acts in which they were not involved or for which they were not present. This point, too, is as obvious as it is correct. Drawing all inferences in the plaintiff's favor, because each defendant was present for at least one alleged violation and *could* have intervened, there are no failure-to-intervene claims to dismiss.

### b. Specific Challenges to the Court's Denial of Summary Judgment on the Fair Trial Claims

#### i. *Magliaro Affidavit*

The County defendants repeat their argument that Lori Magliaro's affidavit is "unreliable," and that "[a]dditional evidence" of the affidavit's unreliability "surfaced on March 13, 2024, . . . as Thomas Liotti, the (former) attorney who drafted and prepared this affidavit, was suspended from the practice of law due [to] his misconduct while acting in his capacity as an attorney." (ECF No. 221-1 at 14–15 (citing *Matter of Liotti*, 2024 N.Y. App. Div. LEXIS 1286, 2024 NY Slip Op. 01310 (2d Dep't Mar. 13, 2024).) Liotti was suspended for making insulting remarks about opposing counsel and a judge in another matter, which has nothing to do with this case or Magliaro's affidavit. *Matter of Liotti*, 2024 N.Y. App. Div. LEXIS 1286. Liotti's suspension is therefore not material and does not warrant granting the defendant's motion. *See Hanover Ins. Co. v. Weirfield Coal, Inc.*, No. 19-CV-04456, 2022 WL 21296023, at *1

---

[4] For these same reasons, there are no malicious prosecution claims to dismiss. Obviously, the defendants cannot be liable for conduct in which they had no involvement, but there are no claims to dismiss entirely.

(E.D.N.Y. May 26, 2022) (when a party seeks reconsideration based on new evidence "the new evidence must be of such importance that it probably would have changed the outcome of the prior ruling" (cleaned up)).

The County defendants argue that Magliaro's affidavit contains inadmissible hearsay and that "she is not competent to testify as to the matters asserted in the affidavit." (ECF No. 221-1 at 15.) This argument is without merit. According to Magliaro, Ross made admissions to her, which are not hearsay. (ECF No. 220 at 10–11); *see* Fed. R. Evid. 801(d)(2)(A) (admission of an opposing party is not hearsay).[5]

Accordingly, the Court declines to dismiss the claims related to Magliaro's affidavit.

### ii. *Fair Trial Claim Based on the Line-Up Procedure*

The County defendants argue that the Court was wrong to conclude that "there are disputes of material fact about whether Detective Ross used otherwise acceptable line-up procedures with the intent to conceal the plaintiff's height and deprive him of a fair trial," because the Court also "found that the line-up procedures employed were not unduly suggestive." (ECF No. 221-1 at 15–16 (citing ECF No. 220 at 23).) Thus, they say, "Ross should be dismissed as a named defendant in this lawsuit." (*Id.*)

This argument is unpersuasive. The Court found the measures employed in the line-up — having the participants seated, wearing hats, and covered by a sheet, as well as having the plaintiff seated on telephone books to minimize any height differences — were not, by themselves, unduly suggestive. But the plaintiff did not argue that the line-up procedure was designed to single him out. *Compare Roldan v. Artuz*, 78 F. Supp. 2d 260, 272 (S.D.N.Y. 2000)

---

[5] In addition, the County defendants did not make this argument in their summary judgment briefing, and it is therefore not a proper ground for reconsideration. *See Suarez*, 2017 WL 9400686, at *1 (quoting *Nimkoff*, 2017 WL 4129644, at *8).

(finding a similar line-up procedure was not unduly suggestive where the plaintiff argued he "appeared drastically different from all of the fillers, he was either taller, and or lighter in complexion, heavier in weight, younger than fillers and [his] hair style was totally different"). Rather, the plaintiff maintains that Ross utilized these measures to conceal the features that demonstrated that he was not the person who shot the victim, thereby ensuring a misidentification.  This is a fair trial claim, whether it is categorized under the unduly suggestive identification standard or the fabrication of evidence standard, and there are disputes of material fact that preclude summary judgment.  *See Raheem v. Kelly*, 257 F.3d 122, 133 (2d Cir. 2001) ("Suggestive identification procedures increase the likelihood of misidentification, and it is the likelihood of misidentification which violates a defendant's right to due process." (cleaned up)); *West v. Greiner*, No. 01-CV-1267, 2004 WL 315247, at *5 (E.D.N.Y. Feb. 12, 2004) ("The focus of the [unduly suggestive identification procedure] inquiry is not whether the suspect has a distinctive feature not shared by the other participants, but whether that feature matches the description provided by the witness."); *see also Kee v. City of New York*, 12 F.4th 150, 168 (2d Cir. 2021) (a plaintiff bringing a fabrication of evidence claim must show that "(1) the officer created false information, (2) the officer forwarded the false information to prosecutors, (3) the false information was likely to influence a jury's decision, and (4) the plaintiff suffered a deprivation of life, liberty, or property as a result of the officer's actions"); *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016) ("[A]ny information fabricated by an officer can serve as the basis of a claim for a denial of the right to a fair trial." (emphasis omitted)).

Moreover, there are factual disputes about Ross's ability to intervene and the extent to which he made suggestive comments during the line-up procedure.  (*See* ECF No. 220 at 26.)

Accordingly, the Court declines to dismiss the fair trial claim against Ross or to dismiss Ross from this action.

### iii. Ogletree Statement

The County defendants renew their argument that Ogletree's testimony at the plaintiff's criminal trial would be inadmissible at a trial in this matter, and thus cannot be the basis for denying summary judgment. (ECF No. 221-1 at 18–19; *see* ECF No. 192 at 27–28 (County defendants' summary judgment motion).) The Court has considered this argument and rejected it. (ECF No. 220 at 16–20); *see Maldonado*, 490 F. App'x at 406 ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." (citation omitted)).

### iv. Comment to Hernandez Before Photo Array

The County defendants argue that "[n]o defendant can be held liable for the alleged statement to Hernandez regarding a suspect in custody prior to viewing the photo array." (ECF No. 221-1 at 21.) As explained earlier, the Court did not find that any defendant could be liable for that statement alone (ECF No. 220 at 25–26); accordingly, there was no error.

The County defendants also argue that the Court erroneously "merge[d] the photo array (taking place on June 6, 2008) and line-up (taking place on August 14, 2008) together" in determining that "there are issues of fact for all identification procedures administered to Hernandez." (ECF No. 221-1 at 21.) The Court did not "merge" these identification procedures; rather, in a separate paragraph, the Court found that, drawing all inferences in favor of the plaintiff, a jury could find that a detective present for the line-up — including Ross or D'Luginski — told Hernandez he selected the "right person," a statement which could have tainted future identification procedures. (ECF No. 220 at 26.) Accordingly, summary judgment is not appropriate.

v.    *Other Comments to Hernandez and Anyosa During the Identification Procedures*

Next, the County defendants reiterate their arguments, which the Court also considered and rejected, that the Court should dismiss allegations of suggestive comments to Anyosa and Hernandez during the photo array and the line-up as "mere speculation." (ECF No. 221-1 at 22; *see also* ECF No. 210 at 22 (County defendants' summary judgment reply brief).) They maintain that the Court should reject as speculative Hernandez's deposition testimony that a detective told him that he identified the right person at the line-up. (ECF No. 221-1 at 23.) In addition, the defendants say that the Court "cherrypicked Anyosa's deposition testimony inferring that Lipson allegedly told Anyosa that Hernandez had selected the right person." (*Id.*) In fact, it is not "cherrypicking" to draw all inferences in the nonmovant's favor; that is what the Court must do on summary judgment. *See Tracy v. Freshwater*, 623 F.3d 90, 95 (2d Cir. 2010). In any case, the Court already considered these arguments and found them unpersuasive. *See Maldonado*, 490 F. App'x at 406.

The County defendants also argue that "[w]ith respect to the allegation that Lipson told Anyosa that he selected the right guy after Anyosa selected plaintiff from the photo array, ADA Anania's notes, as previously relayed to this Court are inadmissible hearsay that lack[] all guarantees of trustworthiness." (ECF No. 221-1 at 23 (citing ECF No. 210 at 10–11, and ECF No. 192 at 18 n.7).) As the County defendants acknowledge, they already made this argument and were not successful. *See Maldonado*, 490 F. App'x at 406. In any event, the argument is meritless because the Court can consider ADA Anania's notes on summary judgment. *See Murphy v. Metro. Transp. Auth.*, 548 F. Supp. 2d 29, 43–44 (S.D.N.Y. 2008) (the plaintiff "adduced enough evidence to survive [a] summary judgment motion" where he "appear[ed] able

10

to identify and subpoena all of the relevant declarants," and those "individuals may be called at trial to testify").

### vi.     Whether Lipson Showed Anyosa Multiple Arrays

In another effort to relitigate an issue the Court decided, the defendants repeat their argument that Anyosa's testimony was "too speculative" to determine whether he saw more than one photo array and did not identify the plaintiff in one of them.  (ECF No. 221-1 at 24; *see* Pl. 56.1 ¶ 703 (the defendants' response)); *Maldonado*, 490 F. App'x at 406.  The testimony is not speculative.  Anyosa testified at the plaintiff's criminal trial that Lipson showed him "two or three" sheets of paper with "six pictures" at a time — in other words, more than one array — and that he identified the plaintiff's photograph in only one array; he made no identifications in the one or two other arrays that Lipson showed him.  (ECF No. 194-5 at 456.)  His testimony was supported by Lipson's testimony that he put together two different arrays at DeCaro's request, both of which included the plaintiff's photograph.  (Def. 56.1 ¶¶ 113–19.)  Drawing all inferences in the plaintiff's favor, a jury could find that Anyosa viewed at least two arrays, which included the plaintiff's photograph, and that he did not identify the plaintiff in at least one of them.

The County defendants also argue that Anyosa's failure to identify the plaintiff in a photo array was not material evidence that the prosecution was required to disclose pursuant to *Brady v. Maryland*, 373 U.S. 83, 85 (1963).  On the contrary, identification was a critical issue in this case.  Evidence that an eyewitness did not identify the plaintiff was at the very least material impeachment evidence.  *See Simmons v. Beard*, 590 F.3d 223, 237–38 (3d Cir. 2009) (noting that not disclosing a witness's failure to identify the petitioner in a photo array is a *Brady* violation); *see also Romero v. Beard*, No. 08-CV-0528, 2024 WL 1975475, at *45 (E.D. Pa. May 2, 2024) ("[A] witness's failure to identify a defendant in a photo array is impeachment evidence under

*Brady . . . .*" (citing *Simmons*, 590 F.3d at 237–38 (3d Cir. 2009))).  Accordingly, the Court will

not revisit its decision.

> vii.    *Assessing Reliability of the Identifications*

The Court found that there were material factual disputes about whether various

identification procedures — the photographic arrays and the line-ups — were unduly suggestive.

The County defendants argue that the Court must also determine whether the witnesses'

identifications were nonetheless independently reliable.  The short answer is that the

identifications were obviously not reliable because the plaintiff was not the shooter, a fact which

is undisputed.  In any event, analysis of the factors in *Neil v. Biggers*, 409 U.S. 188, 199–200

(1972) confirms that the Court cannot find the identifications independently reliable.

A court determining whether an identification is independently reliable despite suggestive

identification procedures considers these factors:  (1) "the opportunity of the witness to view the

criminal at the time of the crime," (2) "the witness' degree of attention," (3) "the accuracy of the

witness' prior description of the criminal," (4) "the level of certainty demonstrated by the

witness at the confrontation," and (5) "the length of time between the crime and the

confrontation."  *United States v. Haskins*, No. 21-CR-269, 2022 WL 1460277, at \*12 (E.D.N.Y.

May 9, 2022) (cleaned up).  "None of these factors standing alone is dispositive of the existence

of independent reliability; instead, reliability is assessed in light of the totality of the

circumstances."  *Id.* (citation omitted).

Anyosa and Hernandez had an "opportunity . . . to view the criminal at the time of the

crime" or at least shortly before the shooting when, during the first encounter, the shooter drove

up behind Anyosa and Hernandez, started honking, argued with them for a few minutes, and

drove away.  *Id.*; (*see also* Def. 56.1 ¶¶ 17, 22, 24.)[6]  But that argument lasted only a few

minutes, between midnight and 2:00 a.m.  *Compare Neil v. Biggers*, 409 U.S. 188, 194 (1972)

(unduly suggestive identification was independently reliable where the victim was with her

assailant for almost half an hour, with ample opportunity to face him directly in adequate light).

Anyosa also saw the shooter at 2:00 a.m., when he shot Anyosa in the face.  That

encounter lasted for a few minutes at most, and the circumstances — getting shot in the face at

night — were not conducive to a reliable identification.  *See Haskins*, 2022 WL 1460277, at *9,

13 (identification was not independently reliable where the witness's opportunity to view the

criminal and degree of attention "were hindered by the presence of the gun" as "eyewitnesses

held at gunpoint focus on weapons being pointed at them and thus their recollection of other

details becomes less clear" (citing National Research Council, *Identifying the Culprit: Assessing

Eyewitness Identification* 93 (2014))).

Lipson showed Anyosa and Hernandez a photo array[7] 22 days after the shooting, on June

6, 2008 — at 3:20 a.m. for Hernandez, and 5:00 a.m. for Anyosa, whose jaw was wired shut as

he recovered from surgery.  (Def. 56.1 ¶¶ 142–44; Pl. 56.1 ¶¶ 230, 433.)  *Compare United States

v. Flores*, 855 F. Supp. 638, 639 (S.D.N.Y. 1994) (identifications were independently reliable

where "all the identifications occurred within two days of the alleged crime").

As for "the accuracy of the witness' prior description of the criminal," the defendants, as

noted above, agree that the plaintiff did not shoot Anyosa, so the identifications were obviously

inaccurate.  *Haskins*, 2022 WL 1460277, at *12.  Anyosa told investigators that the shooter was a

5'10" man between 25 and 30 years old who spoke with an accent and had short black hair.  (Pl.

---

[6] The parties do not dispute that the person in this first encounter was the person who shot Anyosa.

[7] As explained above, Anyosa testified at the plaintiff's criminal trial that he looked at more than one
photo array.

56.1 ¶¶ 196–97.)  The plaintiff did not fit that description:  He was 21 years old, 5'5" tall, did not

speak with an accent and wore his hair in braids.  (Pl. 56.1 ¶¶ 287, 379, 517, 633, 663); *see*

*Bolden v. Pesavento*, 623 F. Supp. 3d 897, 917 (N.D. Ill. 2022) (finding a witness's prior

identification unreliable where it did not match the description of the suspect).

 Although this is sufficient to end the inquiry, there is additional evidence of unreliability,

as the parties dispute whether Anyosa looked at more than one array with the plaintiff's picture

and failed to identify him.  *See Bolden*, 623 F. Supp. 3d at 917–18 (finding witness's prior

identification unreliable where under "[t]he fourth factor [regarding] certainty in his

identification," the witness "could not identify Bolden in a photo array"); *Raheem*, 257 F.3d at

138–40 (finding witness's prior identification unreliable where the witness "at first identified no

one").

 In short, drawing all inferences in the plaintiff's favor, the Court cannot conclude that the

identifications were independently reliable.

  **c.** **Specific Challenges to the Court's Denial of Summary Judgment on the Malicious Prosecution Claims**

   *i.* *DeCaro and Darienzo*

 The County Defendants argue that DeCaro and Darienzo are not liable for malicious

prosecution because "it was objectively reasonable for them to rely on the representations of

their fellow officer" and that probable cause independent of fabricated evidence is a defense to

the plaintiff's malicious prosecution claim.  (ECF No. 221-1 at 33 & n.19.)  This, too, is an

attempt to relitigate matters that the Court considered and rejected because material factual

disputes preclude finding probable cause independent of fabricated evidence.  (ECF No. 220 at

36); *see Maldonado*, 490 F. App'x at 406.

ii.    *False Statements Contained in the Felony Complaints*

The County defendants argue that the Court "incorrectly found a material factual dispute related to the information — alleged false statement — contained in the felony complaints, but correctly stated at the March 13, 2024 oral argument that this alleged 'false statement never goes anywhere.'" (ECF No. 221-1 at 34 (citations omitted).) This is not accurate. The allegedly false statement at issue is Ogletree's signed statement implicating the plaintiff. (*See* ECF No. 220 at 18–20, 34–35.) The discussion at oral argument was about a different false statement in the felony complaint — that the plaintiff admitted to DeCaro that he shot Anyosa. (*See* ECF No. 221-1 at 53; ECF No. 220 at 7–8.) The Court did not consider this statement in deciding the summary judgment motion because, as the Court observed at oral argument, it did not "go anywhere." Accordingly, this is not a reason to grant summary judgment.

iii.    *Probable Cause*

The County defendants reiterate their argument that there was probable cause even if the identification procedures in this case were suggestive. (ECF No. 221-1 at 34.) The Court already considered this argument and found it unconvincing. (ECF No. 220 at 36); *see Maldonado*, 490 F. App'x at 406.

**d.    Specific Challenge to the Court's Denial of Summary Judgment on the Failure-to-Intervene Claims**

The County defendants argue that Darienzo's "involvement in the line-up was limited and confined to keeping Hernandez separate from everyone," and that he "would never had known that the plaintiff's rights were allegedly violated, and thus, could not possibly have had a realistic opportunity to intervene." (ECF No. 221-1 at 14.) As the Court already addressed in the summary judgment order, Hernandez testified in his deposition that unnamed detectives may have told him after he identified the plaintiff in the line-up that he selected the right person, but

that he was not completely sure.  (*See* ECF No. 220 at 26 (quoting ECF No. 194-29 at 79–80).)
It is for the jury to determine whether Darienzo participated in or failed to intervene in this
alleged violation.

   **e.    Qualified Immunity**

   The County defendants argue at various points throughout their briefing that the Court
should reconsider its decision to defer ruling on qualified immunity until resolution of the factual
disputes in this case.

   The County defendants argue, without citing the summary judgment order, that "Ross
and all the defendants are entitled to qualified immunity for any conduct associated with, or
practices utilized during, the line-up."  (ECF No. 221-1 at 16–17.)  The Court already considered
and rejected this argument.  (ECF No. 220 at 39–40); *see Maldonado*, 490 F. App'x at 406.

   The County defendants also argue, without citing any case law, that "Lipson and all other
defendants" are entitled to qualified immunity because "in 2008, there was no clearly established
right that a post-identification confirmatory remark by an officer to a witness would violate a
person's constitutional rights."  (ECF No. 221-1 at 28.)  The County defendants state that
"[n]either plaintiff nor this Court can cite to any case, with specific similar facts, that
demonstrates that this conduct was clearly established in 2008."  (*Id.*)  The Court held that it was
clearly established at the time of this investigation and trial that a reasonable official would have
understood that making suggestive comments to witnesses in the process of a photo array or line-
up violated the plaintiff's constitutional right to a fair trial.  (*See* ECF No. 220 at 40 (citing *Thai*,
29 F.3d at 807, 810, and *Solomon v. Smith*, 645 F.2d 1179, 1185 (2d Cir. 1981)).)

   The County defendants also argue that D'Luginski is entitled to qualified immunity for
malicious prosecution because he was "entitled to rely on the allegations of fellow police officers
that Hernandez and Anyosa positively identified plaintiff from the photo arrays," which would

16

have established probable cause. (ECF No. 221-1 at 32.) As discussed above, the Court cannot determine as a matter of law on this record that a reasonable jury would have to find that probable cause existed. (ECF No. 220 at 35.)

The County defendants also argue that DeCaro and Darienzo "cannot be held liable for malicious prosecution, and at the very least, are entitled to qualified immunity" because the "plaintiff was indicted with no evidence regarding Ogletree or his statement presented to the grand jury." (ECF No. 221-1 at 33.) As the Court already held in denying summary judgment, there is a material factual dispute about whether Darienzo and DeCaro coerced Ogletree's false statement and whether DeCaro, who spoke to prosecutors in ECAB and signed the felony complaint, forwarded it to the prosecutors without alerting them to the coercive circumstances surrounding the statement. And the Court found that a reasonable jury could find that the indictment was procured by police conduct undertaken in bad faith. Accordingly, the Court will not reconsider the deferral of the qualified immunity ruling pending resolution of factual disputes.

17

**CONCLUSION**

For these reasons, the County's motion for reconsideration is denied, and the Village defendants' motion for reconsideration is granted.  Horowitz and the Village of Hempstead are dismissed as defendants in this case.

In light of the Court's decision to dismiss parties from this case, the deadline for the parties to file a joint pretrial order is extended to July 15, 2024.


**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge


Dated: Brooklyn, New York
June 11, 2024