**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**ORAL ARGUMENT STATEMENT (Local Rule 34.1(a))**

**TO REQUEST ORAL ARGUMENT, FILL OUT THIS FORM AND FILE IT WITH THE CLERK WITHIN 14 DAYS AFTER THE FILING OF THE LAST APPELLEE BRIEF. IF THIS FORM IS NOT TIMELY FILED, YOU WILL NOT BE PERMITTED TO ARGUE IN PERSON.**

Short Title of Case: _____  Docket No.: _____

Name of Party: _____

Status of Party (e.g., appellant, cross-appellee, etc.): _____

Check one of the three options below:

_____ I want oral argument.

_____ I want oral argument only if at least one other party does.

_____ I do not want oral argument.

> An attorney whose preference depends on whether other attorneys will argue should consider conferring before requesting argument. After the appeal has been scheduled for oral argument, a motion by counsel to forgo oral argument, even on consent, may be denied.

If no party wants oral argument, the case will be decided on the basis of the written briefs. If you want oral argument, you must appear in Court on the date set by the Court for oral argument.

**The Court may determine to decide a case without oral argument even if the parties request it.**

**If you want oral argument**, state the name of the person who will argue:

Name: _____

(An attorney must be admitted to practice before the Court in accordance with Local Rule 46.1.)

**If you want oral argument**, list any dates (including religious holidays), that fall in the interval from 6 to 20 weeks after the due date of this form, that the person who will argue is not available to appear in Court:

_____

_____

**ANYONE WHO WANTS TO ARGUE MUST UPDATE THE COURT IN WRITING OF ANY CHANGE IN AVAILABILITY. THE COURT MAY CONSIDER A FAILURE TO UPDATE ABOUT AVAILABILITY WHEN DECIDING A MOTION TO POSTPONE A SET ARGUMENT DATE.**

**Filed by**:

Print Name: _____  Date: _____

Signature: _____

(Revised December 2011)

**STATEMENT REGARDING ORAL ARGUMENT**

Appellee Josiah Galloway does not believe that oral argument is necessary to resolve this appeal. This is an interlocutory appeal of a routine denial of qualified immunity based upon disputes of fact. *See* Appellee Br., Doc. 69.1 at 14-21. And to whatever extent that Appellants genuinely argue questions of law as to which this Court would have jurisdiction, those questions are neither new nor novel. *See* Appellee Br., Doc. 69.1 at 25-48. For the reasons Appellee discusses more fully in his Brief, this Court should simply affirm the District Court. If the Court believes that oral argument would aid its decisional process, however, counsel for Appellee would be happy to present to assist the Court.